```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/8/19
```

19 CV 02142

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
LEK SECURITIES CORPORATION and
ROX SYSTEMS, INC.

                                                          *Plaintiffs*,

       - against –

NICOLAS LOUIS, JONATHAN FOWLER, VOLANT
HOLDING, LLC d/b/a VOLANT TRADING, VOLANT
TRADING, LLC, VOLANT LIQUIDITY, LLC, AND
VOLANT EXECUTION, LLC.

                                                        *Defendants*.
-------------------------------------------------------------------- x

Case No.: _____

**ORDER TO SHOW CAUSE
FOR PRELIMINARY
INJUNCTION AND
TEMPORARY RESTRAINING
ORDER**

Upon the Declarations of Samuel Lek, Peter Solano, and Christina Dumitrescu, dated March 7, 2019, and upon the Summons, Complaint, and Memorandum of Law it is

ORDERED that the above named Defendants show cause before a motion term of this Court, at Room **178**, United States Courthouse, 500 Pearl Street, in the City, County and State of New York on _____ ____, _____ at _____ o'clock ___, or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure (a) enjoining, during the pendency of this action, Defendants from possessing, accessing or using Plaintiffs' trade secrets, including the source code for its clearing systems; (b) requiring Defendants to immediately return all of Plaintiffs' computers, code, documents and data in their possession; (c) requiring, during the pendency of this action, Defendants to preserve all of Plaintiffs' code, documents and data on any cloud account or other media that cannot be returned immediately to Plaintiffs and to account for the data on such accounts; and (d) ~~enjoining~~ suspending, during the pendency of this action, Defendants Nicolas Louis and Jonathan Fowler from working for Defendants Volant Holding, LLC d/b/a Volant Trading, Volant Trading, LLC, Volant Liquidity, LLC, Volant Execution, LLC (together, the

-1-

"Volant Defendants"), and/or any of their corporate parents, subsidiaries or affiliates, and it is further

ORDERED that, sufficient reason having been shown therefore, pending the hearing of Plaintiffs' application for a preliminary injunction, pursuant to Rule 65, Fed. R. Civ. P. (a) Defendants are temporarily restrained and enjoined from accessing or using Plaintiffs' trade secrets, including the source code for its clearing systems; and (b) Defendants Nicolas Louis and Jonathan Fowler are temporarily restrained and enjoined from working for the Volant Defendants and/or any of their corporate parents, subsidiaries or affiliates; and

ORDERED that Defendants are required to return all of Plaintiffs' computers, devices, code, documents and any other data in their possession, and certify that they have done so, no later than March 14, 2019 at 2 pm; and it is further

ORDERED that Defendants are required to preserve all of Plaintiffs' code, documents and any other data on any cloud account or other media that cannot be returned pursuant to the preceding sentence and to provide Plaintiffs' counsel with a list of such accounts or other media no later than March 14, 2019 at 2 pm; and it is further;

ORDERED that Defendants are required to provide (a) document discovery and interrogatory responses within 10 days of receipt of service of document demands and interrogatories, including, but not limited to, with respect to (1) communications (including, but not limited to, email, texts, messaging applications and phone records) amongst Louis, Fowler and/or any agents of the Volant Defendants since July 16, 2018; (2) any transferring, storing or use of Plaintiffs' information (including, but not limited to, data, software, code, programs, documents, algorithms, and cloud-based accounts) outside of Plaintiffs' control; (3) communications (including, but not limited to, email, texts, messaging applications, and phone

2

records) with or among any agents or employees of the Volant Defendants since July 16, 2018, concerning Louis, Fowler, Plaintiffs, or the creation, improvement, modification, or development of any stock or options clearing operations or any new graphical user interface ("GUI"); and (4) any work performed at or for the benefit of the Volant Defendants on or after July 16, 2018, concerning the creation, improvement, modification, or development of any stock or options clearing operations or any new GUI interface; and (b) deposition testimony within 4 days thereafter; and it is further

ORDERED that security in the amount of $ __10K__ be posted by the Plaintiffs on or before __4:00 PM on 3/11/19__; and it is further

ORDERED that personal service of a copy of this order and all supporting material *service on Individual* submitted to the Court by overnight mail upon the Defendants and their counsel on or before __4:00 PM on 3/11/19__ shall be deemed good and sufficient service thereof; and it is further

ORDERED that opposition papers, if any, are to be served on Plaintiffs' counsel and filed with this Court on or before __4 P.M. on 3/13/19__ + *Response to Pls' document request*; and it is further

ORDERED that reply papers, if any, are to be served on Defendants or Defendants' counsel and filed with this Court on or before __N/A__, _____.

Dated: New York, New York
Issued: __3/8/19__

_____RMB_____
United States District Judge

Ordered that Messrs Louis + Fowler are advised that the Court believes it is in their best interests to retain counsel ASAP + to return to Court on Thursday, 3/14/19 at 2 PM to further discuss the terms of this TRO. All Parties to meet + confer prior to 3/14/19 @ 2PM re: Global settlement of this case.

RMB 3/14/19 @ 2PM