# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

LEK SECURITIES CORPORATION and   :
ROX SYSTEMS, INC.   :
  :
        *Plaintiffs*,   :
  :
     - against –   :
  :
NICOLAS LOUIS, JONATHAN FOWLER, VOLANT   :
HOLDING, LLC d/b/a VOLANT TRADING, VOLANT   :
TRADING, LLC, VOLANT LIQUIDITY, LLC, AND   :
VOLANT EXECUTION, LLC   :
        *Defendants*.   :

------------------------------------------------------------------- x

Case No.: _____

[PROPOSED]

### NOTICE OF RULE 30(b)(6) DEPOSITION OF
### DEFENDANT VOLANT HOLDING, LLC d/b/a VOLANT TRADING

To:   Volant Holding, LLC
      7 World Trade Center
      New York, NY 10007

PLEASE TAKE NOTICE that Plaintiff LEK Securities Corporation ("LSC") hereby

serves notice of its Fed. R. Civ. P. 30(b)(6) deposition of Defendant Volant Holding, LLC d/b/a

Volant Trading ("Volant Holding").  Volant Holding will be examined on an expedited basis on

a date set by the Court on the matters listed on Exhibit A and is required to designate one or

more officers, directors, managing agents, or other persons who consent to testify on its behalf as

to matters known or reasonably available to Volant Holding.  The deposition will begin at 10:00

a.m. at the offices of Dentons US LLP, which are located at 1221 Avenue of the Americas, New

York, New York 10020, or at such other time and/or location as the parties may agree or as the

Court may order.  The deposition testimony will continue until completed and will be recorded

by video and stenographically

Dated:   New York, New York
         March 8, 2019

                                        DENTONS US LLP

                                        By: s/ Brian S. Cousin
                                            Brian S. Cousin, Esq.
                                            Mark M. Meredith, Esq.
                                            Christina S. Dumitrescu, Esq.
                                            1221 Avenue of the Americas
                                            New York, New York 10025
                                            (212) 768-6700

                                        TANNENBAUM  HELPERN  SYRACUSE
                                        & HIRSCHTRITT LLP

                                            Paul D. Sarkozi, Esq.
                                            Carl F. Regelmann, Esq.
                                            Richard W. Trotter, Esq.

                                            900 Third Avenue
                                            New York, New York 10022
                                            (212) 508-6700

                                        *Attorneys for Plaintiffs*


To:
Patrick J. Boyd
The Boyd Law Group PLLC
370 Lexington Avenue, Suite 1012
New York, NY 10017
TEL 212.867.3675 / Direct Dial 212.867.5068 / FAX 212.867.5765
pboyd@theboydlawgroup.com
*Attorney for Jonathan Fowler*

Evan Weintraub, Esq.
WACHTEL MISSRY LLP
One Dag Hammarskjold Plaza
885 Second Avenue | New York, NY 10017
Telephone: (212) 909 - 9519 | Facsimile: (212) 909 - 9422
Email: weintraub@wmllp.com
*Attorney for Nicolas Louis*

**EXHIBIT A**
**DEPOSITION TOPICS**

a)  Communications (including, but not limited to, email, texts, messaging applications and phone records) by, between or among Nicolas Louis ("Louis"), Jonathan Fowler "Fowler") and/or any agents or employees of defendants Volant Holding, Volant Trading, LLC ("Volant Trading"), Volant Liquidity, LLC ("Volant Liquidity"), and/or Volant Execution, LLC ("Volant Execution") (together, "Volant") from January 2018 to the present;

b)  Plaintiffs' proprietary stock and options clearing system, including, but not limited to, the source code or architecture of Plaintiffs' clearing system and technology;

c)  Volant's knowledge or awareness concerning Louis's Non-Compete and Confidentiality Agreement, dated April 1, 2004; and Fowler's Non-Compete and Confidentiality Agreements, dated October 10, 2011, as described in paragraphs 88-93 and 95-104 of the Complaint, including, but not limited to, (i) the obligation of both Louis and Fowler not to compete for a period of 18 months from the termination of their employment with LSC; (ii) Louis and Fowler's acknowledgment under their respective Non-Compete and Confidentiality Agreements that LSC's computer products, operational methods, and business affairs were "Confidential Information," "not readily available to the public," and constituted "trade secrets" of LSC; (iii) that under the respective Non-Compete and Confidentiality Agreements Louis and Fowler would each keep LSC's Confidential Information secret, not reveal it outside of the company, would not make use of the Confidential Information for their own purposes or for the benefit of anyone other than LSC, and, upon termination of their engagements with LSC, would return all software, data, and documents relating to LSC's Confidential Information in their possession; and (iv) the dates on which Volant became aware of Louis and Fowler's obligations under the respective Non-Compete and Confidentiality Agreements.

d)  Fowler and/or Louis's use of Microsoft Azure as described in paragraphs 137-146 of the Complaint;

e)  Plaintiffs' copyright registration concerning the Plaintiffs' clearing system's software and source code and any use or copying of Plaintiff's copyrighted material by any defendants as described in paragraphs 78, 181-185 of the Complaint;

f)  Any transferring, storing, using or receiving of Plaintiffs' information including, but not limited to, data, software, source code, programs, documents, algorithms, and cloud-based accounts, by defendants acting outside of Plaintiffs' control;

g)  (i) The hiring, or consideration of hiring, of Louis or Fowler by Volant; (ii) Plaintiffs, their business, and their clearing system; and/or (iii) any work performed by, on behalf of, or at the request of, Louis and/or Fowler for the benefit of Volant on or after July 13, 2018 concerning the plan for, creation, improvement, modification, or development of

any stock or options clearing operations or any new graphical user interface ("GUI") interface;

h)   The retention by Louis or Fowler after the termination of their employment from LSC on July 13, 2018 of any of Plaintiffs' documents, software, or data, including, but not limited to, any confidential, proprietary and/or trade secret information relating to computer technology, software, source code, or business strategy.

i)   Communications between or among (i) Fowler, Louis, or their counsel, on the one hand, and (ii) Howard Schiffman or Schulte, Roth and Zabel LLP, on the other hand, on or after July 13, 2018.

j)   Volant Holding's business plans related to stock and options clearing.

k)   Communications on or after November 1, 2017 between or among Fowler, Louis and B. Riley Capital Management, LLC ("B. Riley Capital"), and B. Riley FBR, Inc. ("FBR", together with B. Riley Capital, "B. Riley"), their predecessors, successors, representatives, attorneys, employees, agents, contractors, or any other person or entity acting or purporting to act on its behalf, regardless of the nature of remuneration, if any, or the means or extent of control including, but not limited to, their affiliates or partners.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

LEK SECURITIES CORPORATION and : 
ROX SYSTEMS, INC. :               Case No.: _____
:
                           *Plaintiffs*, :
:                                 [PROPOSED]
     - against – :
:
NICOLAS LOUIS, JONATHAN FOWLER, VOLANT :
HOLDING, LLC d/b/a VOLANT TRADING, VOLANT :
TRADING, LLC, VOLANT LIQUIDITY, LLC, AND :
VOLANT EXECUTION, LLC :
                           *Defendants*. :

------------------------------------------------------------------- x

## NOTICE OF RULE 30(b)(6) DEPOSITION OF
## DEFENDANT VOLANT TRADING, LLC

To:    Volant Trading, LLC
       250 Vesey Street, Suite 2601
       New York, NY 10281

        PLEASE TAKE NOTICE that Plaintiff LEK Securities Corporation ("LSC") hereby

serves notice of its Fed. R. Civ. P. 30(b)(6) deposition of Defendant Volant Trading, LLC

("Volant Trading").  Volant Trading will be examined on an expedited basis on a date set by the

Court on the matters listed on Exhibit A and is required to designate one or more officers,

directors, managing agents, or other persons who consent to testify on its behalf as to matters

known or reasonably available to Volant Trading.  The deposition will begin at 10:00 a.m. at the

offices of Dentons US LLP, which are located at 1221 Avenue of the Americas, New York, New

York 10020, or at such other time and/or location as the parties may agree or as the Court may

order.  The deposition testimony will continue until completed and will be recorded by video and

stenographically.

Dated:    New York, New York
          March 8, 2019

DENTONS US LLP

By: s/ Brian S. Cousin
    Brian S. Cousin, Esq.
    Mark M. Meredith, Esq.
    Christina S. Dumitrescu, Esq.
    1221 Avenue of the Americas
    New York, New York 10025
    (212) 768-6700

TANNENBAUM  HELPERN  SYRACUSE
& HIRSCHTRITT LLP

Paul D. Sarkozi, Esq.
Carl F. Regelmann, Esq.
Richard W. Trotter, Esq.

900 Third Avenue
New York, New York 10022
(212) 508-6700

*Attorneys for Plaintiffs*

To:
Patrick J. Boyd
The Boyd Law Group PLLC
370 Lexington Avenue, Suite 1012
New York, NY 10017
TEL 212.867.3675 / Direct Dial 212.867.5068 / FAX 212.867.5765
pboyd@theboydlawgroup.com
*Attorney for Jonathan Fowler*

Evan Weintraub, Esq.
WACHTEL MISSRY LLP
One Dag Hammarskjold Plaza
885 Second Avenue | New York, NY 10017
Telephone: (212) 909 - 9519 | Facsimile: (212) 909 - 9422
Email: weintraub@wmllp.com
*Attorney for Nicolas Louis*

**EXHIBIT A**
**DEPOSITION TOPICS**

a)  Communications (including, but not limited to, email, texts, messaging applications and phone records) by, between or among Nicolas Louis ("Louis"), Jonathan Fowler "Fowler") and/or any agents or employees of defendants Volant Holding, Volant Trading, LLC ("Volant Trading"), Volant Liquidity, LLC ("Volant Liquidity"), and/or Volant Execution, LLC ("Volant Execution") (together, "Volant") from January 2018 to the present;

b)  Plaintiffs' proprietary stock and options clearing system, including, but not limited to, the source code or architecture of Plaintiffs' clearing system and technology;

c)  Volant's knowledge or awareness concerning Louis's Non-Compete and Confidentiality Agreement, dated April 1, 2004; and Fowler's Non-Compete and Confidentiality Agreements, dated October 10, 2011, as described in paragraphs 88-93 and 95-104 of the Complaint, including, but not limited to, (i) the obligation of both Louis and Fowler not to compete for a period of 18 months from the termination of their employment with LSC; (ii) Louis and Fowler's acknowledgment under their respective Non-Compete and Confidentiality Agreements that LSC's computer products, operational methods, and business affairs were "Confidential Information," "not readily available to the public," and constituted "trade secrets" of LSC; (iii) that under the respective Non-Compete and Confidentiality Agreements Louis and Fowler would each keep LSC's Confidential Information secret, not reveal it outside of the company, would not make use of the Confidential Information for their own purposes or for the benefit of anyone other than LSC, and, upon termination of their engagements with LSC, would return all software, data, and documents relating to LSC's Confidential Information in their possession; and (iv) the dates on which Volant became aware of Louis and Fowler's obligations under the respective Non-Compete and Confidentiality Agreements.

d)  Fowler and/or Louis's use of Microsoft Azure as described in paragraphs 137-146 of the Complaint;

e)  Plaintiffs' copyright registration concerning the Plaintiffs' clearing system's software and source code and any use or copying of Plaintiff's copyrighted material by any defendants as described in paragraphs 78, 181-185 of the Complaint;

f)  Any transferring, storing, using or receiving of Plaintiffs' information including, but not limited to, data, software, source code, programs, documents, algorithms, and cloud-based accounts, by defendants acting outside of Plaintiffs' control;

g)  (i) The hiring, or consideration of hiring, of Louis or Fowler by Volant; (ii) Plaintiffs, their business, and their clearing system; and/or (iii) any work performed by, on behalf of, or at the request of, Louis and/or Fowler for the benefit of Volant on or after July 13, 2018 concerning the plan for, creation, improvement, modification, or development of

3

any stock or options clearing operations or any new graphical user interface ("GUI") interface;

h) The retention by Louis or Fowler after the termination of their employment from LSC on July 13, 2018 of any of Plaintiffs' documents, software, or data, including, but not limited to, any confidential, proprietary and/or trade secret information relating to computer technology, software, source code, or business strategy.

i) Communications between or among (i) Fowler, Louis, or their counsel, on the one hand, and (ii) Howard Schiffman or Schulte, Roth and Zabel LLP, on the other hand, on or after July 13, 2018.

j) Volant Trading's business plan's related to stock and options clearing.

k) Communications on or after November 1, 2017 between or among Fowler, Louis and B. Riley Capital Management, LLC ("B. Riley Capital"), and B. Riley FBR, Inc. ("FBR", together with B. Riley Capital, "B. Riley"), their predecessors, successors, representatives, attorneys, employees, agents, contractors, or any other person or entity acting or purporting to act on its behalf, regardless of the nature of remuneration, if any, or the means or extent of control including, but not limited to, their affiliates or partners.

110416120

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

LEK SECURITIES CORPORATION and                     :
ROX SYSTEMS, INC.                                  :
                                                   :          Case No.: _____
                                      *Plaintiffs*, :
                                                   :              [PROPOSED]
             - against –                           :
                                                   :
NICOLAS LOUIS, JONATHAN FOWLER, VOLANT             :
HOLDING, LLC d/b/a VOLANT TRADING, VOLANT          :
TRADING, LLC, VOLANT LIQUIDITY, LLC, AND           :
VOLANT EXECUTION, LLC                              :
                                    *Defendants*.   :

---------------------------------------------------------------- x

**NOTICE OF RULE 30(b)(6) DEPOSITION OF
DEFENDANT VOLANT LIQUIDITY, LLC**

To:     Volant Liquidity, LLC
        250 Vesey Street, Suite 2601
        New York, NY 10281

        PLEASE TAKE NOTICE that Plaintiff LEK Securities Corporation ("LSC") hereby

serves notice of its Fed. R. Civ. P. 30(b)(6) deposition of Defendant Volant Liquidity, LLC

("Volant Liquidity").  Volant Liquidity will be examined on an expedited basis on a date set by

the Court on the matters listed on Exhibit A and is required to designate one or more officers,

directors, managing agents, or other persons who consent to testify on its behalf as to matters

known or reasonably available to Volant Liquidity.  The deposition will begin at 10:00 a.m. at

the offices of Dentons US LLP, which are located at 1221 Avenue of the Americas, New York,

New York 10020, or at such other time and/or location as the parties may agree or as the Court

may order.  The deposition testimony will continue until completed and will be recorded by

video and stenographically.

Dated:   New York, New York
            March 8, 2019

                                    DENTONS US LLP

                                    By: s/ Brian S. Cousin
                                        Brian S. Cousin, Esq.
                                        Mark M. Meredith, Esq.
                                        Christina S. Dumitrescu, Esq.
                                        1221 Avenue of the Americas
                                        New York, New York 10025
                                        (212) 768-6700

                                  TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT LLP

                                    Paul D. Sarkozi, Esq.
                                    Carl F. Regelmann, Esq.
                                    Richard W. Trotter, Esq.

                                  900 Third Avenue
                                  New York, New York 10022
                                  (212) 508-6700

                                *Attorneys for Plaintiffs*

To:
Patrick J. Boyd
The Boyd Law Group PLLC
370 Lexington Avenue, Suite 1012
New York, NY 10017
TEL 212.867.3675 / Direct Dial 212.867.5068 / FAX 212.867.5765
pboyd@theboydlawgroup.com
*Attorney for Jonathan Fowler*

Evan Weintraub, Esq.
WACHTEL MISSRY LLP
One Dag Hammarskjold Plaza
885 Second Avenue | New York, NY 10017
Telephone: (212) 909 - 9519 | Facsimile: (212) 909 - 9422
Email: weintraub@wmllp.com
*Attorney for Nicolas Louis*

**EXHIBIT A**
**DEPOSITION TOPICS**

a) Communications (including, but not limited to, email, texts, messaging applications and phone records) by, between or among Nicolas Louis ("Louis"), Jonathan Fowler "Fowler") and/or any agents or employees of defendants Volant Holding, Volant Trading, LLC ("Volant Trading"), Volant Liquidity, LLC ("Volant Liquidity"), and/or Volant Execution, LLC ("Volant Execution") (together, "Volant") from January 2018 to the present;

b) Plaintiffs' proprietary stock and options clearing system, including, but not limited to, the source code or architecture of Plaintiffs' clearing system and technology;

c) Volant's knowledge or awareness concerning Louis's Non-Compete and Confidentiality Agreement, dated April 1, 2004; and Fowler's Non-Compete and Confidentiality Agreements, dated October 10, 2011, as described in paragraphs 88-93 and 95-104 of the Complaint, including, but not limited to, (i) the obligation of both Louis and Fowler not to compete for a period of 18 months from the termination of their employment with LSC; (ii) Louis and Fowler's acknowledgment under their respective Non-Compete and Confidentiality Agreements that LSC's computer products, operational methods, and business affairs were "Confidential Information," "not readily available to the public," and constituted "trade secrets" of LSC; (iii) that under the respective Non-Compete and Confidentiality Agreements Louis and Fowler would each keep LSC's Confidential Information secret, not reveal it outside of the company, would not make use of the Confidential Information for their own purposes or for the benefit of anyone other than LSC, and, upon termination of their engagements with LSC, would return all software, data, and documents relating to LSC's Confidential Information in their possession; and (iv) the dates on which Volant became aware of Louis and Fowler's obligations under the respective Non-Compete and Confidentiality Agreements.

d) Fowler and/or Louis's use of Microsoft Azure as described in paragraphs 137-146 of the Complaint;

e) Plaintiffs' copyright registration concerning the Plaintiffs' clearing system's software and source code and any use or copying of Plaintiff's copyrighted material by any defendants as described in paragraphs 78, 181-185 of the Complaint;

f) Any transferring, storing, using or receiving of Plaintiffs' information including, but not limited to, data, software, source code, programs, documents, algorithms, and cloud-based accounts, by defendants acting outside of Plaintiffs' control;

g) (i) The hiring, or consideration of hiring, of Louis or Fowler by Volant; (ii) Plaintiffs, their business, and their clearing system; and/or (iii) any work performed by, on behalf of, or at the request of, Louis and/or Fowler for the benefit of Volant on or after July 13, 2018 concerning the plan for, creation, improvement, modification, or development of

any stock or options clearing operations or any new graphical user interface ("GUI") interface;

h)   The retention by Louis or Fowler after the termination of their employment from LSC on July 13, 2018 of any of Plaintiffs' documents, software, or data, including, but not limited to, any confidential, proprietary and/or trade secret information relating to computer technology, software, source code, or business strategy.

i)   Communications between or among (i) Fowler, Louis, or their counsel, on the one hand, and (ii) Howard Schiffman or Schulte, Roth and Zabel LLP, on the other hand, on or after July 13, 2018.

j)   Volant Liquidity's business plans related to stock and options clearing.

k)   Communications on or after November 1, 2017 between or among Fowler, Louis and B. Riley Capital Management, LLC ("B. Riley Capital"), and B. Riley FBR, Inc. ("FBR", together with B. Riley Capital, "B. Riley"), their predecessors, successors, representatives, attorneys, employees, agents, contractors, or any other person or entity acting or purporting to act on its behalf, regardless of the nature of remuneration, if any, or the means or extent of control including, but not limited to, their affiliates or partners.

110416123

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- x

LEK SECURITIES CORPORATION and          :
ROX SYSTEMS, INC.                       :          Case No.: _____
                                        :
                          *Plaintiffs*, :
                                        :          [PROPOSED]
          - against –                   :
                                        :
NICOLAS LOUIS, JONATHAN FOWLER, VOLANT  :
HOLDING, LLC d/b/a VOLANT TRADING, VOLANT :
TRADING, LLC, VOLANT LIQUIDITY, LLC, AND :
VOLANT EXECUTION, LLC                   :
                          *Defendants*. :

----------------------------------------------------------------- x

## NOTICE OF RULE 30(b)(6) DEPOSITION OF
## DEFENDANT VOLANT EXECUTION, LLC

To:     Volant Execution, LLC
        233 S. Wacker Dr., Suite 4040
        Chicago, IL 60606

        PLEASE TAKE NOTICE that Plaintiff LEK Securities Corporation ("LSC") hereby

serves notice of its Fed. R. Civ. P. 30(b)(6) deposition of Defendant Volant Execution, LLC

("Volant Execution"). Volant Execution will be examined on an expedited basis on a date set by

the Court on the matters listed on Exhibit A and is required to designate one or more officers,

directors, managing agents, or other persons who consent to testify on its behalf as to matters

known or reasonably available to Volant Execution. The deposition will begin at 10:00 a.m. at

the offices of Dentons US LLP, which are located at 1221 Avenue of the Americas, New York,

NY 10020, or at such other time and/or location as the parties may agree or as the Court may

order. The deposition testimony will continue until completed and will be recorded by video and

stenographically.

Dated:   New York, New York
         March 8, 2019

DENTONS US LLP

By: s/ Brian S. Cousin
    Brian S. Cousin, Esq.
    Mark M. Meredith, Esq.
    Christina S. Dumitrescu, Esq.
    1221 Avenue of the Americas
    New York, New York 10025
    (212) 768-6700

TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT LLP

    Paul D. Sarkozi, Esq.
    Carl F. Regelmann, Esq.
    Richard W. Trotter, Esq.

    900 Third Avenue
    New York, New York 10022
    (212) 508-6700

*Attorneys for Plaintiffs*

To:
Patrick J. Boyd
The Boyd Law Group PLLC
370 Lexington Avenue, Suite 1012
New York, NY 10017
TEL 212.867.3675 / Direct Dial 212.867.5068 / FAX 212.867.5765
pboyd@theboydlawgroup.com
*Attorney for Jonathan Fowler*

Evan Weintraub, Esq.
WACHTEL MISSRY LLP
One Dag Hammarskjold Plaza
885 Second Avenue | New York, NY 10017
Telephone: (212) 909 - 9519 | Facsimile: (212) 909 - 9422
Email: weintraub@wmllp.com
*Attorney for Nicolas Louis*

2

**EXHIBIT A**
**<u>DEPOSITION TOPICS</u>**

a) Communications (including, but not limited to, email, texts, messaging applications and phone records) by, between or among Nicolas Louis ("Louis"), Jonathan Fowler "Fowler") and/or any agents or employees of defendants Volant Holding, Volant Trading, LLC ("Volant Trading"), Volant Liquidity, LLC ("Volant Liquidity"), and/or Volant Execution, LLC ("Volant Execution") (together, "Volant") from January 2018 to the present;

b) Plaintiffs' proprietary stock and options clearing system, including, but not limited to, the source code or architecture of Plaintiffs' clearing system and technology;

c) Volant's knowledge or awareness concerning Louis's Non-Compete and Confidentiality Agreement, dated April 1, 2004; and Fowler's Non-Compete and Confidentiality Agreements, dated October 10, 2011, as described in paragraphs 88-93 and 95-104 of the Complaint, including, but not limited to, (i) the obligation of both Louis and Fowler not to compete for a period of 18 months from the termination of their employment with LSC; (ii) Louis and Fowler's acknowledgment under their respective Non-Compete and Confidentiality Agreements that LSC's computer products, operational methods, and business affairs were "Confidential Information," "not readily available to the public," and constituted "trade secrets" of LSC; (iii) that under the respective Non-Compete and Confidentiality Agreements Louis and Fowler would each keep LSC's Confidential Information secret, not reveal it outside of the company, would not make use of the Confidential Information for their own purposes or for the benefit of anyone other than LSC, and, upon termination of their engagements with LSC, would return all software, data, and documents relating to LSC's Confidential Information in their possession; and (iv) the dates on which Volant became aware of Louis and Fowler's obligations under the respective Non-Compete and Confidentiality Agreements.

d) Fowler and/or Louis's use of Microsoft Azure as described in paragraphs 137-146 of the Complaint;

e) Plaintiffs' copyright registration concerning the Plaintiffs' clearing system's software and source code and any use or copying of Plaintiff's copyrighted material by any defendants as described in paragraphs 78, 181-185 of the Complaint;

f) Any transferring, storing, using or receiving of Plaintiffs' information including, but not limited to, data, software, source code, programs, documents, algorithms, and cloud-based accounts, by defendants acting outside of Plaintiffs' control;

g) (i) The hiring, or consideration of hiring, of Louis or Fowler by Volant; (ii) Plaintiffs, their business, and their clearing system; and/or (iii) any work performed by, on behalf of, or at the request of, Louis and/or Fowler for the benefit of Volant on or after July 13, 2018 concerning the plan for, creation, improvement, modification, or development of

any stock or options clearing operations or any new graphical user interface ("GUI") interface;

h) The retention by Louis or Fowler after the termination of their employment from LSC on July 13, 2018 of any of Plaintiffs' documents, software, or data, including, but not limited to, any confidential, proprietary and/or trade secret information relating to computer technology, software, source code, or business strategy.

i) Communications between or among (i) Fowler, Louis, or their counsel, on the one hand, and (ii) Howard Schiffman or Schulte, Roth and Zabel LLP, on the other hand, on or after July 13, 2018.

j) Volant Execution's business plans related to stock and options clearing.

k) Communications on or after November 1, 2017 between or among Fowler, Louis and B. Riley Capital Management, LLC ("B. Riley Capital"), and B. Riley FBR, Inc. ("FBR", together with B. Riley Capital, "B. Riley"), their predecessors, successors, representatives, attorneys, employees, agents, contractors, or any other person or entity acting or purporting to act on its behalf, regardless of the nature of remuneration, if any, or the means or extent of control including, but not limited to, their affiliates or partners.

110416125