# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

LEK SECURITIES CORPORATION and     :
ROX SYSTEMS, INC.     :
    :
                       *Plaintiffs*,     :
    :
       - against –     :
    :
NICOLAS LOUIS, JONATHAN FOWLER, VOLANT     :
HOLDING, LLC d/b/a VOLANT TRADING, VOLANT     :
TRADING, LLC, VOLANT LIQUIDITY, LLC, AND     :
VOLANT EXECUTION, LLC     :
                      *Defendants*.     :

------------------------------------------------------------------- x

Case No.: _____

[PROPOSED]

## PLAINTIFFS' [PROPOSED] FIRST SET OF
## LIMITED, EXPEDITED DOCUMENT REQUESTS TO THE VOLANT DEFENDANTS

PLEASE TAKE NOTICE that, pursuant to Rule 34 of the Federal Rules of Civil

Procedure and the Local Rules for the Southern District of New York,  Plaintiffs Lek Securities

Corporation ("LSC") and ROX Systems, Inc. ("ROX Systems") (together, Plaintiffs), by and

through their attorneys Dentons US LLP and Tannenbaum Helpern Syracuse & Hirschtritt LLP,

hereby request production of the following documents within the possession, custody or control

of defendants Volant Holding, LLC d/b/a Volant Trading ("Volant Holding"), Volant Trading,

LLC ("Volant Trading"), Volant Liquidity, LLC ("Volant Liquidity"), and/or Volant Execution,

LLC ("Volant Execution") (together, the "Volant Defendants"), to the offices of Dentons US

LLP, 1221 Avenue of the Americas, New York, New York 10020, in the manner and time

prescribed by the Court:  (1) any and all documents identified or referred to in the Volant

Defendants' answers to the Expedited Interrogatories, dated March 8, 2019, and (2) any and all

documents responsive to the Requests for Documents set forth herein.

## INSTRUCTIONS

1.      Documents produced shall be Bates stamped or otherwise numbered sequentially.

2.     The use of the singular form of any word used herein includes the plural and vice versa.

3.     In the event that any document that is called for by this request has been destroyed or discarded, a list of each document destroyed or discarded shall be furnished and shall state: (i) the author(s) or sender(s) of the document; (ii) the addressee(s) or recipient(s) of the document; (iii) any individual or entity receiving indicated or blind copies of the document; (iv) the document's date, subject matter, number of pages, and attachments or appendices; (v) all persons or entities to whom the document was distributed, shown or explained; (vi) the date, manner of and any reason for the destruction or discard of the document; and (vii) the person(s) or entities authorizing and/or carrying out such destruction or discard.

4.     If any document that is required to be produced in response hereto is otherwise withheld, set forth for each such document (i) the type of document (*e.g.*, letter, memorandum, etc.); (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document for a subpoena *duces tecum*, including, but not limited to, the author, addressee, any other recipient of the document, and the relationship of the author, addressee, and any other recipient to each other.

5.     If it is claimed that any documents requested are not within your possession, custody or control, specify what disposition was made of such documents and who now possesses, has custody of, or controls such documents.

6.     Each document produced pursuant to this request shall be identified and produced according to the number or numbers of the particular request to which they relate.

7.     If any requested document is not produced in full, produce it to the extent possible and identify each page or portion of the document withheld and the reasons that it has been withheld.

8.      Plaintiffs incorporate by reference herein the definitions and instructions set forth in Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York.

9.      These discovery requests are of a continuing nature, so as to require supplemental responses in accordance with Federal Rule of Civil Procedure 26(e).

10.      In the event any information is withheld on the basis of any claim of privilege, provide the information called for by Fed. R. Civ. P. 26(b)(5) and by Rule 26.2 of the Local Civil Rules of this Court.

11.      Each response to the requests herein shall set forth the request in full before each response.  Separate responses shall be provided with respect to each request and separate responses shall be provided with respect to each subpart or subsection to each request.

## DEFINITIONS

1.      The term "Volant Defendants," when used herein, refers to defendants Volant Holding, LLC d/b/a Volant Trading ("Volant Holding"), Volant Trading, LLC ("Volant Trading"), Volant Liquidity, LLC ("Volant Liquidity"), and/or Volant Execution, LLC ("Volant Execution") (together, the "Volant Defendants"), their predecessors, successors, representatives, attorneys, employees, agents, contractors, or any other person or entity acting or purporting to act on its behalf, regardless of the nature of remuneration, if any, or the means or extent of control including, but not limited to, their affiliates or partners.

2.      The term "Louis" refers to defendant Nicolas Louis, former President of LSC, as described in paragraphs 14 and 93 of the Complaint, and his heirs, successors, assigns, representatives, attorneys, employees, agents, consultants, contractors, or any other person or entity acting or purporting to act on his behalf, regardless of the nature of remuneration, if any, or the means or extent of control.

3

3.      The term "Fowler" refers to defendant Jonathan Fowler, former computer programmer and operations manager of LSC, as described in paragraphs 15 and 101 of the Complaint, and his heirs, successors, assigns, representatives, attorneys, employees, agents, consultants, contractors, or any other person or entity acting or purporting to act on his behalf, regardless of the nature of remuneration, if any, or the means or extent of control.

4.      "LSC" refers to Plaintiff Lek Securities Corporation, as defined in paragraph 12 of the Complaint, and its representatives, attorneys, employees, agents, consultants, contractors, or any other person or entity acting or purporting to act on its behalf, regardless of the nature of remuneration, if any, or the means or extent of control including, but not limited to, its affiliates or partners.

5.      "ROX Systems" refers to Plaintiff ROX Systems, Inc., as defined in paragraph 13 of the Complaint, and its representatives, attorneys, employees, agents, consultants, contractors, or any other person or entity acting or purporting to act on its behalf, regardless of the nature of remuneration, if any, or the means or extent of control including, but not limited to, its affiliates or partners.

6.      The term "B. Riley," when used herein, refers to B. Riley Capital Management, LLC ("B. Riley Capital"), and B. Riley FBR, Inc. ("FBR", together with B. Riley Capital, "B. Riley"), their predecessors, successors, representatives, attorneys, employees, agents, contractors, or any other person or entity acting or purporting to act on its behalf, regardless of the nature of remuneration, if any, or the means or extent of control including, but not limited to, their affiliates or partners.

7.      The term "Complaint" shall be used herein to refer to the Complaint captioned *Lek Securities Corp. and ROX Systems, Inc. v. Louis et al.*, --cv--, filed in the federal district court for the Southern District of New York by Plaintiffs on or about March 8, 2019.

8.      The term "Person" or "Persons" shall mean any natural individual, public or private corporation, corporate division, subsidiary, partnership, joint venture, company, trust, law firm, government branch or agency, incorporated or unincorporated association, or other form of business or legal entity, whether operated for-profit or not-for-profit.

9.      The term "document" shall include any tangible thing upon which any expression, communication or representation that has been recorded by any means including handwriting, typewriting, printing, photostating, photographing, magnetic impulse, or mechanical or electronic recording and any nonidentical copies (whether different from the original because of notes made on such copies, because of indications that said copies were sent to different individuals than were the originals, or because of any other reasons), including working papers, preliminary, intermediate or final drafts or versions, correspondence, memoranda, charts, notes, records of any sort of contracts, agreements, amendments to agreements, assignments, meetings, minutes of meetings, notices, invoices, bills, financial statements, reports, accounting statements, wire transfers, royalty schedules, financial calculations, diaries, reports of telephone or other oral conversations, desk calendars, appointment books, promotional calendars, copyright notices, photographs, artwork, advertisements, posters, promotional material, audio or video tape recordings, videocassettes, videodiscs, microfilm, microfiche, computer tape, computer disks, computer printouts, computer cards, computer drives, electronic mail ("e-mail"), and all other writings and recordings of any kind that are in the actual or constructive possession, custody or control of Plaintiff.  The term "document" also includes all data or documentation that is stored on a computer or other storage device and can be printed on paper or tape, such as source code, computer programs, e-mail communications, text messages, instant messages, Facebook messages, Snapchat, WhatsApp, Instagram, and/or drafts of documents that are stored in a

computer or word processor and information that has been input into a computer or other storage device.

10.     The term "communication" shall include all transmittal of information whether in person, by telephone, in writing, or by means of electronic transmittal devices or otherwise, and includes all correspondence, transmittal slips, inter-office memoranda or notes.

11.     The term "including" shall be construed to mean "without limitation."

12.     The term "concerning" and any variation thereof shall include, but not in any way directly or indirectly be limited to:   relating to, regarding, constituting, concerning, about, pertaining to, referring to, reflecting, considering, underlying, modifying, amending, confirming, mentioning, endorsing, evidencing, summarizing, memorializing, describing, discussing, analyzing, evaluating, representing, supporting, qualifying, terminating, revoking, cancelling, negating or directly or indirectly having any logical or factual connection with the matter addressed.

13.     The terms "relate to," "relating to," "referring to," and any variation thereof, shall include, but shall not in any way directly or indirectly be limited to:   regarding, constituting, concerning, about, pertaining to, reflecting, considering, underlying, modifying, amending, confirming, mentioning, endorsing, evidencing, summarizing, memorializing, describing, discussing, analyzing, evaluating, representing, supporting, qualifying, terminating, revoking, canceling and negating.

14.     "Identify" when used with respect to a person shall mean, in addition to the meaning set forth in Rule 26.3 of the Local Civil Rules, to give the person's last known home address and telephone number.

15.     The term "identify" when used with respect to a document shall mean to state whether or not that document is presently in existence and if not, the present or last known location and custodian of the document, and if lost or destroyed, the date when lost or destroyed.

16.     The term "identify" when used with respect to a communication shall mean to give (i) the date when and place where it took place; (ii) the means of communication (e.g., telephone, correspondence, personal conversation); (iii) the identity of the participants; and (iv) the substantive information communicated.

17.     In order to facilitate the discovery of relevant information, (i) the singular of each word shall be construed to include its plural and vice versa; (ii) the terms "and" and "or" shall be construed both disjunctively and conjunctively; (iii) the term "any" shall be construed to include "all" and vice versa; and (iv) the masculine shall be construed to include the feminine and vice versa.

18.     In the event any information is withheld on the basis of any claim of privilege, describe the nature of the information being withheld.

19.     Each response to the requests herein shall set forth the request in full before each response.   Separate responses shall be provided with respect to each request and separate responses shall be provided with respect to each subpart or subsection to each request..

20.     These Requests are continuing in nature and require prompt supplemental responses in the event that you obtain or discover additional or different information prior to or during the trial and any appeals in this case.

## DOCUMENT REQUESTS TO THE VOLANT DEFENDANTS

1.      All documents and communications, including, but not limited to, electronic communications of individuals identified in response to Interrogatory 1, created on or after July 13, 2018 concerning (i) Plaintiffs' confidential and proprietary trade secret information or (ii) the hiring, or consideration of hiring, of Louis and/or Fowler by the Volant Defendants.

2.      All documents and communications, including, but not limited to, email, texts, messaging applications and phone records, by, between or among Louis, Fowler and/or any agents or employees of the Volant Defendants from January 2018 to the present.

3.      All documents concerning Plaintiffs' proprietary stock and options clearing system, including, but not limited to, the source code or architecture of Plaintiffs' clearing system and technology.

4.      All documents and communications concerning Louis's Non-Compete and Confidentiality Agreement, dated April 1, 2004.

5.      All documents and communications concerning Fowler's Non-Compete and Confidentiality Agreement, dated October 10, 2011.

6.      All documents and communications by, between or among Louis, Fowler and the Volant Defendants concerning (i) the obligation of both Louis and Fowler not to compete for a period of 18 months from the termination of their employment with LSC under their respective Non-Compete and Confidentiality Agreements; (ii) Louis and Fowler's acknowledgment under their respective Non-Compete and Confidentiality Agreements that LSC's computer products, operational methods, and business affairs were "Confidential Information," "not readily available to the public," and constituted "trade secrets" of LSC as described in paragraphs 88-93 and 95-104 of the Complaint; and (iii) that under the respective Non-Compete and Confidentiality Agreements Louis and Fowler would each keep LSC's Confidential Information secret, not

reveal it outside of the company, would not make use of the Confidential Information for their own purposes or for the benefit of anyone other than LSC, and, upon termination of their engagements with LSC, would return all software, data, and documents relating to LSC's Confidential Information in their possession; and (iv) the dates on which Volant became aware of Louis and Fowler's obligations under the respective Non-Compete and Confidentiality Agreements.

7.      All documents concerning Fowler and/or Louis's use of Microsoft Azure as described in paragraphs 137-146 of the Complaint.

8.      All documents and communications concerning Plaintiffs' copyright registration for Plaintiffs' clearing system's software and source code, including, but not limited to, any use or copying of Plaintiff's copyrighted material by any defendants as described in paragraphs 78, 181-185 of the Complaint.

9.      All documents and communications concerning the transferring, storing, using or receiving of Plaintiffs' information including, but not limited to, data, software, source code, programs, documents, algorithms, and cloud-based accounts, by any defendants acting outside of Plaintiffs' control.

10.      All documents concerning (i) the hiring, or consideration of hiring, of Louis or Fowler by the Volant Defendants (ii) Plaintiffs, their business, and their clearing system; and/or (iii) any work performed by, on behalf of, or at the request of, Louis and/or Fowler for the benefit of Volant on or after July 13, 2018 concerning the plan for, creation, improvement, modification, or development of any stock or options clearing operations or any new graphical user interface ("GUI") interface.

11.      All documents and communications concerning the retention by Louis or Fowler after the termination of their employment from LSC on July 13, 2018 of any of Plaintiffs'

documents, software, or data, including, but not limited to, any confidential, proprietary and/or trade secret information relating to computer technology, software, source code, or business strategy.

12.     All communications between or among (i) Fowler, Louis, or their counsel, on the one hand, and (ii) Howard Schiffman or Schulte, Roth and Zabel LLP, on the other hand, on or after July 13, 2018.

13.     All documents (i) responsive to any of the Interrogatories or (ii) relied upon in answering the Interrogatories.

14.     All documents and communications concerning Plaintiffs' confidential, proprietary and/or trade secret information.

15.     All documents including, without limitation, any business plans related to stock and options clearing.

16.     All communications and documents concerning communications between and among Louis, Fowler and/or B. Riley on or after November 1, 2017.

Dated:   New York, New York
           March 8, 2019

                                        DENTONS US LLP

                                        By: s/ Brian S. Cousin
                                             Brian S. Cousin, Esq.
                                             Mark M. Meredith, Esq.
                                             Christina S. Dumitrescu, Esq.
                                             1221 Avenue of the Americas
                                             New York, New York 10025
                                             (212) 768-6700
                                        Brian.cousin@dentons.com
                                        Mark.meredith@dentons.com
                                        Christina.dumitrescu@dentons.com

                                        TANNENBAUM  HELPERN  SYRACUSE
                                        & HIRSCHTRITT LLP

                                             Paul D. Sarkozi, Esq.

Carl F. Regelmann, Esq.
Richard W. Trotter, Esq.
900 Third Avenue
New York, New York 10022
(212) 508-6700
sarkozi@thsh.com
regelmann@thsh.com

*Attorneys for Plaintiffs*

To:
Patrick J. Boyd
The Boyd Law Group PLLC
370 Lexington Avenue, Suite 1012
New York, NY 10017
TEL 212.867.3675 / Direct Dial 212.867.5068 / FAX 212.867.5765
pboyd@theboydlawgroup.com
*Attorney for Jonathan Fowler*

Evan Weintraub, Esq.
WACHTEL MISSRY LLP
One Dag Hammarskjold Plaza
885 Second Avenue | New York, NY 10017
Telephone: (212) 909 - 9519 | Facsimile: (212) 909 - 9422
Email: weintraub@wmllp.com
*Attorney for Nicolas Louis*

110416127

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

LEK SECURITIES CORPORATION and                 :
ROX SYSTEMS, INC.                              :
                                               :        Case No.: _____
                               *Plaintiffs*,   :
                                               :            [PROPOSED]
            - against –                        :
                                               :
NICOLAS LOUIS, JONATHAN FOWLER, VOLANT         :
HOLDING, LLC d/b/a VOLANT TRADING, VOLANT      :
TRADING, LLC, VOLANT LIQUIDITY, LLC, AND       :
VOLANT EXECUTION, LLC                          :
                               *Defendants*.   :

---------------------------------------------------------------- x

## PLAINTIFFS' [PROPOSED] FIRST SET OF
## LIMITED, EXPEDITED DOCUMENT REQUESTS TO DEFENDANT NICOLAS LOUIS

PLEASE TAKE NOTICE that, pursuant to Rule 34 of the Federal Rules of Civil

Procedure and the Local Rules for the Southern District of New York,  Plaintiffs Lek Securities

Corporation ("LSC") and ROX Systems, Inc. ("ROX Systems") (together, Plaintiffs), by and

through their attorneys Dentons US LLP and Tannenbaum Helpern Syracuse & Hirschtritt LLP,

hereby request production of the following documents within the possession, custody or control

of defendant Nicolas Louis ("Louis"), to the offices of Dentons US LLP, 1221 Avenue of the

Americas, New York, New York 10020, in the manner and time prescribed by the Court:  (1) any

and all documents identified or referred to in the Louis defendant's answers to the Expedited

Interrogatories, dated March 8, 2019, and (2) any and all documents responsive to the Requests

for Documents set forth herein.

## INSTRUCTIONS

1.      Documents produced shall be Bates stamped or otherwise numbered sequentially.

2.      The use of the singular form of any word used herein includes the plural and vice

versa.

3.     In the event that any document that is called for by this request has been destroyed or discarded, a list of each document destroyed or discarded shall be furnished and shall state: (i) the author(s) or sender(s) of the document; (ii) the addressee(s) or recipient(s) of the document; (iii) any individual or entity receiving indicated or blind copies of the document; (iv) the document's date, subject matter, number of pages, and attachments or appendices; (v) all persons or entities to whom the document was distributed, shown or explained; (vi) the date, manner of and any reason for the destruction or discard of the document; and (vii) the person(s) or entities authorizing and/or carrying out such destruction or discard.

4.     If any document that is required to be produced in response hereto is otherwise withheld, set forth for each such document (i) the type of document (*e.g.*, letter, memorandum, etc.); (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document for a subpoena *duces tecum*, including, but not limited to, the author, addressee, any other recipient of the document, and the relationship of the author, addressee, and any other recipient to each other.

5.     If it is claimed that any documents requested are not within your possession, custody or control, specify what disposition was made of such documents and who now possesses, has custody of, or controls such documents.

6.     Each document produced pursuant to this request shall be identified and produced according to the number or numbers of the particular request to which they relate.

7.     If any requested document is not produced in full, produce it to the extent possible and identify each page or portion of the document withheld and the reasons that it has been withheld.

8.     Plaintiffs incorporate by reference herein the definitions and instructions set forth in Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York.

9.     These discovery requests are of a continuing nature, so as to require supplemental responses in accordance with Federal Rule of Civil Procedure 26(e).

10.     In the event any information is withheld on the basis of any claim of privilege, provide the information called for by Fed. R. Civ. P. 26(b)(5) and by Rule 26.2 of the Local Civil Rules of this Court.

11.     Each response to the requests herein shall set forth the request in full before each response.   Separate responses shall be provided with respect to each request and separate responses shall be provided with respect to each subpart or subsection to each request.

<u>**DEFINITIONS**</u>

1.     The term "Volant Defendants," when used herein, refers to defendants Volant Holding, LLC d/b/a Volant Trading ("Volant Holding"), Volant Trading, LLC ("Volant Trading"), Volant Liquidity, LLC ("Volant Liquidity"), and/or Volant Execution, LLC ("Volant Execution") (together, the "Volant Defendants"), their predecessors, successors, representatives, attorneys, employees, agents, contractors, or any other person or entity acting or purporting to act on its behalf, regardless of the nature of remuneration, if any, or the means or extent of control including, but not limited to, their affiliates or partners.

2.     The term "Louis" refers to defendant Nicolas Louis, former President of LSC, as described in paragraphs 14 and 93 of the Complaint, and his heirs, successors, assigns, representatives, attorneys, employees, agents, consultants, contractors, or any other person or entity acting or purporting to act on his behalf, regardless of the nature of remuneration, if any, or the means or extent of control.

3

3.      The term "Fowler" refers to defendant Jonathan Fowler, former computer programmer and operations manager of LSC, as described in paragraphs 15 and 101 of the Complaint, and his heirs, successors, assigns, representatives, attorneys, employees, agents, consultants, contractors, or any other person or entity acting or purporting to act on his behalf, regardless of the nature of remuneration, if any, or the means or extent of control.

4.      "LSC" refers to Plaintiff Lek Securities Corporation, as defined in paragraph 12 of the Complaint, and its representatives, attorneys, employees, agents, consultants, contractors, or any other person or entity acting or purporting to act on its behalf, regardless of the nature of remuneration, if any, or the means or extent of control including, but not limited to, its affiliates or partners.

5.      "ROX Systems" refers to Plaintiff ROX Systems, Inc., as defined in paragraph 13 of the Complaint, and its representatives, attorneys, employees, agents, consultants, contractors, or any other person or entity acting or purporting to act on its behalf, regardless of the nature of remuneration, if any, or the means or extent of control including, but not limited to, its affiliates or partners.

6.      The term "B. Riley," when used herein, refers to B. Riley Capital Management, LLC ("B. Riley Capital"), and B. Riley FBR, Inc. ("FBR", together with B. Riley Capital, "B. Riley"), their predecessors, successors, representatives, attorneys, employees, agents, contractors, or any other person or entity acting or purporting to act on its behalf, regardless of the nature of remuneration, if any, or the means or extent of control including, but not limited to, their affiliates or partners.

7.      The term "Complaint" shall be used herein to refer to the Complaint captioned *Lek Securities Corp. and ROX Systems, Inc. v. Louis et al.*, --cv--, filed in the federal district court for the Southern District of New York by Plaintiffs on or about March 8, 2019.

4

8.     The term "Person" or "Persons" shall mean any natural individual, public or private corporation, corporate division, subsidiary, partnership, joint venture, company, trust, law firm, government branch or agency, incorporated or unincorporated association, or other form of business or legal entity, whether operated for-profit or not-for-profit.

9.     The term "document" shall include any tangible thing upon which any expression, communication or representation that has been recorded by any means including handwriting, typewriting, printing, photostating, photographing, magnetic impulse, or mechanical or electronic recording and any nonidentical copies (whether different from the original because of notes made on such copies, because of indications that said copies were sent to different individuals than were the originals, or because of any other reasons), including working papers, preliminary, intermediate or final drafts or versions, correspondence, memoranda, charts, notes, records of any sort of contracts, agreements, amendments to agreements, assignments, meetings, minutes of meetings, notices, invoices, bills, financial statements, reports, accounting statements, wire transfers, royalty schedules, financial calculations, diaries, reports of telephone or other oral conversations, desk calendars, appointment books, promotional calendars, copyright notices, photographs, artwork, advertisements, posters, promotional material, audio or video tape recordings, videocassettes, videodiscs, microfilm, microfiche, computer tape, computer disks, computer printouts, computer cards, computer drives, electronic mail ("e-mail"), and all other writings and recordings of any kind that are in the actual or constructive possession, custody or control of Plaintiff.  The term "document" also includes all data or documentation that is stored on a computer or other storage device and can be printed on paper or tape, such as source code, computer programs, e-mail communications, text messages, instant messages, Facebook messages, Snapchat, WhatsApp, Instagram, and/or drafts of documents that are stored in a

5

computer or word processor and information that has been input into a computer or other storage device.

10.     The term "communication" shall include all transmittal of information whether in person, by telephone, in writing, or by means of electronic transmittal devices or otherwise, and includes all correspondence, transmittal slips, inter-office memoranda or notes.

11.     The term "including" shall be construed to mean "without limitation."

12.     The term "concerning" and any variation thereof shall include, but not in any way directly or indirectly be limited to:  relating to, regarding, constituting, concerning, about, pertaining to, referring to, reflecting, considering, underlying, modifying, amending, confirming, mentioning, endorsing, evidencing, summarizing, memorializing, describing, discussing, analyzing, evaluating, representing, supporting, qualifying, terminating, revoking, cancelling, negating or directly or indirectly having any logical or factual connection with the matter addressed.

13.     The terms "relate to," "relating to," "referring to," and any variation thereof, shall include, but shall not in any way directly or indirectly be limited to:  regarding, constituting, concerning, about, pertaining to, reflecting, considering, underlying, modifying, amending, confirming, mentioning, endorsing, evidencing, summarizing, memorializing, describing, discussing, analyzing, evaluating, representing, supporting, qualifying, terminating, revoking, canceling and negating.

14.     "Identify" when used with respect to a person shall mean, in addition to the meaning set forth in Rule 26.3 of the Local Civil Rules, to give the person's last known home address and telephone number.

6

15.    The term "identify" when used with respect to a document shall mean to state whether or not that document is presently in existence and if not, the present or last known location and custodian of the document, and if lost or destroyed, the date when lost or destroyed.

16.    The term "identify" when used with respect to a communication shall mean to give (i) the date when and place where it took place; (ii) the means of communication (e.g., telephone, correspondence, personal conversation); (iii) the identity of the participants; and (iv) the substantive information communicated.

17.    In order to facilitate the discovery of relevant information, (i) the singular of each word shall be construed to include its plural and vice versa; (ii) the terms "and" and "or" shall be construed both disjunctively and conjunctively; (iii) the term "any" shall be construed to include "all" and vice versa; and (iv) the masculine shall be construed to include the feminine and vice versa.

18.    In the event any information is withheld on the basis of any claim of privilege, describe the nature of the information being withheld.

19.    Each response to the requests herein shall set forth the request in full before each response.  Separate responses shall be provided with respect to each request and separate responses shall be provided with respect to each subpart or subsection to each request..

20.    These Requests are continuing in nature and require prompt supplemental responses in the event that you obtain or discover additional or different information prior to or during the trial and any appeals in this case.

## <u>DOCUMENT REQUESTS TO DEFENDANT LOUIS</u>

1.      All documents and communications, including, but not limited to, electronic communications of individuals identified in response to Interrogatory 1, created on or after July 13, 2018 concerning (i) Plaintiffs' confidential and proprietary trade secret information or (ii) the hiring, or consideration of hiring, of Louis and/or Fowler by the Volant Defendants.

2.      All documents and communications, including, but not limited to, email, texts, messaging applications and phone records, by, between or among Louis, Fowler and/or any agents or employees of the Volant Defendants from January 2018 to the present.

3.      All documents concerning Plaintiffs' proprietary stock and options clearing system, including, but not limited to, the source code or architecture of Plaintiffs' clearing system and technology.

4.      All documents and communications concerning Louis's Non-Compete and Confidentiality Agreement, dated April 1, 2004.

5.      All documents and communications concerning Fowler's Non-Compete and Confidentiality Agreement, dated October 10, 2011.

6.      All documents and communications by, between or among Louis, Fowler and the Volant Defendants concerning (i) the obligation of both Louis and Fowler not to compete for a period of 18 months from the termination of their employment with LSC under their respective Non-Compete and Confidentiality Agreements; (ii) Louis and Fowler's acknowledgment under their respective Non-Compete and Confidentiality Agreements that LSC's computer products, operational methods, and business affairs were "Confidential Information," "not readily available to the public," and constituted "trade secrets" of LSC as described in paragraphs 88-93 and 95-104 of the Complaint; and (iii) that under the respective Non-Compete and Confidentiality Agreements Louis and Fowler would each keep LSC's Confidential Information secret, not

8

reveal it outside of the company, would not make use of the Confidential Information for their own purposes or for the benefit of anyone other than LSC, and, upon termination of their engagements with LSC, would return all software, data, and documents relating to LSC's Confidential Information in their possession; and (iv) the dates on which Volant became aware of Louis and Fowler's obligations under the respective Non-Compete and Confidentiality Agreements.

7.      All documents concerning Fowler and/or Louis's use of Microsoft Azure as described in paragraphs 137-146 of the Complaint.

8.      All documents and communications concerning Plaintiffs' copyright registration for Plaintiffs' clearing system's software and source code, including, but not limited to, any use or copying of Plaintiff's copyrighted material by any defendants as described in paragraphs 78, 181-185 of the Complaint.

9.      All documents and communications concerning the transferring, storing, using or receiving of Plaintiffs' information including, but not limited to, data, software, source code, programs, documents, algorithms, and cloud-based accounts, by any defendants acting outside of Plaintiffs' control.

10.     All documents concerning (i) the hiring, or consideration of hiring, of Louis or Fowler by the Volant Defendants (ii) Plaintiffs, their business, and their clearing system; and/or (iii) any work performed by, on behalf of, or at the request of, Louis and/or Fowler for the benefit of Volant on or after July 13, 2018 concerning the plan for, creation, improvement, modification, or development of any stock or options clearing operations or any new graphical user interface ("GUI") interface.

11.     All documents and communications concerning the retention by Louis or Fowler after the termination of their employment from LSC on July 13, 2018 of any of Plaintiffs'

documents, software, or data, including, but not limited to, any confidential, proprietary and/or trade secret information relating to computer technology, software, source code, or business strategy.

12.      All communications between or among (i) Fowler, Louis, or their counsel, on the one hand, and (ii) Howard Schiffman or Schulte, Roth and Zabel LLP, on the other hand, on or after July 13, 2018.

13.      All documents identified or referred to in answering the Interrogatories.

14.      All documents and communications concerning Plaintiffs' confidential, proprietary and/or trade secret information.

15.      All documents including, without limitation, any of the Volant Defendants' business plans related to stock and options clearing.

16.      All communications and documents concerning communications between and among Louis, Fowler and/or B. Riley on or after November 1, 2017.

Dated:   New York, New York
           March 8, 2019

DENTONS US LLP

By: s/ Brian S. Cousin
      Brian S. Cousin, Esq.
      Mark M. Meredith, Esq.
      Christina S. Dumitrescu, Esq.
      1221 Avenue of the Americas
      New York, New York 10025
      (212) 768-6700
Brian.cousin@dentons.com
Mark.meredith@dentons.com
Christina.dumitrescu@dentons.com

TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT LLP

      Paul D. Sarkozi, Esq.
      Carl F. Regelmann, Esq.
      Richard W. Trotter, Esq.

10

900 Third Avenue
New York, New York 10022
(212) 508-6700
sarkozi@thsh.com
regelmann@thsh.com

*Attorneys for Plaintiffs*

To:
Patrick J. Boyd
The Boyd Law Group PLLC
370 Lexington Avenue, Suite 1012
New York, NY 10017
TEL 212.867.3675 / Direct Dial 212.867.5068 / FAX 212.867.5765
pboyd@theboydlawgroup.com
*Attorney for Jonathan Fowler*

Evan Weintraub, Esq.
WACHTEL MISSRY LLP
One Dag Hammarskjold Plaza
885 Second Avenue | New York, NY 10017
Telephone: (212) 909 - 9519 | Facsimile: (212) 909 - 9422
Email: weintraub@wmllp.com
*Attorney for Nicolas Louis*

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x

LEK SECURITIES CORPORATION and  :
ROX SYSTEMS, INC.  :
                                    :
                         *Plaintiffs*,  :
                                      :
      - against –  :
                                        :
NICOLAS LOUIS, JONATHAN FOWLER, VOLANT  :
HOLDING, LLC d/b/a VOLANT TRADING, VOLANT  :
TRADING, LLC, VOLANT LIQUIDITY, LLC, AND  :
VOLANT EXECUTION, LLC  :
                               *Defendants*.  :

---------------------------------------------------------------------- x

Case No.: _____

[PROPOSED]

## PLAINTIFFS' [PROPOSED] FIRST SET OF LIMITED, EXPEDITED DOCUMENT REQUESTS TO DEFENDANT JONATHAN FOWLER

PLEASE TAKE NOTICE that, pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Local Rules for the Southern District of New York, Plaintiffs Lek Securities Corporation ("LSC") and ROX Systems, Inc. ("ROX Systems") (together, Plaintiffs), by and through their attorneys Dentons US LLP and Tannenbaum Helpern Syracuse & Hirschtritt LLP, hereby request production of the following documents within the possession, custody or control of defendant Nicolas Louis ("Louis"), to the offices of Dentons US LLP, 1221 Avenue of the Americas, New York, New York 10020, in the manner and time prescribed by the Court:  (1) any and all documents identified or referred to in the Louis defendant's answers to the  Expedited Interrogatories, dated March 8, 2019, and (2) any and all documents responsive to the Requests for Documents set forth herein.

## INSTRUCTIONS

1.      Documents produced shall be Bates stamped or otherwise numbered sequentially.

2.      The use of the singular form of any word used herein includes the plural and vice versa.

3.      In the event that any document that is called for by this request has been destroyed or discarded, a list of each document destroyed or discarded shall be furnished and shall state: (i) the author(s) or sender(s) of the document; (ii) the addressee(s) or recipient(s) of the document; (iii) any individual or entity receiving indicated or blind copies of the document; (iv) the document's date, subject matter, number of pages, and attachments or appendices; (v) all persons or entities to whom the document was distributed, shown or explained; (vi) the date, manner of and any reason for the destruction or discard of the document; and (vii) the person(s) or entities authorizing and/or carrying out such destruction or discard.

4.      If any document that is required to be produced in response hereto is otherwise withheld, set forth for each such document (i) the type of document (*e.g.*, letter, memorandum, etc.); (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document for a subpoena *duces tecum*, including, but not limited to, the author, addressee, any other recipient of the document, and the relationship of the author, addressee, and any other recipient to each other.

5.      If it is claimed that any documents requested are not within your possession, custody or control, specify what disposition was made of such documents and who now possesses, has custody of, or controls such documents.

6.      Each document produced pursuant to this request shall be identified and produced according to the number or numbers of the particular request to which they relate.

7.      If any requested document is not produced in full, produce it to the extent possible and identify each page or portion of the document withheld and the reasons that it has been withheld.

8.      Plaintiffs incorporate by reference herein the definitions and instructions set forth in Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York.

9.      These discovery requests are of a continuing nature, so as to require supplemental responses in accordance with Federal Rule of Civil Procedure 26(e).

10.      In the event any information is withheld on the basis of any claim of privilege, provide the information called for by Fed. R. Civ. P. 26(b)(5) and by Rule 26.2 of the Local Civil Rules of this Court.

11.      Each response to the requests herein shall set forth the request in full before each response.   Separate responses shall be provided with respect to each request and separate responses shall be provided with respect to each subpart or subsection to each request.

## DEFINITIONS

1.      The term "Volant Defendants," when used herein, refers to defendants Volant Holding, LLC d/b/a Volant Trading ("Volant Holding"), Volant Trading, LLC ("Volant Trading"), Volant Liquidity, LLC ("Volant Liquidity"), and/or Volant Execution, LLC ("Volant Execution") (together, the "Volant Defendants"), their predecessors, successors, representatives, attorneys, employees, agents, contractors, or any other person or entity acting or purporting to act on its behalf, regardless of the nature of remuneration, if any, or the means or extent of control including, but not limited to, their affiliates or partners.

2.      The term "Louis" refers to defendant Nicolas Louis, former President of LSC, as described in paragraphs 14 and 93 of the Complaint, and his heirs, successors, assigns, representatives, attorneys, employees, agents, consultants, contractors, or any other person or entity acting or purporting to act on his behalf, regardless of the nature of remuneration, if any, or the means or extent of control.

3

3.      The term "Fowler" refers to defendant Jonathan Fowler, former computer programmer and operations manager of LSC, as described in paragraphs 15 and 101 of the Complaint, and his heirs, successors, assigns, representatives, attorneys, employees, agents, consultants, contractors, or any other person or entity acting or purporting to act on his behalf, regardless of the nature of remuneration, if any, or the means or extent of control.

4.      "LSC" refers to Plaintiff Lek Securities Corporation, as defined in paragraph 12 of the Complaint, and its representatives, attorneys, employees, agents, consultants, contractors, or any other person or entity acting or purporting to act on its behalf, regardless of the nature of remuneration, if any, or the means or extent of control including, but not limited to, its affiliates or partners.

5.      "ROX Systems" refers to Plaintiff ROX Systems, Inc., as defined in paragraph 13 of the Complaint, and its representatives, attorneys, employees, agents, consultants, contractors, or any other person or entity acting or purporting to act on its behalf, regardless of the nature of remuneration, if any, or the means or extent of control including, but not limited to, its affiliates or partners.

6.      The term "B. Riley," when used herein, refers to B. Riley Capital Management, LLC ("B. Riley Capital"), and B. Riley FBR, Inc. ("FBR", together with B. Riley Capital, "B. Riley"), their predecessors, successors, representatives, attorneys, employees, agents, contractors, or any other person or entity acting or purporting to act on its behalf, regardless of the nature of remuneration, if any, or the means or extent of control including, but not limited to, their affiliates or partners.

7.      The term "Complaint" shall be used herein to refer to the Complaint captioned *Lek Securities Corp. and ROX Systems, Inc. v. Louis et al.*, --cv--, filed in the federal district court for the Southern District of New York by Plaintiffs on or about March 8, 2019.

8.      The term "Person" or "Persons" shall mean any natural individual, public or private corporation, corporate division, subsidiary, partnership, joint venture, company, trust, law firm, government branch or agency, incorporated or unincorporated association, or other form of business or legal entity, whether operated for-profit or not-for-profit.

9.      The term "document" shall include any tangible thing upon which any expression, communication or representation that has been recorded by any means including handwriting, typewriting, printing, photostating, photographing, magnetic impulse, or mechanical or electronic recording and any nonidentical copies (whether different from the original because of notes made on such copies, because of indications that said copies were sent to different individuals than were the originals, or because of any other reasons), including working papers, preliminary, intermediate or final drafts or versions, correspondence, memoranda, charts, notes, records of any sort of contracts, agreements, amendments to agreements, assignments, meetings, minutes of meetings, notices, invoices, bills, financial statements, reports, accounting statements, wire transfers, royalty schedules, financial calculations, diaries, reports of telephone or other oral conversations, desk calendars, appointment books, promotional calendars, copyright notices, photographs, artwork, advertisements, posters, promotional material, audio or video tape recordings, videocassettes, videodiscs, microfilm, microfiche, computer tape, computer disks, computer printouts, computer cards, computer drives, electronic mail ("e-mail"), and all other writings and recordings of any kind that are in the actual or constructive possession, custody or control of Plaintiff.  The term "document" also includes all data or documentation that is stored on a computer or other storage device and can be printed on paper or tape, such as source code, computer programs, e-mail communications, text messages, instant messages, Facebook messages, Snapchat, WhatsApp, Instagram, and/or drafts of documents that are stored in a

computer or word processor and information that has been input into a computer or other storage device.

10.     The term "communication" shall include all transmittal of information whether in person, by telephone, in writing, or by means of electronic transmittal devices or otherwise, and includes all correspondence, transmittal slips, inter-office memoranda or notes.

11.     The term "including" shall be construed to mean "without limitation."

12.     The term "concerning" and any variation thereof shall include, but not in any way directly or indirectly be limited to:  relating to, regarding, constituting, concerning, about, pertaining to, referring to, reflecting, considering, underlying, modifying, amending, confirming, mentioning, endorsing, evidencing, summarizing, memorializing, describing, discussing, analyzing, evaluating, representing, supporting, qualifying, terminating, revoking, cancelling, negating or directly or indirectly having any logical or factual connection with the matter addressed.

13.     The terms "relate to," "relating to," "referring to," and any variation thereof, shall include, but shall not in any way directly or indirectly be limited to:  regarding, constituting, concerning, about, pertaining to, reflecting, considering, underlying, modifying, amending, confirming, mentioning, endorsing, evidencing, summarizing, memorializing, describing, discussing, analyzing, evaluating, representing, supporting, qualifying, terminating, revoking, canceling and negating.

14.     "Identify" when used with respect to a person shall mean, in addition to the meaning set forth in Rule 26.3 of the Local Civil Rules, to give the person's last known home address and telephone number.

15.     The term "identify" when used with respect to a document shall mean to state whether or not that document is presently in existence and if not, the present or last known location and custodian of the document, and if lost or destroyed, the date when lost or destroyed.

16.     The term "identify" when used with respect to a communication shall mean to give (i) the date when and place where it took place; (ii) the means of communication (e.g., telephone, correspondence, personal conversation); (iii) the identity of the participants; and (iv) the substantive information communicated.

17.     In order to facilitate the discovery of relevant information, (i) the singular of each word shall be construed to include its plural and vice versa; (ii) the terms "and" and "or" shall be construed both disjunctively and conjunctively; (iii) the term "any" shall be construed to include "all" and vice versa; and (iv) the masculine shall be construed to include the feminine and vice versa.

18.     In the event any information is withheld on the basis of any claim of privilege, describe the nature of the information being withheld.

19.     Each response to the requests herein shall set forth the request in full before each response.   Separate responses shall be provided with respect to each request and separate responses shall be provided with respect to each subpart or subsection to each request..

20.     These Requests are continuing in nature and require prompt supplemental responses in the event that you obtain or discover additional or different information prior to or during the trial and any appeals in this case.

## DOCUMENT REQUESTS TO DEFENDANT FOWLER

1.     All documents and communications, including, but not limited to, electronic communications of individuals identified in response to Interrogatory 1, created on or after July 13, 2018 concerning (i) Plaintiffs' confidential and proprietary trade secret information or (ii) the hiring, or consideration of hiring, of Louis and/or Fowler by the Volant Defendants.

2.     All documents and communications, including, but not limited to, email, texts, messaging applications and phone records, by, between or among Louis, Fowler and/or any agents or employees of the Volant Defendants from January 2018 to the present.

3.     All documents concerning Plaintiffs' proprietary stock and options clearing system, including, but not limited to, the source code or architecture of Plaintiffs' clearing system and technology.

4.     All documents and communications concerning Louis's Non-Compete and Confidentiality Agreement, dated April 1, 2004.

5.     All documents and communications concerning Fowler's Non-Compete and Confidentiality Agreement, dated October 10, 2011.

6.     All documents and communications by, between or among Louis, Fowler and the Volant Defendants concerning (i) the obligation of both Louis and Fowler not to compete for a period of 18 months from the termination of their employment with LSC under their respective Non-Compete and Confidentiality Agreements; (ii) Louis and Fowler's acknowledgment under their respective Non-Compete and Confidentiality Agreements that LSC's computer products, operational methods, and business affairs were "Confidential Information," "not readily available to the public," and constituted "trade secrets" of LSC as described in paragraphs 88-93 and 95-104 of the Complaint; and (iii) that under the respective Non-Compete and Confidentiality Agreements Louis and Fowler would each keep LSC's Confidential Information secret, not

reveal it outside of the company, would not make use of the Confidential Information for their own purposes or for the benefit of anyone other than LSC, and, upon termination of their engagements with LSC, would return all software, data, and documents relating to LSC's Confidential Information in their possession; and (iv) the dates on which Volant became aware of Louis and Fowler's obligations under the respective Non-Compete and Confidentiality Agreements.

7.      All documents concerning Fowler and/or Louis's use of Microsoft Azure as described in paragraphs 137-146 of the Complaint.

8.      All documents and communications concerning Plaintiffs' copyright registration for Plaintiffs' clearing system's software and source code, including, but not limited to, any use or copying of Plaintiff's copyrighted material by any defendants as described in paragraphs 78, 181-185 of the Complaint.

9.      All documents and communications concerning the transferring, storing, using or receiving of Plaintiffs' information including, but not limited to, data, software, source code, programs, documents, algorithms, and cloud-based accounts, by any defendants acting outside of Plaintiffs' control.

10.      All documents concerning (i) the hiring, or consideration of hiring, of Louis or Fowler by the Volant Defendants (ii) Plaintiffs, their business, and their clearing system; and/or (iii) any work performed by, on behalf of, or at the request of, Louis and/or Fowler for the benefit of Volant on or after July 13, 2018 concerning the plan for, creation, improvement, modification, or development of any stock or options clearing operations or any new graphical user interface ("GUI") interface.

11.      All documents and communications concerning the retention by Louis or Fowler after the termination of their employment from LSC on July 13, 2018 of any of Plaintiffs'

documents, software, or data, including, but not limited to, any confidential, proprietary and/or trade secret information relating to computer technology, software, source code, or business strategy.

12.     All communications between or among (i) Fowler, Louis, or their counsel, on the one hand, and (ii) Howard Schiffman or Schulte, Roth and Zabel LLP, on the other hand, on or after July 13, 2018.

13.     All documents identified or referred to in answering the Interrogatories.

14.     All documents and communications concerning Plaintiffs' confidential, proprietary and/or trade secret information.

15.     All documents including, without limitation, any of the Volant defendants' business plans related to stock and options clearing.

16.     All communications and documents concerning communications between and among Louis, Fowler and/or B. Riley on or after November 1, 2017.

Dated:   New York, New York
         March 8, 2019

                                           DENTONS US LLP

                                           By: s/ Brian S. Cousin
                                               Brian S. Cousin, Esq.
                                               Mark M. Meredith, Esq.
                                               Christina S. Dumitrescu, Esq.
                                               1221 Avenue of the Americas
                                               New York, New York 10025
                                               (212) 768-6700
                                           Brian.cousin@dentons.com
                                           Mark.meredith@dentons.com
                                           Christina.dumitrescu@dentons.com

                                           TANNENBAUM HELPERN SYRACUSE
                                           & HIRSCHTRITT LLP

                                               Paul D. Sarkozi, Esq.
                                               Carl F. Regelmann, Esq.
                                               Richard W. Trotter, Esq.

10

900 Third Avenue
New York, New York 10022
(212) 508-6700
sarkozi@thsh.com
regelmann@thsh.com

*Attorneys for Plaintiffs*

To:
Patrick J. Boyd
The Boyd Law Group PLLC
370 Lexington Avenue, Suite 1012
New York, NY 10017
TEL 212.867.3675 / Direct Dial 212.867.5068 / FAX 212.867.5765
pboyd@theboydlawgroup.com
*Attorney for Jonathan Fowler*

Evan Weintraub, Esq.
WACHTEL MISSRY LLP
One Dag Hammarskjold Plaza
885 Second Avenue | New York, NY 10017
Telephone: (212) 909 - 9519 | Facsimile: (212) 909 - 9422
Email: weintraub@wmllp.com
*Attorney for Nicolas Louis*

110416133

11