# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

LEK SECURITIES CORPORATION and :
ROX SYSTEMS, INC. :
                                              :
                      *Plaintiffs*, :
                                               :
       - against – :
                                                 :
NICOLAS LOUIS, JONATHAN FOWLER, VOLANT :
HOLDING, LLC d/b/a VOLANT TRADING, VOLANT :
TRADING, LLC, VOLANT LIQUIDITY, LLC, AND :
VOLANT EXECUTION, LLC :
                                      *Defendants*. :

-------------------------------------------------------------------- x

Case No.: _____

[PROPOSED]

### PLAINTIFFS' [PROPOSED] FIRST SET OF LIMITED, EXPEDITED INTERROGATORIES TO THE VOLANT DEFENDANTS

PLEASE TAKE NOTICE that, pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules for the Southern District of New York, Plaintiffs Lek Securities Corporation ("LSC") and ROX Systems, Inc. ("ROX Systems") (together, Plaintiffs), by and through their attorneys Dentons US LLP and Tannenbaum Helpern Syracuse & Hirschtritt LLP, hereby request that defendants Volant Holding, LLC d/b/a Volant Trading ("Volant Holding"), Volant Trading, LLC ("Volant Trading"), Volant Liquidity, LLC ("Volant Liquidity"), and/or Volant Execution, LLC ("Volant Execution") (together, the "Volant Defendants") fully respond to the following targeted, limited Interrogatories in the manner and time prescribed by the Court and in accordance with the following definitions and instructions:

### INSTRUCTIONS AND DEFINITIONS

1.      Plaintiffs incorporate by reference herein the definitions and instructions set forth in Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York.

2.      These discovery requests are of a continuing nature, so as to require supplemental responses in accordance with Federal Rule of Civil Procedure 26(e).

3.      In the event any information is withheld on the basis of any claim of privilege, provide the information called for by Fed. R. Civ. P. 26(b)(5) and by Rule 26.2 of the Local Civil Rules of this Court.

4.      Each response to the requests herein shall set forth the request in full before each response.   Separate responses shall be provided with respect to each request and separate responses shall be provided with respect to each subpart or subsection to each request.

5.      The term "Volant Defendants," when used herein, refers to defendants Volant Holding, LLC d/b/a Volant Trading ("Volant Holding"), Volant Trading, LLC ("Volant Trading"), Volant Liquidity, LLC ("Volant Liquidity"), and/or Volant Execution, LLC ("Volant Execution") (together, the "Volant Defendants"), their predecessors, successors, representatives, attorneys, employees, agents, contractors, or any other person or entity acting or purporting to act on its behalf, regardless of the nature of remuneration, if any, or the means or extent of control including, but not limited to, their affiliates or partners.

6.      The term "Louis" refers to defendant Nicolas Louis, former President of LSC, as described in paragraphs 14 and 93 of the Complaint, and his heirs, successors, assigns, representatives, attorneys, employees, agents, consultants, contractors, or any other person or entity acting or purporting to act on his behalf, regardless of the nature of remuneration, if any, or the means or extent of control.

7.      The term "Fowler" refers to defendant Jonathan Fowler, former computer programmer and operations manager of LSC, as described in paragraphs 15 and 101 of the Complaint, and his heirs, successors, assigns, representatives, attorneys, employees, agents,

consultants, contractors, or any other person or entity acting or purporting to act on his behalf, regardless of the nature of remuneration, if any, or the means or extent of control.

8.      "LSC" refers to Plaintiff Lek Securities Corporation, as defined in paragraph 12 of the Complaint, and its representatives, attorneys, employees, agents, consultants, contractors, or any other person or entity acting or purporting to act on its behalf, regardless of the nature of remuneration, if any, or the means or extent of control including, but not limited to, its affiliates or partners.

9.      "ROX Systems" refers to Plaintiff ROX Systems, Inc., as defined in paragraph 13 of the Complaint, and its representatives, attorneys, employees, agents, consultants, contractors, or any other person or entity acting or purporting to act on its behalf, regardless of the nature of remuneration, if any, or the means or extent of control including, but not limited to, its affiliates or partners.

10.     The term "B. Riley," when used herein, refers to B. Riley Capital Management, LLC ("B. Riley Capital"), and B. Riley FBR, Inc. ("FBR", together with B. Riley Capital, "B. Riley"), their predecessors, successors, representatives, attorneys, employees, agents, contractors, or any other person or entity acting or purporting to act on its behalf, regardless of the nature of remuneration, if any, or the means or extent of control including, but not limited to, their affiliates or partners.

11.     The term "Complaint" shall be used herein to refer to the Complaint captioned *Lek Securities Corp. and ROX Systems, Inc. v. Louis et al.*, --cv--, filed in the federal district court for the Southern District of New York by Plaintiffs on or about March 8, 2019.

12.     The term "Person" or "Persons" shall mean any natural individual, public or private corporation, corporate division, subsidiary, partnership, joint venture, company, trust, law

firm, government branch or agency, incorporated or unincorporated association, or other form of business or legal entity, whether operated for-profit or not-for-profit.

13.     The term "document" shall include any tangible thing upon which any expression, communication or representation that has been recorded by any means including handwriting, typewriting, printing, photostating, photographing, magnetic impulse, or mechanical or electronic recording and any nonidentical copies (whether different from the original because of notes made on such copies, because of indications that said copies were sent to different individuals than were the originals, or because of any other reasons), including working papers, preliminary, intermediate or final drafts or versions, correspondence, memoranda, charts, notes, records of any sort of contracts, agreements, amendments to agreements, assignments, meetings, minutes of meetings, notices, invoices, bills, financial statements, reports, accounting statements, wire transfers, royalty schedules, financial calculations, diaries, reports of telephone or other oral conversations, desk calendars, appointment books, promotional calendars, copyright notices, photographs, artwork, advertisements, posters, promotional material, audio or video tape recordings, videocassettes, videodiscs, microfilm, microfiche, computer tape, computer disks, computer printouts, computer cards, computer drives, electronic mail ("e-mail"), and all other writings and recordings of any kind that are in the actual or constructive possession, custody or control of Plaintiff.  The term "document" also includes all data or documentation that is stored on a computer or other storage device and can be printed on paper or tape, such source code, computer programs, e-mail communications, text messages, instant messages, Facebook messages, Snapchat, WhatsApp, Instagram, and/or drafts of documents that are stored in a computer or word processor and information that has been input into a computer or other storage device.

14.     The term "communication" shall include all transmittal of information whether in person, by telephone, in writing, or by means of electronic transmittal devices or otherwise, and includes all correspondence, transmittal slips, inter-office memoranda or notes.

15.     The term "including" shall be construed to mean "without limitation."

16.     The term "concerning" and any variation thereof shall include, but not in any way directly or indirectly be limited to:  relating to, regarding, constituting, concerning, about, pertaining to, referring to, reflecting, considering, underlying, modifying, amending, confirming, mentioning, endorsing, evidencing, summarizing, memorializing, describing, discussing, analyzing, evaluating, representing, supporting, qualifying, terminating, revoking, cancelling, negating or directly or indirectly having any logical or factual connection with the matter addressed.

17.     The terms "relate to," "relating to," "referring to," and any variation thereof, shall include, but shall not in any way directly or indirectly be limited to:  regarding, constituting, concerning, about, pertaining to, reflecting, considering, underlying, modifying, amending, confirming, mentioning, endorsing, evidencing, summarizing, memorializing, describing, discussing, analyzing, evaluating, representing, supporting, qualifying, terminating, revoking, canceling and negating.

18.     "Identify" when used with respect to a person shall mean, in addition to the meaning set forth in Rule 26.3 of the Local Civil Rules, to give the person's last known home address and telephone number.

19.     The term "identify" when used with respect to a document shall mean to state whether or not that document is presently in existence and if not, the present or last known location and custodian of the document, and if lost or destroyed, the date when lost or destroyed.

20.     The term "identify" when used with respect to a communication shall mean to give (i) the date when and place where it took place; (ii) the means of communication (e.g., telephone, correspondence, personal conversation); (iii) the identity of the participants; and (iv) the substantive information communicated.

21.     In order to facilitate the discovery of relevant information, (i) the singular of each word shall be construed to include its plural and vice versa; (ii) the terms "and" and "or" shall be construed both disjunctively and conjunctively; (iii) the term "any" shall be construed to include "all" and vice versa; and (iv) the masculine shall be construed to include the feminine and vice versa.

22.     In the event any information is withheld on the basis of any claim of privilege, describe the nature of the information being withheld.

23.     Each response to the requests herein shall set forth the request in full before each response.  Separate responses shall be provided with respect to each request and separate responses shall be provided with respect to each subpart or subsection to each request.

24.     If the party cannot answer any of the following Interrogatories in full, after exercising due diligence to secure the information necessary to do so, so state and answer to the fullest extent possible, specifying the party's inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions.

25.     Each Interrogatory not only calls for information known to the Volant Defendants but also calls for all information available to the Volant Defendants through reasonable inquiry, including inquiry of the Volant Defendants' representatives and agents.

26.     These Interrogatories are continuing in nature and require prompt supplemental responses in the event that you obtain or discover additional or different information prior to or during the trial and any appeals in this case.

## INTERROGATORIES

1.      Identify by (i) name, (ii) e-mail and/or other electronic addresses and text messaging numbers; (iii) physical address, (iv) company affiliation, and (v) title, all individuals who have knowledge or information concerning the allegations in the Complaint.

2.      Identify by (i) name, (ii) e-mail and/or other electronic addresses and text messaging numbers; (iii) physical address, (iv) company affiliation, and (v) title, all individuals who have knowledge or information concerning communications by, between or among Louis and Fowler, on the one hand, and any agents or employees of the Volant Defendants from January 2018 to the present.

3.      Identify by (i) name, (ii) e-mail and/or other electronic addresses and text messaging numbers; (iii) physical address, (iv) company affiliation, and (v) title, all individuals who have knowledge or information concerning Plaintiffs' proprietary stock and options clearing system, including, but not limited to, the source code or architecture of Plaintiffs' clearing system and technology.

4.      Identify by (i) name, (ii) e-mail and/or other electronic addresses and text messaging numbers; (iii) physical address, (iv) company affiliation, and (v) title, all individuals who have knowledge or information concerning (a) Louis's Non-Compete and Confidentiality Agreement, dated April 1, 2004; and (b) Fowler's Non-Compete and Confidentiality Agreements, dated October 10, 2011, as described in paragraphs 88-93 and 95-104 of the Complaint, including, but not limited to, (1) the obligation of both Louis and Fowler not to compete for a period of 18 months from the termination of their employment with LSC; (2) Louis and Fowler's acknowledgment under their respective Non-Compete and Confidentiality Agreements that LSC's computer products, operational methods, and business affairs were "Confidential Information," "not readily available to the public," and constituted "trade secrets"

7

of LSC; (3) that under the respective Non-Compete and Confidentiality Agreements Louis and Fowler would each keep LSC's Confidential Information secret, not reveal it outside of the company, would not make use of the Confidential Information for their own purposes or for the benefit of anyone other than LSC, and, upon termination of their engagements with LSC, would return all software, data, and documents relating to LSC's Confidential Information in their possession; and (4) the dates on which the Volant Defendants became aware of Louis and Fowler's obligations under the respective Non-Compete and Confidentiality Agreements.

5.      Identify by (i) name, (ii) e-mail and/or other electronic addresses and text messaging numbers; (iii) physical address, (iv) company affiliation, and (v) title, all individuals who have knowledge or information concerning Fowler and/or Louis's use of Microsoft Azure as described in paragraphs 137-146 of the Complaint.

6.      Identify by (i) name, (ii) e-mail and/or other electronic addresses and text messaging numbers; (iii) physical address, (iv) company affiliation, and (v) title, all individuals who have knowledge or information concerning Plaintiffs' copyright registration relating to the Plaintiffs' clearing system's software and source code and any use or copying of Plaintiff's copyrighted material by any defendants as described in paragraphs 78, 181-185 of the Complaint.

7.      Identify by (i) name, (ii) e-mail and/or other electronic addresses and text messaging numbers; (iii) physical address, (iv) company affiliation, and (v) title, all individuals who have knowledge or information concerning any transferring, storing, using or receiving of Plaintiffs' information including, but not limited to, data, software, source code, programs, documents, algorithms, and cloud-based accounts, by defendants acting outside of Plaintiffs' control.

8.      Identify by (i) name, (ii) e-mail and/or other electronic addresses and text messaging numbers; (iii) physical address, (iv) company affiliation, and (v) title, all individuals who have knowledge or information concerning (i) the hiring, or consideration of hiring, of Louis or Fowler by the Volant Defendants (ii) Plaintiffs, their business, and their clearing system; and/or (iii) any work performed by, on behalf of, or at the request of, Louis and/or Fowler for the benefit of any of the Volant Defendants on or after July 13, 2018 concerning the plan for, creation, improvement, modification, or development of any stock or options clearing operations or any new graphical user interface ("GUI").

9.      Identify by (i) name, (ii) e-mail and/or other electronic addresses and text messaging numbers; (iii) physical address, (iv) company affiliation, and (v) title, all individuals who have knowledge or information concerning the retention by Louis or Fowler after the termination of their employment from LSC on July 13, 2018 of any of Plaintiffs' documents, software, or data, including, but not limited to, any confidential, proprietary and/or trade secret information concerning computer technology, software, source code, or business strategy.

10.     Identify by (i) name, (ii) e-mail and/or other electronic addresses and text messaging numbers; (iii) physical address, (iv) company affiliation, and (v) title, all individuals who have knowledge or information concerning communications between or among (a) Fowler, Louis, or their counsel, on the one hand, and (b) Howard Schiffman or Schulte, Roth and Zabel LLP, on the other hand, on or after July 13, 2018.

11.     Identify by (i) name, (ii) e-mail and/or other electronic addresses and text messaging numbers; (iii) physical address, (iv) company affiliation, and (v) title, all individuals who have knowledge or information concerning communications between or among Louis, Fowler and/or B. Riley on or after November 1, 2017.

12.    Identify each person, other than counsel, who participated in the preparation of

the responses to these interrogatories and document requests.

Dated:    New York, New York
          March 8, 2019
                                        DENTONS US LLP

                                        By: s/ Brian S. Cousin
                                            Brian S. Cousin, Esq.
                                            Mark M. Meredith, Esq.
                                            Christina S. Dumitrescu, Esq.
                                            1221 Avenue of the Americas
                                            New York, New York 10025
                                            (212) 768-6700
                                        Brian.cousin@dentons.com
                                        Mark.meredith@dentons.com
                                        Christina.dumitrescu@dentons.com

                                        TANNENBAUM  HELPERN  SYRACUSE
                                        & HIRSCHTRITT LLP

                                            Paul D. Sarkozi, Esq.
                                            Carl F. Regelmann, Esq.
                                            Richard W. Trotter, Esq.
                                            900 Third Avenue
                                            New York, New York 10022
                                            (212) 508-6700
                                        sarkozi@thsh.com
                                        regelmann@thsh.com

                                        *Attorneys for Plaintiffs*

To:
Patrick J. Boyd
The Boyd Law Group PLLC
370 Lexington Avenue, Suite 1012
New York, NY 10017
TEL 212.867.3675 / Direct Dial 212.867.5068 / FAX 212.867.5765
pboyd@theboydlawgroup.com
*Attorney for Jonathan Fowler*

Evan Weintraub, Esq.
WACHTEL MISSRY LLP
One Dag Hammarskjold Plaza
885 Second Avenue | New York, NY 10017
Telephone: (212) 909 - 9519 | Facsimile: (212) 909 - 9422

Email: weintraub@wmllp.com
*Attorney for Nicolas Louis*

110416130

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

LEK SECURITIES CORPORATION and     :
ROX SYSTEMS, INC.     :
    :
                         *Plaintiffs*,     :
    :
      - against –     :
    :
NICOLAS LOUIS, JONATHAN FOWLER, VOLANT     :
HOLDING, LLC d/b/a VOLANT TRADING, VOLANT     :
TRADING, LLC, VOLANT LIQUIDITY, LLC, AND     :
VOLANT EXECUTION, LLC     :
                      *Defendants*.     :

------------------------------------------------------------------ x

Case No.: _____

[PROPOSED]

### PLAINTIFFS' [PROPOSED] FIRST SET OF LIMITED, <br> EXPEDITED INTERROGATORIES TO DEFENDANT NICOLAS LOUIS

PLEASE TAKE NOTICE that, pursuant to Rule 33 of the Federal Rules of Civil

Procedure and the Local Rules for the Southern District of New York, Plaintiffs Lek Securities

Corporation ("LSC") and ROX Systems, Inc. ("ROX Systems") (together, Plaintiffs), by and

through their attorneys Dentons US LLP and Tannenbaum Helpern Syracuse & Hirschtritt LLP,

hereby request that defendant Nicolas Louis fully respond to the following targeted, limited

Interrogatories in the manner and time prescribed by the Court and in accordance with the

following definitions and instructions:

### INSTRUCTIONS AND DEFINITIONS

1.     Plaintiffs incorporate by reference herein the definitions and instructions set forth

in Rule 26.3 of the Local Rules of the United States District Court for the Southern District of

New York.

2.     These discovery requests are of a continuing nature, so as to require supplemental

responses in accordance with Federal Rule of Civil Procedure 26(e).

3.      In the event any information is withheld on the basis of any claim of privilege, provide the information called for by Fed. R. Civ. P. 26(b)(5) and by Rule 26.2 of the Local Civil Rules of this Court.

4.      Each response to the requests herein shall set forth the request in full before each response.   Separate responses shall be provided with respect to each request and separate responses shall be provided with respect to each subpart or subsection to each request.

5.      The term "Volant Defendants," when used herein, refers to defendants Volant Holding, LLC d/b/a Volant Trading ("Volant Holding"), Volant Trading, LLC ("Volant Trading"), Volant Liquidity, LLC ("Volant Liquidity"), and/or Volant Execution, LLC ("Volant Execution") (together, the "Volant Defendants"), their predecessors, successors, representatives, attorneys, employees, agents, contractors, or any other person or entity acting or purporting to act on its behalf, regardless of the nature of remuneration, if any, or the means or extent of control including, but not limited to, their affiliates or partners.

6.      The term "Louis" refers to defendant Nicolas Louis, former President of LSC, as described in paragraphs 14 and 93 of the Complaint, and his heirs, successors, assigns, representatives, attorneys, employees, agents, consultants, contractors, or any other person or entity acting or purporting to act on his behalf, regardless of the nature of remuneration, if any, or the means or extent of control.

7.      The term "Fowler" refers to defendant Jonathan Fowler, former computer programmer and operations manager of LSC, as described in paragraphs 15 and 101 of the Complaint, and his heirs, successors, assigns, representatives, attorneys, employees, agents, consultants, contractors, or any other person or entity acting or purporting to act on his behalf, regardless of the nature of remuneration, if any, or the means or extent of control.

8.      "LSC" refers to Plaintiff Lek Securities Corporation, as defined in paragraph 12 of the Complaint, and its representatives, attorneys, employees, agents, consultants, contractors, or any other person or entity acting or purporting to act on its behalf, regardless of the nature of remuneration, if any, or the means or extent of control including, but not limited to, its affiliates or partners.

9.      "ROX Systems" refers to Plaintiff ROX Systems, Inc., as defined in paragraph 13 of the Complaint, and its representatives, attorneys, employees, agents, consultants, contractors, or any other person or entity acting or purporting to act on its behalf, regardless of the nature of remuneration, if any, or the means or extent of control including, but not limited to, its affiliates or partners.

10.      The term "B. Riley," when used herein, refers to B. Riley Capital Management, LLC ("B. Riley Capital"), and B. Riley FBR, Inc. ("FBR", together with B. Riley Capital, "B. Riley"), their predecessors, successors, representatives, attorneys, employees, agents, contractors, or any other person or entity acting or purporting to act on its behalf, regardless of the nature of remuneration, if any, or the means or extent of control including, but not limited to, their affiliates or partners.

11.      The term "Complaint" shall be used herein to refer to the Complaint captioned *Lek Securities Corp. and ROX Systems, Inc. v. Louis et al.*, --cv--, filed in the federal district court for the Southern District of New York by Plaintiffs on or about March 8, 2019.

12.      The term "Person" or "Persons" shall mean any natural individual, public or private corporation, corporate division, subsidiary, partnership, joint venture, company, trust, law firm, government branch or agency, incorporated or unincorporated association, or other form of business or legal entity, whether operated for-profit or not-for-profit.

13.     The term "document" shall include any tangible thing upon which any expression, communication or representation that has been recorded by any means including handwriting, typewriting, printing, photostating, photographing, magnetic impulse, or mechanical or electronic recording and any nonidentical copies (whether different from the original because of notes made on such copies, because of indications that said copies were sent to different individuals than were the originals, or because of any other reasons), including working papers, preliminary, intermediate or final drafts or versions, correspondence, memoranda, charts, notes, records of any sort of contracts, agreements, amendments to agreements, assignments, meetings, minutes of meetings, notices, invoices, bills, financial statements, reports, accounting statements, wire transfers, royalty schedules, financial calculations, diaries, reports of telephone or other oral conversations, desk calendars, appointment books, promotional calendars, copyright notices, photographs, artwork, advertisements, posters, promotional material, audio or video tape recordings, videocassettes, videodiscs, microfilm, microfiche, computer tape, computer disks, computer printouts, computer cards, computer drives, electronic mail ("e-mail"), and all other writings and recordings of any kind that are in the actual or constructive possession, custody or control of Plaintiff.  The term "document" also includes all data or documentation that is stored on a computer or other storage device and can be printed on paper or tape, such source code, computer programs, e-mail communications, text messages, instant messages, Facebook messages, Snapchat, WhatsApp, Instagram, and/or drafts of documents that are stored in a computer or word processor and information that has been input into a computer or other storage device.

14.     The term "communication" shall include all transmittal of information whether in person, by telephone, in writing, or by means of electronic transmittal devices or otherwise, and includes all correspondence, transmittal slips, inter-office memoranda or notes.

4

15.     The term "including" shall be construed to mean "without limitation."

16.     The term "concerning" and any variation thereof shall include, but not in any way directly or indirectly be limited to:  relating to, regarding, constituting, concerning, about, pertaining to, referring to, reflecting, considering, underlying, modifying, amending, confirming, mentioning, endorsing, evidencing, summarizing, memorializing, describing, discussing, analyzing, evaluating, representing, supporting, qualifying, terminating, revoking, cancelling, negating or directly or indirectly having any logical or factual connection with the matter addressed.

17.     The terms "relate to," "relating to," "referring to," and any variation thereof, shall include, but shall not in any way directly or indirectly be limited to:  regarding, constituting, concerning, about, pertaining to, reflecting, considering, underlying, modifying, amending, confirming, mentioning, endorsing, evidencing, summarizing, memorializing, describing, discussing, analyzing, evaluating, representing, supporting, qualifying, terminating, revoking, canceling and negating.

18.     "Identify" when used with respect to a person shall mean, in addition to the meaning set forth in Rule 26.3 of the Local Civil Rules, to give the person's last known home address and telephone number.

19.     The term "identify" when used with respect to a document shall mean to state whether or not that document is presently in existence and if not, the present or last known location and custodian of the document, and if lost or destroyed, the date when lost or destroyed.

20.     The term "identify" when used with respect to a communication shall mean to give (i) the date when and place where it took place; (ii) the means of communication (e.g., telephone, correspondence, personal conversation); (iii) the identity of the participants; and (iv) the substantive information communicated.

21.     In order to facilitate the discovery of relevant information, (i) the singular of each word shall be construed to include its plural and vice versa; (ii) the terms "and" and "or" shall be construed both disjunctively and conjunctively; (iii) the term "any" shall be construed to include "all" and vice versa; and (iv) the masculine shall be construed to include the feminine and vice versa.

22.     In the event any information is withheld on the basis of any claim of privilege, describe the nature of the information being withheld.

23.     Each response to the requests herein shall set forth the request in full before each response.   Separate responses shall be provided with respect to each request and separate responses shall be provided with respect to each subpart or subsection to each request.

24.     If the party cannot answer any of the following Interrogatories in full, after exercising due diligence to secure the information necessary to do so, so state and answer to the fullest extent possible, specifying the party's inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions.

25.     Each Interrogatory not only calls for information known to defendant Louis but also calls for all information available to defendant Louis through reasonable inquiry, including inquiry of the Louis's representatives and agents.

26.     These Interrogatories are continuing in nature and require prompt supplemental responses in the event that you obtain or discover additional or different information prior to or during the trial and any appeals in this case.

## INTERROGATORIES

1.      Identify by (i) name, (ii) e-mail and/or other electronic addresses and text messaging numbers; (iii) physical address, (iv) company affiliation, and (v) title, all individuals who have knowledge or information concerning the allegations in the Complaint.

2.      Identify by (i) name, (ii) e-mail and/or other electronic addresses and text messaging numbers; (iii) physical address, (iv) company affiliation, and (v) title, all individuals who have knowledge or information concerning communications by, between or among Louis and Fowler, on the one hand, and any agents or employees of the Volant Defendants from January 2018 to the present.

3.      Identify by (i) name, (ii) e-mail and/or other electronic addresses and text messaging numbers; (iii) physical address, (iv) company affiliation, and (v) title, all individuals who have knowledge or information concerning Plaintiffs' proprietary stock and options clearing system, including, but not limited to, the source code or architecture of Plaintiffs' clearing system and technology.

4.      Identify by (i) name, (ii) e-mail and/or other electronic addresses and text messaging numbers; (iii) physical address, (iv) company affiliation, and (v) title, all individuals who have knowledge or information concerning (a) Louis's Non-Compete and Confidentiality Agreement, dated April 1, 2004; and (b) Fowler's Non-Compete and Confidentiality Agreements, dated October 10, 2011, as described in paragraphs 88-93 and 95-104 of the Complaint, including, but not limited to, (1) the obligation of both Louis and Fowler not to compete for a period of 18 months from the termination of their employment with LSC; (2) Louis and Fowler's acknowledgment under their respective Non-Compete and Confidentiality Agreements that LSC's computer products, operational methods, and business affairs were "Confidential Information," "not readily available to the public," and constituted "trade secrets"

7

of LSC; (3) that under the respective Non-Compete and Confidentiality Agreements Louis and Fowler would each keep LSC's Confidential Information secret, not reveal it outside of the company, would not make use of the Confidential Information for their own purposes or for the benefit of anyone other than LSC, and, upon termination of their engagements with LSC, would return all software, data, and documents relating to LSC's Confidential Information in their possession; and (4) the dates on which the Volant Defendants became aware of Louis and Fowler's obligations under the respective Non-Compete and Confidentiality Agreements.

5.       Identify by (i) name, (ii) e-mail and/or other electronic addresses and text messaging numbers; (iii) physical address, (iv) company affiliation, and (v) title, all individuals who have knowledge or information concerning Fowler and/or Louis's use of Microsoft Azure as described in paragraphs 137-146 of the Complaint.

6.       Identify by (i) name, (ii) e-mail and/or other electronic addresses and text messaging numbers; (iii) physical address, (iv) company affiliation, and (v) title, all individuals who have knowledge or information concerning Plaintiffs' copyright registration relating to the Plaintiffs' clearing system's software and source code and any use or copying of Plaintiff's copyrighted material by any defendants as described in paragraphs 78, 181-185 of the Complaint.

7.       Identify by (i) name, (ii) e-mail and/or other electronic addresses and text messaging numbers; (iii) physical address, (iv) company affiliation, and (v) title, all individuals who have knowledge or information concerning any transferring, storing, using or receiving of Plaintiffs' information including, but not limited to, data, software, source code, programs, documents, algorithms, and cloud-based accounts, by defendants acting outside of Plaintiffs' control.

8.      Identify by (i) name, (ii) e-mail and/or other electronic addresses and text messaging numbers; (iii) physical address, (iv) company affiliation, and (v) title, all individuals who have knowledge or information concerning (i) the hiring, or consideration of hiring, of Louis or Fowler by the Volant Defendants (ii) Plaintiffs, their business, and their clearing system; and/or (iii) any work performed by, on behalf of, or at the request of, Louis and/or Fowler for the benefit of any of the Volant Defendants on or after July 13, 2018 concerning the plan for, creation, improvement, modification, or development of any stock or options clearing operations or any new graphical user interface ("GUI").

9.      Identify by (i) name, (ii) e-mail and/or other electronic addresses and text messaging numbers; (iii) physical address, (iv) company affiliation, and (v) title, all individuals who have knowledge or information concerning the retention by Louis or Fowler after the termination of their employment from LSC on July 13, 2018 of any of Plaintiffs' documents, software, or data, including, but not limited to, any confidential, proprietary and/or trade secret information concerning computer technology, software, source code, or business strategy.

10.      Identify by (i) name, (ii) e-mail and/or other electronic addresses and text messaging numbers; (iii) physical address, (iv) company affiliation, and (v) title, all individuals who have knowledge or information concerning communications between or among (a) Fowler, Louis, or their counsel, on the one hand, and (b) Howard Schiffman or Schulte, Roth and Zabel LLP, on the other hand, on or after July 13, 2018.

11.      Identify by (i) name, (ii) e-mail and/or other electronic addresses and text messaging numbers; (iii) physical address, (iv) company affiliation, and (v) title, all individuals who have knowledge or information concerning communications between or among Louis, Fowler and/or B. Riley on or after November 1, 2017.

9

12.    Identify each person, other than counsel, who participated in the preparation of

the  responses to these interrogatories and document requests.

Dated:   New York, New York
         March 8, 2019

                     DENTONS US LLP

                     By: s/ Brian S. Cousin
                         Brian S. Cousin, Esq.
                         Mark M. Meredith, Esq.
                         Christina S. Dumitrescu, Esq.
                         1221 Avenue of the Americas
                         New York, New York 10025
                         (212) 768-6700
                     Brian.cousin@dentons.com
                     Mark.meredith@dentons.com
                     Christina.dumitrescu@dentons.com

                     TANNENBAUM  HELPERN  SYRACUSE
                     & HIRSCHTRITT LLP

                         Paul D. Sarkozi, Esq.
                         Carl F. Regelmann, Esq.
                         Richard W. Trotter, Esq.
                         900 Third Avenue
                         New York, New York 10022
                         (212) 508-6700
                     sarkozi@thsh.com
                     regelmann@thsh.com

                     *Attorneys for Plaintiffs*

To:
Patrick J. Boyd
The Boyd Law Group PLLC
370 Lexington Avenue, Suite 1012
New York, NY 10017
TEL 212.867.3675 / Direct Dial 212.867.5068 / FAX 212.867.5765
pboyd@theboydlawgroup.com
*Attorney for Jonathan Fowler*

Evan Weintraub, Esq.
WACHTEL MISSRY LLP
One Dag Hammarskjold Plaza
885 Second Avenue | New York, NY 10017

Telephone: (212) 909 - 9519 | Facsimile: (212) 909 - 9422
Email: weintraub@wmllp.com
*Attorney for Nicolas Louis*

110416146

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- x

LEK SECURITIES CORPORATION and :
ROX SYSTEMS, INC. :
                                          :
                            *Plaintiffs*, :
                                          :
       - against – :
                                          :
NICOLAS LOUIS, JONATHAN FOWLER, VOLANT :
HOLDING, LLC d/b/a VOLANT TRADING, VOLANT :
TRADING, LLC, VOLANT LIQUIDITY, LLC, AND :
VOLANT EXECUTION, LLC :
                               *Defendants*. :

----------------------------------------------------------------- x

Case No.: _____

[PROPOSED]

## PLAINTIFFS' [PROPOSED] FIRST SET OF LIMITED, EXPEDITED INTERROGATORIES TO DEFENDANT JONATHAN FOWLER

PLEASE TAKE NOTICE that, pursuant to Rule 33 of the Federal Rules of Civil

Procedure and the Local Rules for the Southern District of New York, Plaintiffs Lek Securities

Corporation ("LSC") and ROX Systems, Inc. ("ROX Systems") (together, Plaintiffs), by and

through their attorneys Dentons US LLP and Tannenbaum Helpern Syracuse & Hirschtritt LLP,

hereby request that defendant Jonathan Fowler fully respond to the following targeted, limited

Interrogatories in the manner and time prescribed by the Court and in accordance with the

following definitions and instructions:

### INSTRUCTIONS AND DEFINITIONS

1.      Plaintiffs incorporate by reference herein the definitions and instructions set forth

in Rule 26.3 of the Local Rules of the United States District Court for the Southern District of

New York.

2.      These discovery requests are of a continuing nature, so as to require supplemental

responses in accordance with Federal Rule of Civil Procedure 26(e).

3.      In the event any information is withheld on the basis of any claim of privilege, provide the information called for by Fed. R. Civ. P. 26(b)(5) and by Rule 26.2 of the Local Civil Rules of this Court.

4.      Each response to the requests herein shall set forth the request in full before each response.   Separate responses shall be provided with respect to each request and separate responses shall be provided with respect to each subpart or subsection to each request.

5.      The term "Volant Defendants," when used herein, refers to defendants Volant Holding, LLC d/b/a Volant Trading ("Volant Holding"), Volant Trading, LLC ("Volant Trading"), Volant Liquidity, LLC ("Volant Liquidity"), and/or Volant Execution, LLC ("Volant Execution") (together, the "Volant Defendants"), their predecessors, successors, representatives, attorneys, employees, agents, contractors, or any other person or entity acting or purporting to act on its behalf, regardless of the nature of remuneration, if any, or the means or extent of control including, but not limited to, their affiliates or partners.

6.      The term "Louis" refers to defendant Nicolas Louis, former President of LSC, as described in paragraphs 14 and 93 of the Complaint, and his heirs, successors, assigns, representatives, attorneys, employees, agents, consultants, contractors, or any other person or entity acting or purporting to act on his behalf, regardless of the nature of remuneration, if any, or the means or extent of control.

7.      The term "Fowler" refers to defendant Jonathan Fowler, former computer programmer and operations manager of LSC, as described in paragraphs 15 and 101 of the Complaint, and his heirs, successors, assigns, representatives, attorneys, employees, agents, consultants, contractors, or any other person or entity acting or purporting to act on his behalf, regardless of the nature of remuneration, if any, or the means or extent of control.

8.      "LSC" refers to Plaintiff Lek Securities Corporation, as defined in paragraph 12 of the Complaint, and its representatives, attorneys, employees, agents, consultants, contractors, or any other person or entity acting or purporting to act on its behalf, regardless of the nature of remuneration, if any, or the means or extent of control including, but not limited to, its affiliates or partners.

9.      "ROX Systems" refers to Plaintiff ROX Systems, Inc., as defined in paragraph 13 of the Complaint, and its representatives, attorneys, employees, agents, consultants, contractors, or any other person or entity acting or purporting to act on its behalf, regardless of the nature of remuneration, if any, or the means or extent of control including, but not limited to, its affiliates or partners.

10.     The term "B. Riley," when used herein, refers to B. Riley Capital Management, LLC ("B. Riley Capital"), and B. Riley FBR, Inc. ("FBR", together with B. Riley Capital, "B. Riley"), their predecessors, successors, representatives, attorneys, employees, agents, contractors, or any other person or entity acting or purporting to act on its behalf, regardless of the nature of remuneration, if any, or the means or extent of control including, but not limited to, their affiliates or partners.

11.     The term "Complaint" shall be used herein to refer to the Complaint captioned *Lek Securities Corp. and ROX Systems, Inc. v. Louis et al.*, --cv--, filed in the federal district court for the Southern District of New York by Plaintiffs on or about March 8, 2019.

12.     The term "Person" or "Persons" shall mean any natural individual, public or private corporation, corporate division, subsidiary, partnership, joint venture, company, trust, law firm, government branch or agency, incorporated or unincorporated association, or other form of business or legal entity, whether operated for-profit or not-for-profit.

13.     The term "document" shall include any tangible thing upon which any expression, communication or representation that has been recorded by any means including handwriting, typewriting, printing, photostating, photographing, magnetic impulse, or mechanical or electronic recording and any nonidentical copies (whether different from the original because of notes made on such copies, because of indications that said copies were sent to different individuals than were the originals, or because of any other reasons), including working papers, preliminary, intermediate or final drafts or versions, correspondence, memoranda, charts, notes, records of any sort of contracts, agreements, amendments to agreements, assignments, meetings, minutes of meetings, notices, invoices, bills, financial statements, reports, accounting statements, wire transfers, royalty schedules, financial calculations, diaries, reports of telephone or other oral conversations, desk calendars, appointment books, promotional calendars, copyright notices, photographs, artwork, advertisements, posters, promotional material, audio or video tape recordings, videocassettes, videodiscs, microfilm, microfiche, computer tape, computer disks, computer printouts, computer cards, computer drives, electronic mail ("e-mail"), and all other writings and recordings of any kind that are in the actual or constructive possession, custody or control of Plaintiff.  The term "document" also includes all data or documentation that is stored on a computer or other storage device and can be printed on paper or tape, such source code, computer programs, e-mail communications, text messages, instant messages, Facebook messages, Snapchat, WhatsApp, Instagram, and/or drafts of documents that are stored in a computer or word processor and information that has been input into a computer or other storage device.

14.     The term "communication" shall include all transmittal of information whether in person, by telephone, in writing, or by means of electronic transmittal devices or otherwise, and includes all correspondence, transmittal slips, inter-office memoranda or notes.

15. The term "including" shall be construed to mean "without limitation."

16. The term "concerning" and any variation thereof shall include, but not in any way directly or indirectly be limited to: relating to, regarding, constituting, concerning, about, pertaining to, referring to, reflecting, considering, underlying, modifying, amending, confirming, mentioning, endorsing, evidencing, summarizing, memorializing, describing, discussing, analyzing, evaluating, representing, supporting, qualifying, terminating, revoking, cancelling, negating or directly or indirectly having any logical or factual connection with the matter addressed.

17. The terms "relate to," "relating to," "referring to," and any variation thereof, shall include, but shall not in any way directly or indirectly be limited to: regarding, constituting, concerning, about, pertaining to, reflecting, considering, underlying, modifying, amending, confirming, mentioning, endorsing, evidencing, summarizing, memorializing, describing, discussing, analyzing, evaluating, representing, supporting, qualifying, terminating, revoking, canceling and negating.

18. "Identify" when used with respect to a person shall mean, in addition to the meaning set forth in Rule 26.3 of the Local Civil Rules, to give the person's last known home address and telephone number.

19. The term "identify" when used with respect to a document shall mean to state whether or not that document is presently in existence and if not, the present or last known location and custodian of the document, and if lost or destroyed, the date when lost or destroyed.

20. The term "identify" when used with respect to a communication shall mean to give (i) the date when and place where it took place; (ii) the means of communication (e.g., telephone, correspondence, personal conversation); (iii) the identity of the participants; and (iv) the substantive information communicated.

21.     In order to facilitate the discovery of relevant information, (i) the singular of each word shall be construed to include its plural and vice versa; (ii) the terms "and" and "or" shall be construed both disjunctively and conjunctively; (iii) the term "any" shall be construed to include "all" and vice versa; and (iv) the masculine shall be construed to include the feminine and vice versa.

22.     In the event any information is withheld on the basis of any claim of privilege, describe the nature of the information being withheld.

23.     Each response to the requests herein shall set forth the request in full before each response.   Separate responses shall be provided with respect to each request and separate responses shall be provided with respect to each subpart or subsection to each request.

24.     If the party cannot answer any of the following Interrogatories in full, after exercising due diligence to secure the information necessary to do so, so state and answer to the fullest extent possible, specifying the party's inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions.

25.     Each Interrogatory not only calls for information known to defendant Louis but also calls for all information available to defendant Louis through reasonable inquiry, including inquiry of the Louis's representatives and agents.

26.     These Interrogatories are continuing in nature and require prompt supplemental responses in the event that you obtain or discover additional or different information prior to or during the trial and any appeals in this case.

## INTERROGATORIES

1.       Identify by (i) name, (ii) e-mail and/or other electronic addresses and text messaging numbers; (iii) physical address, (iv) company affiliation, and (v) title, all individuals who have knowledge or information concerning the allegations in the Complaint.

2.       Identify by (i) name, (ii) e-mail and/or other electronic addresses and text messaging numbers; (iii) physical address, (iv) company affiliation, and (v) title, all individuals who have knowledge or information concerning communications by, between or among Louis and Fowler, on the one hand, and any agents or employees of the Volant Defendants from January 2018 to the present.

3.       Identify by (i) name, (ii) e-mail and/or other electronic addresses and text messaging numbers; (iii) physical address, (iv) company affiliation, and (v) title, all individuals who have knowledge or information concerning Plaintiffs' proprietary stock and options clearing system, including, but not limited to, the source code or architecture of Plaintiffs' clearing system and technology.

4.       Identify by (i) name, (ii) e-mail and/or other electronic addresses and text messaging numbers; (iii) physical address, (iv) company affiliation, and (v) title, all individuals who have knowledge or information concerning (a) Louis's Non-Compete and Confidentiality Agreement, dated April 1, 2004; and (b) Fowler's Non-Compete and Confidentiality Agreements, dated October 10, 2011, as described in paragraphs 88-93 and 95-104 of the Complaint, including, but not limited to, (1) the obligation of both Louis and Fowler not to compete for a period of 18 months from the termination of their employment with LSC; (2) Louis and Fowler's acknowledgment under their respective Non-Compete and Confidentiality Agreements that LSC's computer products, operational methods, and business affairs were "Confidential Information," "not readily available to the public," and constituted "trade secrets"

of LSC; (3) that under the respective Non-Compete and Confidentiality Agreements Louis and Fowler would each keep LSC's Confidential Information secret, not reveal it outside of the company, would not make use of the Confidential Information for their own purposes or for the benefit of anyone other than LSC, and, upon termination of their engagements with LSC, would return all software, data, and documents relating to LSC's Confidential Information in their possession; and (4) the dates on which the Volant Defendants became aware of Louis and Fowler's obligations under the respective Non-Compete and Confidentiality Agreements.

5.  Identify by (i) name, (ii) e-mail and/or other electronic addresses and text messaging numbers; (iii) physical address, (iv) company affiliation, and (v) title, all individuals who have knowledge or information concerning Fowler and/or Louis's use of Microsoft Azure as described in paragraphs 137-146 of the Complaint.

6.  Identify by (i) name, (ii) e-mail and/or other electronic addresses and text messaging numbers; (iii) physical address, (iv) company affiliation, and (v) title, all individuals who have knowledge or information concerning Plaintiffs' copyright registration relating to the Plaintiffs' clearing system's software and source code and any use or copying of Plaintiff's copyrighted material by any defendants as described in paragraphs 78, 181-185 of the Complaint.

7.  Identify by (i) name, (ii) e-mail and/or other electronic addresses and text messaging numbers; (iii) physical address, (iv) company affiliation, and (v) title, all individuals who have knowledge or information concerning any transferring, storing, using or receiving of Plaintiffs' information including, but not limited to, data, software, source code, programs, documents, algorithms, and cloud-based accounts, by defendants acting outside of Plaintiffs' control.

8.      Identify by (i) name, (ii) e-mail and/or other electronic addresses and text messaging numbers; (iii) physical address, (iv) company affiliation, and (v) title, all individuals who have knowledge or information concerning (i) the hiring, or consideration of hiring, of Louis or Fowler by the Volant Defendants (ii) Plaintiffs, their business, and their clearing system; and/or (iii) any work performed by, on behalf of, or at the request of, Louis and/or Fowler for the benefit of any of the Volant Defendants on or after July 13, 2018 concerning the plan for, creation, improvement, modification, or development of any stock or options clearing operations or any new graphical user interface ("GUI").

9.      Identify by (i) name, (ii) e-mail and/or other electronic addresses and text messaging numbers; (iii) physical address, (iv) company affiliation, and (v) title, all individuals who have knowledge or information concerning the retention by Louis or Fowler after the termination of their employment from LSC on July 13, 2018 of any of Plaintiffs' documents, software, or data, including, but not limited to, any confidential, proprietary and/or trade secret information concerning computer technology, software, source code, or business strategy.

10.      Identify by (i) name, (ii) e-mail and/or other electronic addresses and text messaging numbers; (iii) physical address, (iv) company affiliation, and (v) title, all individuals who have knowledge or information concerning communications between or among (a) Fowler, Louis, or their counsel, on the one hand, and (b) Howard Schiffman or Schulte, Roth and Zabel LLP, on the other hand, on or after July 13, 2018.

11.      Identify by (i) name, (ii) e-mail and/or other electronic addresses and text messaging numbers; (iii) physical address, (iv) company affiliation, and (v) title, all individuals who have knowledge or information concerning communications between or among Louis, Fowler and/or B. Riley on or after November 1, 2017.

9

12.     Identify each person, other than counsel, who participated in the preparation of

the responses to these interrogatories and document requests.

Dated:   New York, New York
         March 8, 2019
                                        DENTONS US LLP

                                        By: s/ Brian S. Cousin
                                            Brian S. Cousin, Esq.
                                            Mark M. Meredith, Esq.
                                            Christina S. Dumitrescu, Esq.
                                            1221 Avenue of the Americas
                                            New York, New York 10025
                                            (212) 768-6700
                                        Brian.cousin@dentons.com
                                        Mark.meredith@dentons.com
                                        Christina.dumitrescu@dentons.com

                                        TANNENBAUM  HELPERN  SYRACUSE
                                        & HIRSCHTRITT LLP

                                            Paul D. Sarkozi, Esq.
                                            Carl F. Regelmann, Esq.
                                            Richard W. Trotter, Esq.
                                            900 Third Avenue
                                            New York, New York 10022
                                            (212) 508-6700
                                        sarkozi@thsh.com
                                        regelmann@thsh.com

                                        *Attorneys for Plaintiffs*

To:
Patrick J. Boyd
The Boyd Law Group PLLC
370 Lexington Avenue, Suite 1012
New York, NY 10017
TEL 212.867.3675 / Direct Dial 212.867.5068 / FAX 212.867.5765
pboyd@theboydlawgroup.com
*Attorney for Jonathan Fowler*


Evan Weintraub, Esq.
WACHTEL MISSRY LLP
One Dag Hammarskjold Plaza
885 Second Avenue | New York, NY 10017

10

Telephone: (212) 909 - 9519 | Facsimile: (212) 909 - 9422
Email: weintraub@wmllp.com
*Attorney for Nicolas Louis*

110416144