# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
|   |   |
|---|---|
| LEK SECURITIES CORPORATION AND ROX SYSTEMS, INC., | Civil Action No. 1:19-cv-02142-RMB-BCM |
| Plaintiffs, | |
| - against - | |
| NICOLAS LOUIS, JONATHAN FOWLER, VOLANT HOLDING, LLC d/b/a VOLANT TRADING, VOLANT TRADING, LLC, VOLANT LIQUIDITY, LLC, AND VOLANT EXECUTION, LLC, | |
| Defendants. | |

------------------------------------------------------------------x

**VOLANT DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' [PROPOSED] FIRST SET OF LIMITED, EXPEDITED DOCUMENT REQUESTS TO THE VOLANT DEFENDANTS**

SCHULTE ROTH & ZABEL LLP

919 Third Avenue
New York, New York 10022
Telephone: 212.756.2000

*Attorneys for Volant Holding, LLC d/b/a Volant Trading, Volant Trading, LLC, Volant Liquidity, LLC, and Volant Execution, LLC*

Defendants Volant Holding, LLC d/b/a Volant Trading, Volant Trading, LLC, Volant Liquidity, LLC, and Volant Execution, LLC (together, "Volant Defendants") by and through their attorneys, Schulte Roth & Zabel LLP, hereby object and respond to Plaintiffs' [Proposed] First Set of Limited, Expedited Document Requests to the Volant Defendants, dated March 8, 2019 (the "Document Requests"), as follows:

## GENERAL OBJECTIONS AND RESPONSES

The following general objections and responses ("General Objections") are incorporated into each specific objection and response that follows. The statement of any specific objection in any response shall in no way waive or prejudice Volant Defendants' assertion of General Objections.

1. Volant Defendants object generally to any expedited or other discovery proceeding on the basis that the Plaintiffs are engaging in an impermissible fishing expedition before adequately pleading a single cause of action in their Complaint and satisfying the prongs necessary to obtain emergency injunctive relief. Furthermore, due to Plaintiffs' deficient pleadings, Plaintiffs have failed to establish that this Court has jurisdiction over these proceedings. For reasons set forth more fully in Volant Defendants' March 13, 2019 Memorandum of Law in Opposition to Plaintiffs' Application for a Temporary Restraining Order and Preliminary Injunction, the Plaintiffs have failed to demonstrate a likelihood of success on the merits; have not suffered, will not suffer and are at no risk of suffering irreparable harm without the Court's awarding injunctive relief; and none of the equities support the Plaintiffs' position. Although Volant Defendants believe it is impermissible to conduct discovery before Plaintiffs have satisfied their burdens, in an effort to keep these proceedings on track, Volant Defendants have provided these Objections and Responses to the Document Requests, provided

that no part or portion thereof shall not constitute an admission that discovery is proper at this time or a waiver of Volant Defendants' position that Plaintiffs' request for injunctive relief should be denied.

2. Volant Defendants object to the Document Requests to the extent that they seek the production of documents that contain Volant Defendants' proprietary business information or other confidential information, and will not produce such documents unless they are relevant and subject to an acceptable protective order governing who may have access to any such materials which are produced.

3. Volant Defendants object to the Document Requests to the extent that they seek information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case.

4. Volant Defendants object to the Document Requests to the extent that they call for the production, disclosure, or publication of any information, communication and/or document that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from discovery.

5. In the event that any information, communication, and/or document that is subject to a claim of privilege or protection is produced or disclosed, upon notice from the Volant Defendants of such inadvertent production or disclosure, any party receiving the information, communication, and/or document must promptly return or delete the specified information and any copies made thereof as instructed by the Volant Defendants and may not disclose or use any such information. If the Volant Defendants produce or disclose any privileged information or documents, such production or disclosure will have been inadvertent and shall not be deemed to

3

waive or abridge any applicable privilege or protection as to the relevant information or documents or any other document or communication.

6.  Volant Defendants object to the definitions set forth in the Document Requests to the extent that they are vague, ambiguous, unduly burdensome and overly broad.

7.  Volant Defendants object to Instruction No. 3 as inconsistent with or different from the requirements of the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law or rule.  Although Volant Defendants are not aware of any documents responsive to the Document Requests which have been discarded or destroyed, Volant Defendants will not identify documents which have been discarded or destroyed.

8.  Volant Defendants object to Instruction No. 4 to the extent it is duplicative of Instruction No. 10 and inconsistent with or different from the requirements of the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law or rule.  Subject to the General Objections and the Specific Objections set forth below, Volant Defendants will interpret Instruction No. 4 in accordance with the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law or rule.

9.  Volant Defendants object to Instruction No. 5 as inconsistent with or different from the requirements of the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law or rule.  Volant Defendants will not specify what disposition was made of such documents and who now possesses, has custody of, or controls such documents.

10. Volant Defendants object to Definition No. 1 ("Volant Defendants") as vague, ambiguous, and overly broad to the extent it defines Volant Defendants as anything other than

Volant Holding, LLC d/b/a Volant Trading, Volant Trading, LLC, Volant Liquidity, LLC, and/or Volant Execution, LLC and any person or entity under the control of such entities. Subject to the General Objections and the Specific Objections set forth below, Volant Defendants will interpret the term "Volant Defendants" as relating to such entities and any person or entity under the control of such entities.

11. Volant Defendants object specifically to Definition No. 8 ("Person" or "Persons") to the extent it purports to impose any burdens or duties on Volant Defendants that are inconsistent with or exceed the requirements of the Federal Rules of Civil Procedure, Local Civ. R. 26.3(c)(6), or any other applicable law or rule. Subject to the General Objections and the Specific Objections set forth below, Volant Defendants will interpret the term "Person" or "Persons" in accordance with the definition of "Person" found in the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law or rule.

12. Volant Defendants specifically object to Definition No. 9 ("Document") on the grounds that it limits the definition to items "in the actual or constructive possession, custody or control of Plaintiff." Volant Defendants have no control over what is in the possession, custody or control of Plaintiffs. To the extent that this amounts to a mistake by Plaintiffs, Volant Defendants will interpret all Requests under the assumption that Plaintiffs intended to write "in the actual or constructive possession, custody or control of Defendant." Operating under this assumption, Volant Defendants object to Definition No. 9 to the extent it purports to impose any burdens or duties on Volant Defendants that are inconsistent with or exceed the requirements of Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure, Rule 26.3(c)(2) of the Local Rules of the United States District Court for the Southern District of New York (the "Local Rules"), or any other applicable law or rule. Subject to the General Objections and the Specific Objections

set forth below, Volant Defendants will interpret the term "Document" in accordance with the definition of "Document" found in the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law or rule.

13. Volant Defendants object to Definition No. 10 ("Communication") to the extent it purports to impose any burdens or duties on Volant Defendants that are inconsistent with or exceed the requirements of the Federal Rules of Civil Procedure, Local Civ. R. 26.3(c)(1), or any other applicable law or rule.  Subject to the General Objections and the Specific Objections set forth below, Volant Defendants will interpret the term "Communication" in accordance with the definition of "Communication" found in the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law or rule.

14. Volant Defendants object to Definition No. 12 ("Concerning") to the extent it purports to impose any burdens or duties on Volant Defendants that are inconsistent with or exceed the requirements of the Federal Rules of Civil Procedure, Local Civ. R. 26.3(c)(7), or any other applicable law or rule.  Subject to the General Objections and the Specific Objections set forth below, Volant Defendants will interpret the term "Concerning" in accordance with the definition of "Concerning" found in the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law or rule.

15. Volant Defendants object to Definition No. 14 ("Identify") to the extent it purports to impose any burdens or duties on Volant Defendants that are inconsistent with or exceed the requirements of the Federal Rules of Civil Procedure, Local Civ. R. 26.3(c)(3), or any other applicable law or rule.  Subject to the General Objections and the Specific Objections set forth below, Volant Defendants will interpret the term "Identify" in accordance with the

definition of "Identify" found in the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law or rule.

16. Volant Defendants object to Definition No. 15 ("Identify") to the extent it purports to impose any burdens or duties on Volant Defendants that are inconsistent with or exceed the requirements of the Federal Rules of Civil Procedure, Local Civ. R. 26.3(c)(4), or any other applicable law or rule.  Subject to the General Objections and the Specific Objections set forth below, Volant Defendants will interpret the term "Identify" in accordance with the definition of "Identify" found in the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law or rule.

17. Volant Defendants object to Definition No. 16 ("Identify") to the extent it purports to impose any burdens or duties on Volant Defendants that are inconsistent with or exceed the requirements of the Federal Rules of Civil Procedure, Local Civ. R. 26.3(c)(3)-(4), or any other applicable law or rule.  Subject to the General Objections and the Specific Objections set forth below, Volant Defendants will interpret the term "Identify" in accordance with the definition of "Identify" found in the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law or rule.

18. Any statement made herein of an intent to produce responsive documents is not, and shall not be deemed, an admission that any such documents in fact exist, and merely indicates that, if any such non-privileged documents exist, have not otherwise been objected to and are within Volant Defendants' possession, custody or control, Volant Defendants will produce them.

19. Nothing herein shall be deemed an admission, concession or waiver by the Volant Defendants of any contention with respect to the validity of any claim, defense or argument asserted by Plaintiffs.

20. Volant Defendants reserve the right to supplement, clarify, and revise these responses to the extent additional information becomes available.

21. Volant Defendants reserve all objections to the admissibility of any information contained in the Responses.  The Responses do not constitute an admission by Volant Defendants that the information contained in the Responses is relevant to or admissible in this proceeding.

22. Volant Defendants expressly assert the foregoing General Objections to each and every Request in the Subpoena and specifically incorporate the General Objections enumerated above into each and every Response made below as though they were stated in full.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST NO. 1**

All documents and communications, including, but not limited to, electronic communications of individuals identified in response to Interrogatory 1, created on or after July 13, 2018 concerning (i) Plaintiffs' confidential and proprietary trade secret information or (ii) the hiring, or consideration of hiring, of Louis and/or Fowler by the Volant Defendants.

**RESPONSE TO REQUEST NO. 1**

Volant Defendants object to Request No. 1 on the grounds that it is vague, overly broad, and duplicative of Request Nos. 2-6, 8, 10-11 and 14.  Volant Defendants further object to Request No. 1 to the extent that it seeks information protected by the attorney-client privilege or

attorney work product doctrine; that it seeks information that is not in Volant Defendants' possession, custody or control; or that it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case.

Subject to the General Objections and the Specific Objections set forth in response to this Request, Volant Defendants will produce non-privileged documents, if any, located based upon a reasonable search that (i) concern Plaintiffs' confidential and proprietary trade secret information and (ii) concern Volant Defendants' hiring, or consideration of hiring, of Louis and/or Fowler to the extent that any such document pertains to Louis's and/or Fowler's restrictive covenants with Plaintiffs or Plaintiffs' confidential information.

**REQUEST NO. 2**

All documents and communications, including, but not limited to, email, texts, messaging applications and phone records, by, between or among Louis, Fowler and/or any agents or employees of the Volant Defendants from January 2018 to the present.

**RESPONSE TO REQUEST NO. 2**

Volant Defendants object to Request No. 2 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome and duplicative of Request Nos. 1 and 4-6. Volant Defendants further object to the extent that it seeks information protected by the attorney-client privilege or attorney work product doctrine, to the extent that it seeks information outside the possession, custody or control of Volant Defendants and to the extent that it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case.

Subject to the General Objections and Specific Objections set forth in response to this Request, Volant Defendants will produce non-privileged documents, if any, located based upon a reasonable search that concern communications between Volant Defendants and Louis

and/or Fowler concerning their restrictive covenants, terms and conditions of employment with Volant and/or Plaintiffs' confidential information.

**REQUEST NO. 3**

All documents concerning Plaintiffs' proprietary stock and options clearing system, including, but not limited to, the source code or architecture of Plaintiffs' clearing system and technology.

**RESPONSE TO REQUEST NO. 3**

Volant Defendants object to Request No. 3 on the grounds that it is vague and duplicative with Request Nos. 1, 9-11, and 14. Volant Defendants further object to the extent that it seeks information protected by the attorney-client privilege or attorney work product doctrine or that it seeks information outside the possession, custody or control of Volant Defendants.

Subject to the General Objections and the Specific Objections set forth in response to this Request, and based upon information and belief, Volant Defendants do not possess or control any documents that are responsive to this Request.

**REQUEST NO. 4**

All documents and communications concerning Louis's Non-Compete and Confidentiality Agreement, dated April 1, 2004.

**RESPONSE TO REQUEST NO. 4**

Volant Defendants object to Request No. 4 on the grounds that it is vague, overly broad, including as to temporal scope, and duplicative with Request Nos. 1, 2, 6, and 10. Volant Defendants further object to the extent that it seeks information protected by the attorney-client privilege or attorney work product doctrine or seeks information outside the possession, custody or control of Volant Defendants.

Subject to the General Objections and the Specific Objections set forth in response to this Request, Volant Defendants will produce non-privileged documents, if any, that concern Louis's Non-Compete and Confidentiality Agreement that are in Volant Defendants' possession, custody or control and that can be located based upon a reasonable search.

**REQUEST NO. 5**

All documents and communications concerning Fowler's Non-Compete and Confidentiality Agreement, dated October 10, 2011.

**RESPONSE TO REQUEST NO. 5**

Volant Defendants object to Request No. 5 on the grounds that it is vague, overly broad, including as to temporal scope, and duplicative with Request Nos. 1, 2, 6, and 10. Volant Defendants further object to the extent that it seeks information protected by the attorney-client privilege or attorney work product doctrine or seeks information outside the possession, custody or control of Volant Defendants.

Subject to the General Objections and the Specific Objections set forth in response to this Request, Volant Defendants will produce non-privileged documents, if any, that concern Fowler's Non-Compete and Confidentiality Agreement that are in Volant Defendants' possession, custody or control and that can be located based upon a reasonable search.

**REQUEST NO. 6**

All documents and communications by, between or among Louis, Fowler and the Volant Defendants concerning (i) the obligation of both Louis and Fowler not to compete for a period of 18 months from the termination of their employment with LSC under their respective Non-Compete and Confidentiality Agreements; (ii) Louis's and Fowler's acknowledgment under their respective Non-Compete and Confidentiality Agreements that LSC's computer products, operational methods, and business affairs were "Confidential Information," "not readily available

to the public," and constituted "trade secrets" of LSC as described in paragraphs 88-93 and 95-104 of the Complaint; and (iii) that under the respective Non-Compete and Confidentiality Agreements Louis and Fowler would each keep LSC's Confidential Information secret, not reveal it outside of the company, would not make use of the Confidential Information for their own purposes or for the benefit of anyone other than LSC, and, upon termination of their engagements with LSC, would return all software, data, and documents relating to LSC's Confidential Information in their possession; and (iv) the dates on which Volant became aware of Louis' and Fowler's obligations under the respective Non-Compete and Confidentiality Agreements.

**RESPONSE TO REQUEST NO. 6**

Volant Defendants object to Request No. 6 on the grounds that it is complex, vague and duplicative with Request Nos. 1, 2, 4 and 5. Volant Defendants further object to the extent that it seeks information protected by the attorney-client privilege or attorney work product doctrine or seeks information outside the possession, custody or control of Volant Defendants.

Subject to the General Objections and the Specific Objections set forth in response to this Request, Volant Defendants will produce relevant non-privileged documents, if any, that are in Volant Defendants' possession, custody or control and that can be located based upon a reasonable search.

**REQUEST NO. 7**

All documents concerning Fowler' and/or Louis's use of Microsoft Azure as described in paragraphs 137-146 of the Complaint.

**RESPONSE TO REQUEST NO. 7**

Volant Defendants object to Request No. 7 to the extent that it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case or is outside the possession, custody or control of Volant Defendants.

Subject to the General Objections and the Specific Objections set forth in response to this Request, Volant Defendants will produce relevant non-privileged documents, if any, that are in Volant Defendants' possession, custody or control and that can be located based upon a reasonable search.

**REQUEST NO. 8**

All documents and communications concerning Plaintiffs' copyright registration for Plaintiffs' clearing system's software and source code, including, but not limited to, any use or copying of Plaintiff's copyrighted material by any defendants as described in paragraphs 78, 181-185 of the Complaint.

**RESPONSE TO REQUEST NO. 8**

Volant Defendants object to Request Nos. 8 on the grounds that it is vague, ambiguous, unduly burdensome, overly broad and duplicative of Request Nos. 1 and 9.  Volant Defendants further object to the extent that the information is already available (*see* Lek Decl. Ex. 1, 2), protected by the attorney-client privilege or attorney work product doctrine or seeks information outside the possession, custody or control of Volant Defendants.

Subject to the General Objections and the Specific Objections set forth in response to this Request, Volant Defendants will produce relevant non-privileged documents, if any, that are in Volant Defendants' possession, custody or control and that can be located based upon a reasonable search.

**REQUEST NO. 9**

All documents and communications concerning the transferring, storing, using or receiving of Plaintiffs' information including, but not limited to, data, software, source code, programs, documents, algorithms, and cloud-based accounts, by any defendants acting outside of Plaintiffs' control.

**RESPONSE TO REQUEST NO. 9**

Volant Defendants object to Request No. 9 on the grounds that it is vague, overly broad and duplicative of Request Nos. 1, 3, 8, 10, 11, and 14.  Volant Defendants further object to the extent that it seeks information protected by the attorney-client privilege or attorney work product doctrine or information outside the possession, custody or control of Volant Defendants.

Subject to the General Objections and the Specific Objections set forth in response to this Request, Volant Defendants will produce relevant non-privileged documents, if any, that are in Volant Defendants' possession, custody or control and that can be located based upon a reasonable search.

**REQUEST NO. 10**

All documents concerning (i) the hiring, or consideration of hiring, of Louis or Fowler by the Volant Defendants (ii) Plaintiffs, their business, and their clearing system; and/or (iii) any work performed by, on behalf of, or at the request of, Louis and/or Fowler for the benefit of Volant on or after July 13, 2018 concerning the plan for, creation, improvement, modification, or development of any stock or options clearing operations or any new graphical user interface ("GUI") interface.

**RESPONSE TO REQUEST NO. 10**

Volant Defendants object to Request No. 10 on the grounds that it is ambiguous, unduly burdensome, overly broad and duplicative of Request Nos. 1, 3-5, 9, 11, 14 and 15.

Volant Defendants further object to the extent it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case, or concerns Volant Defendants' proprietary, confidential and trade secret information.

Subject to the General Objections and the Specific Objections set forth in response to this Request, Volant Defendants direct Plaintiffs attention to Volant Defendants Responses to Request Nos. 1, 3-5, 9, 11, 14 and 15.

**REQUEST NO. 11**

All documents and communications concerning the retention by Louis or Fowler after the termination of their employment from LSC on July 13, 2018 of any of Plaintiffs' documents, software, or data, including, but not limited to, any confidential, proprietary and/or trade secret information relating to computer technology, software, source code, or business strategy.

**RESPONSE TO REQUEST NO. 11**

Volant Defendants object to Request No. 11 on the grounds that it is duplicative with Request Nos. 1, 3, 9, 10 and 14 and to the extent that it seeks information protected by the attorney-client privilege or attorney work product doctrine or seeks information outside the possession, custody or control of Volant Defendants.

Subject to the General Objections and the Specific Objections set forth in response to this Request, Volant Defendants will produce relevant non-privileged documents, if any, that are in Volant Defendants' possession, custody or control and that can be located based upon a reasonable search.

**REQUEST NO. 12**

All communications between or among (i) Fowler, Louis, or their counsel, on the one hand, and (ii) Howard Schiffman or Schulte, Roth and Zabel LLP, on the other hand, on or after July 13, 2018.

**RESPONSE TO REQUEST NO. 12**

Volant Defendants object to Request No. 12 on the grounds that it seeks information or documents that are not in Volant Defendants' possession, custody or control and to the extent that it seeks information protected by the attorney-client privilege or attorney work product doctrine.

**REQUEST NO. 13**

All documents (i) responsive to any of the Interrogatories or (ii) relied upon in answering the Interrogatories.

**RESPONSE TO REQUEST NO. 13**

Volant Defendants object to Request No. 13 on the grounds that it seeks information or documents subject to Volant Defendants' objections to the Interrogatories.

Subject to the General Objections and the Specific Objections set forth in response to this Request, and any objections Volant Defendants set forth in their response to the Interrogatories, Volant Defendants will produce non-privileged documents, if any, that are responsive to the Interrogatories or relied upon in answering the Interrogatories that are in Volant Defendants' possession, custody or control and that can be located based upon a reasonable search.

**REQUEST NO. 14**

All documents and communications concerning Plaintiffs' confidential, proprietary and/or trade secret information.

**RESPONSE TO REQUEST NO. 14**

Volant Defendants object to Request No. 14 on the grounds that it is vague, unduly burdensome, overly broad and duplicative of Request Nos. 1, 3, 9, 10 and 11.  Volant Defendants further object to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine or seeks information outside the possession, custody or control of Volant Defendants.

Subject to the General Objections and the Specific Objections set forth in response to this Request, Volant Defendants will produce relevant non-privileged documents, if any, that are in Volant Defendants' possession, custody or control and that can be located based upon a reasonable search.

**REQUEST NO. 15**

All documents including, without limitation, any business plans related to stock and options clearing.

**RESPONSE TO REQUEST NO. 15**

Volant Defendants object to Request No. 15 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and duplicative of Request No. 10.  Volant Defendants further object to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine; seeks information outside the possession, custody or control of Volant Defendants; seeks information that is Volant Defendants' proprietary, confidential and trade secret information; or seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case.

Subject to the General Objections and the Specific Objections set forth in response to this Request, Volant Defendants will produce relevant non-privileged documents, if

any, that are in Volant Defendants' possession, custody or control and that can be located based upon a reasonable search.

**REQUEST NO. 16**

All communications and documents concerning communications between and among Louis, Fowler and/or B. Riley on or after November 1, 2017.

**RESPONSE TO REQUEST NO. 16**

Volant Defendants object to Request No. 16 on the grounds that it is ambiguous, vague, overly broad and unduly burdensome. Volant Defendants further object to the extent it seeks information outside the possession, custody or control of Volant Defendants; information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case; or information protected by the attorney-client privilege or attorney work product doctrine.

Subject to the General Objections and the Specific Objections set forth in response to this Request, Volant Defendants will produce relevant non-privileged documents, if any, that are in Volant Defendants' possession, custody or control and that can be located based upon a reasonable search.

Dated: New York, New York
March 13, 2019

SCHULTE ROTH & ZABEL LLP

By: /s/ Howard Schiffman
Howard Schiffman
Max Garfield
Hannah M. Thibideau

919 Third Avenue
New York, New York 10022
Telephone: 212.756.2000

*Attorneys for Volant Holding, LLC d/b/a Volant Trading, Volant Trading, LLC, Volant Liquidity, LLC, and Volant Execution, LLC*