# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
LEK SECURITIES CORPORATION AND ROX : 
SYSTEMS, INC.,                     :   Civil Action No. 1:19-cv-02142-RMB-
                                   :   BCM
            Plaintiffs,            :
                                   :   ECF Case
      - against -                  :
                                   :
NICOLAS LOUIS, JONATHAN FOWLER,    :
VOLANT HOLDING, LLC d/b/a VOLANT   :
TRADING, VOLANT TRADING, LLC,      :
VOLANT LIQUIDITY, LLC, AND VOLANT  :
EXECUTION, LLC,                    :
                                   :
            Defendants.            :
---------------------------------------------------------------x

**VOLANT DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' [PROPOSED] FIRST SET OF LIMITED, EXPEDITED INTERROGATORIES TO THE VOLANT DEFENDANTS**

SCHULTE ROTH & ZABEL LLP

919 Third Avenue
New York, New York 10022
Telephone: 212.756.2000

*Attorneys for Volant Holding, LLC d/b/a Volant Trading, Volant Trading, LLC, Volant Liquidity, LLC, and Volant Execution, LLC*

Defendants Volant Holding, LLC d/b/a Volant Trading, Volant Trading, LLC, Volant Liquidity, LLC, and Volant Execution, LLC (together, the "Volant Defendants") by and through their attorneys, Schulte Roth & Zabel LLP, hereby object and respond to Plaintiffs' [Proposed] First Set of Limited, Expedited Interrogatories to Volant Defendants, dated March 8, 2019 (the "Interrogatories"), as follows:

## GENERAL OBJECTIONS AND RESPONSES

The following general objections and responses ("General Objections") are incorporated into each specific objection and response that follows. The statement of any specific objection in any response shall in no way waive or prejudice Volant Defendants' assertion of General Objections.

1. Volant Defendants object generally to any expedited or other discovery proceeding on the basis that the Plaintiffs are engaging in an impermissible fishing expedition before adequately pleading a single cause of action in their Complaint and satisfying the prongs necessary to obtain emergency injunctive relief. Furthermore, due to Plaintiffs' deficient pleadings, Plaintiffs have failed to establish that this Court has jurisdiction over these proceedings. For reasons set forth more fully in Volant Defendants' March 13, 2019 Memorandum of Law in Opposition to Plaintiffs' Application for a Temporary Restraining Order and Preliminary Injunction, the Plaintiffs have failed to demonstrate a likelihood of success on the merits; have not suffered, will not suffer and are at no risk of suffering irreparable harm without the Court's awarding injunctive relief; and none of the equities support the Plaintiffs' position. Although Volant Defendants believe it is impermissible to conduct discovery before Plaintiffs have satisfied their burdens, in an effort to keep these proceedings on track, Volant Defendants have provided these Objections and Responses to Plaintiffs' [Proposed] First Set of Limited, Expedited Interrogatories to the Volant Defendants, dated March 8, 2019 (the

"Interrogatories"), provided that no part or portion thereof shall not constitute an admission that discovery is proper at this time or a waiver of Volant Defendants' position that Plaintiffs' request for injunctive relief should be denied.

2. Volant Defendants' Responses are based on information presently known to Volant Defendants and/or its counsel. Volant Defendants reserve the right to supplement, amend and/or modify the Responses in the event and to the extent that future discovery so justifies. Should Volant Defendants at any time supplement, amend and/or modify their Responses to any Interrogatories by agreement or otherwise, Volant Defendants reserve the right to assert any available privilege, immunity or other protection as to any communications, information or documents that might otherwise be discoverable in connection with Volant Defendants' supplementation, amendment or modification.

3. By making information available to the Plaintiffs, Volant Defendants do not waive, and do not intend to waive, any objections they may have regarding the Plaintiffs' use of such information, and Volant Defendants expressly reserve: (a) all objections regarding the competency, privilege, relevance, materiality and admissibility of all information produced herein; (b) the right to object to the Plaintiffs' use of any of the Responses, in whole or in part, or to object to the subject matter covered thereby in any later stage or proceeding in this litigation or any other litigation or arbitration, on any or all of the grounds set forth herein; (c) the right to object on any and all proper grounds, at any time, to other discovery procedures involving or relating to the subject matter of any information provided by Volant Defendants; and (d) all objections as to vagueness and ambiguity.

4. Nothing herein shall be deemed an admission, concession or waiver by Volant Defendants of any contention with respect to the validity of any claim, defense or argument asserted by the Plaintiffs.

5. Volant Defendants object to the Interrogatories to the extent that they call for the disclosure or publication of any information, communication and/or document that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from discovery.

6. Volant Defendants object to the Interrogatories to the extent they impose obligations outside the scope of Local Civil Rule 33.3(a) of the United States District Court for the Southern District of New York ("SDNY").

7. Volant Defendants object to the Interrogatories to the extent that they are duplicative, repetitious and/or redundant.

8. Volant Defendants object to the Interrogatores to the extent that they seek the production of documents that contain Volant Defendants' proprietary business information or other confidential information, and will not produce such documents unless they are relevant and subject to an acceptable protective order governing who may have access to any such materials which are produced.

9. Volant Defendants object to the Interrogatories to the extent that they seek information that is irrelevant to the claims and defenses at issue in this litigation and/or information that is not reasonably calculated to lead to the discovery of admissible evidence in this litigation.

4

10. Volant Defendants object to the definitions set forth in the Interrogatories to the extent that they are vague, ambiguous and overbroad, including as to temporal scope.

11. Volant Defendants specifically object to the definition in paragraph No. 5 ("Volant Defendants") as vague, ambiguous, and overly broad to the extent it defines Volant Defendants as anything other than Volant Holding, LLC d/b/a Volant Trading, Volant Trading, LLC, Volant Liquidity, LLC, and/or Volant Execution, LLC and any person or entity under the control of such entities.  Subject to the General Objections and the Specific Objections set forth below, Volant Defendants will interpret the term "Volant Defendants" as relating to such entities and any person or entity under their control.

12. Volant Defendants specifically object to the definition in paragraph No. 12 ("Person" or "Persons") to the extent it purports to impose any burdens or duties on Volant Defendants that are inconsistent with or exceed the requirements of the Federal Rules of Civil Procedure, Local Civ. R. 26.3(c)(6), or any other applicable law or rule.  Subject to the General Objections and the Specific Objections set forth below, Volant Defendants will interpret the term "Person" or "Persons" in accordance with the definition of "Person" found in the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law or rule.

13. Volant Defendants specifically object to the definition in paragraph No. 13 ("Document") on the ground that it limits the definition to items "in the actual or constructive possession, custody or control of Plaintiff."  Volant Defendants have no control over what is in the possession, custody or control of Plaintiffs.  To the extent that this amounts to a mistake by Plaintiffs, Defendants will interpret all Requests under the assumption that Plaintiff intended to write "in the actual or constructive possession, custody or control of Volant Defendants."

Operating under this assumption, Volant Defendants object to Definition No. 13 to the extent it purports to impose any burdens or duties on Volant Defendants that are as inconsistent with or exceed the requirements of Rule 34(a)(1)(A) the Federal Rules of Civil Procedure, Rule 26.3(c)(2) of the Local Rules of the United States District Court for the Southern District of New York (the "Local Rules"), or any other applicable law or rule.  Subject to the General Objections and the Specific Objections set forth below, Volant Defendants will interpret the term "Document" in accordance with the definition of "Document" found in the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law or rule.

14. Volant Defendants object to the definition in paragraph No. 14 ("Communication") to the extent it purports to impose any burdens or duties on Volant Defendants that are inconsistent with or exceed the requirements of the Federal Rules of Civil Procedure, Local Civ. R. 26.3(c)(1), or any other applicable law or rule.  Subject to the General Objections and the Specific Objections set forth below, Volant Defendants will interpret the term "Communication" in accordance with the definition of "Communication" found in the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law or rule.

15. Volant Defendants object to the definition in paragraph No. 16 ("Concerning") to the extent it purports to impose any burdens or duties on Volant Defendants that are inconsistent with or exceed the requirements of the Federal Rules of Civil Procedure, Local Civ. R. 26.3(c)(7), or any other applicable law or rule.  Subject to the General Objections and the Specific Objections set forth below, Volant Defendants will interpret the term "Concerning" in accordance with the definition of "Concerning" found in the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law or rule.

16. Volant Defendants object to the definition in paragraph No. 18 ("Identify") to the extent it purports to impose any burdens or duties on Volant Defendants that are inconsistent with or exceed the requirements of the Federal Rules of Civil Procedure, Local Civ. R. 26.3(c)(3), or any other applicable law or rule.  Subject to the General Objections and the Specific Objections set forth below, Volant Defendants will interpret the term "Identify" in accordance with the definition of "Identify" found in the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law or rule.

17. Volant Defendants object to the definition in paragraph No. 19 ("Identify") to the extent it purports to impose any burdens or duties on Volant Defendants that are inconsistent with or exceed the requirements of the Federal Rules of Civil Procedure, Local Civ. R. 26.3(c)(4), or any other applicable law or rule.  Subject to the General Objections and the Specific Objections set forth below, Volant Defendants will interpret the term "Identify" in accordance with the definition of "Identify" found in the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law or rule.

18. Volant Defendants object to the definition in paragraph No. 20 ("Identify") to the extent it purports to impose any burdens or duties on Volant Defendants that are inconsistent with or exceed the requirements of the Federal Rules of Civil Procedure, Local Civ. R. 26.3(c)(3)-(4), or any other applicable law or rule.  Subject to the General Objections and the Specific Objections set forth below, Volant Defendants will interpret the term "Identify" in accordance with the definition of "Identify" found in the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law or rule.

19. Volant Defendants reserve the right to supplement, clarify, and revise these responses to the extent additional information becomes available.

Case 1:19-cv-02142-RMB-BCM Document 19-3 Filed 03/13/19 Page 9 of 20

## SPECIFIC RESPONSES AND OBJECTIONS

In addition to the foregoing General Objections and Responses, which apply to each Interrogatory as if set forth fully in each specific response and objection below, Volant Defendants make the following specific responses and objections:

## REQUEST NO. 1

Identify by (i) name, (ii) e-mail and/or other electronic addresses and text messaging numbers; (iii) physical address, (iv) company affiliation, and (v) title, all individuals who have knowledge or information concerning the allegations in the Complaint.

## RESPONSE TO INTERROGATORY NO. 1

Volant Defendants object to Interrogatory No. 1 on the grounds that it is vague, ambiguous and overbroad. Volant Defendants further object to the extent that it seeks information that is not in Volant Defendants' possession, custody or control that is outside the scope of Local Rule 33.3.

Without waiving Volant Defendants' General Objection to any expedited or other discovery proceeding at this time, and subject to the General Objections and the Specific Objections set forth in response to this Interrogatory, Volant Defendants identify the following individuals who are employees of Volant Holdings, LLC and who hold various titles at the entities listed below:

1. Jonathan Fowler, Operations Manager of Volant Execution, LLC;
2. Nicolas Louis, Director of Clearing of Volant Execution, LLC;
3. Brian Donnelly, Chief Executive Officer of Volant Liquidity, LLC and Volant Execution, LLC;

4. Wilbert Shin, Chief Operating Officer of Volant Liquidity, LLC, and Chief Operating Officer and Chief Compliance Officer at Volant Execution, LLC;

5. Patrick McCreary, Executive Director of Volant Execution, LLC;

6. Craig Reilly, Director of Sales of Volant Execution, LLC; and

7. Michael Sanocki, Chief Compliance Officer and General Counsel of Volant Liquidity, LLC, and General Counsel of Volant Execution, LLC.

Individuals 1-2 may be contacted through counsel:

>Robert S. Landy
>
>Ford O'Brien LLP
>575 Fifth Avenue
>New York, New York 10017
>Telephone: (212) 858-0040
>Email: rlandy@fordobrien.com

Individuals 3-7 may be contacted through counsel:

>Howard Schiffman
>Max Garfield
>
>Schulte Roth & Zabel LLP
>919 Third Avenue
>New York, New York 10022
>Telephone: 212.756.2000
>Email: Howard.Schiffman@srz.com

**INTERROGATORY NO. 2**

Identify by (i) name, (ii) e-mail and/or other electronic addresses and text messaging numbers; (iii) physical address, (iv) company affiliation, and (v) title, all individuals who have knowledge or information concerning communications by, between or among Louis

10

and Fowler, on the one hand, and any agents or employees of Volant Defendants from January 2018 to the present.

**RESPONSE TO INTERROGATORY NO. 2**

Volant Defendants object to Interrogatory No. 2 on the grounds that it is overbroad, duplicative of Interrogatory No. 1.  Volant Defendants further object to the extent that it seeks information that is outside the scope of Local Rule 33.3.

Subject to the General Objections and Specific Objections set forth in response to this Interrogatory, to the extent that this Interrogatory is within the scope of Local Rule 33.3, Volant Defendants refer Plaintiffs to Volant Defendants' Response to Interrogatory No. 1.

**INTERROGATORY NO. 3**

Identify by (i) name, (ii) e-mail and/or other electronic addresses and text messaging numbers; (iii) physical address, (iv) company affiliation, and (v) title, all individuals who have knowledge or information concerning Plaintiffs' proprietary stock and options clearing system, including, but not limited to, the source code or architecture of Plaintiffs' clearing system and technology.

**RESPONSE TO INTERROGATORY NO. 3**

Volant Defendants object to Interrogatory No. 3 on the grounds that it is overly broad and duplicative of Interrogatory No. 1.  Volant Defendants further object to the extent that it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case; that is not in Volant Defendants' possession, custody or control; or that is outside the scope of Local Rule 33.3.

Subject to the General Objections and Specific Objections set forth in response to this Interrogatory, to the extent that this Interrogatory is within the scope of Local Rule 33.3, Volant Defendants refer Plaintiffs to Volant Defendants' Response to Interrogatory No. 1.

**INTERROGATORY NO. 4**

Identify by (i) name, (ii) e-mail and/or other electronic addresses and text messaging numbers; (iii) physical address, (iv) company affiliation, and (v) title, all individuals who have knowledge or information concerning (a) Louis's Non-Compete and Confidentiality Agreement, dated April 1, 2004; and (b) Fowler's Non-Compete and Confidentiality Agreements, dated October 10, 2011, as described in paragraphs 88-93 and 95-104 of the Complaint, including, but not limited to, (1) the obligation of both Louis and Fowler not to compete for a period of 18 months from the termination of their employment with LSC; (2) Louis and Fowler's acknowledgment under their respective Non-Compete and Confidentiality Agreements that LSC's computer products, operational methods, and business affairs were "Confidential Information," "not readily available to the public," and constituted "trade secrets" of LSC; (3) that under the respective Non-Compete and Confidentiality Agreements Louis and Fowler would each keep LSC's Confidential Information secret, not reveal it outside of the company, would not make use of the Confidential Information for their own purposes or for the benefit of anyone other than LSC, and, upon termination of their engagements with LSC, would return all software, data, and documents relating to LSC's Confidential Information in their possession; and (4) the dates on which Volant Defendants became aware of Louis and Fowler's obligations under the respective Non-Compete and Confidentiality Agreements.

**RESPONSE TO INTERROGATORY NO. 4**

Volant Defendants object to Interrogatory No. 4 on the grounds that it is complex and duplicative of Interrogatory No. 1.  Volant Defendants further object to the extent that it seeks information that is not in Volant Defendants' possession, custody or control or that is outside the scope of Local Rule 33.3.

Subject to the General Objections and Specific Objections set forth in response to this Interrogatory, to the extent that this Interrogatory is within the scope of Local Rule 33.3, Volant Defendants refer Plaintiffs to Volant Defendants' Response to Interrogatory No. 1.

**INTERROGATORY NO. 5**

Identify by (i) name, (ii) e-mail and/or other electronic addresses and text messaging numbers; (iii) physical address, (iv) company affiliation, and (v) title, all individuals who have knowledge or information concerning Fowler and/or Louis's use of Microsoft Azure as described in paragraphs 137-146 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 5**

Volant Defendants object to Interrogatory No. 5 on the grounds that it is vague and duplicative of Interrogatory No. 1.  Volant Defendants further object to the extent that it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case; that is not in Volant Defendants' possession, custody or control; or that is outside the scope of Local Rule 33.3.

Subject to the General Objections and Specific Objections set forth in response to this Interrogatory, to the extent that this Interrogatory is within the scope of Local Rule 33.3, Volant Defendants refer Plaintiffs to Volant Defendants' Response to Interrogatory No. 1.

**INTERROGATORY NO. 6**

Identify by (i) name, (ii) e-mail and/or other electronic addresses and text messaging numbers; (iii) physical address, (iv) company affiliation, and (v) title, all individuals who have knowledge or information concerning Plaintiffs' copyright registration relating to the Plaintiffs' clearing system's software and source code and any use or copying of Plaintiff's copyrighted material by any defendants as described in paragraphs 78, 181-185 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 6**

Volant Defendants object to Interrogatory No. 6 on the grounds that it is vague, overly broad and duplicative of Interrogatory No. 1.  Volant Defendants further object to the extent that it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case; that is not in Volant Defendants' possession, custody or control; or that is outside the scope of Local Rule 33.3.

Subject to the General Objections and Specific Objections set forth in response to this Interrogatory, to the extent that this Interrogatory is within the scope of Local Rule 33.3, Volant Defendants refer Plaintiffs to Volant Defendants' Response to Interrogatory No. 1.

**INTERROGATORY NO. 7**

Identify by (i) name, (ii) e-mail and/or other electronic addresses and text messaging numbers; (iii) physical address, (iv) company affiliation, and (v) title, all individuals who have knowledge or information concerning any transferring, storing, using or receiving of Plaintiffs' information including, but not limited to, data, software, source code, programs, documents, algorithms, and cloud-based accounts, by defendants acting outside of Plaintiffs' control.

**RESPONSE TO INTERROGATORY NO. 7**

Volant Defendants object to Interrogatory No. 7 on the grounds that it is vague, overly broad and duplicative of Interrogatory No. 1.  Volant Defendants further object to the extent that it seeks information that is not in Volant Defendants' possession, custody or control or that is outside the scope of Local Rule 33.3.

Subject to the General Objections and Specific Objections set forth in response to this Interrogatory, to the extent that this Interrogatory is within the scope of Local Rule 33.3, Volant Defendants refer Plaintiffs to Volant Defendants' Response to Interrogatory No. 1.

**INTERROGATORY NO. 8**

Identify by (i) name, (ii) e-mail and/or other electronic addresses and text messaging numbers; (iii) physical address, (iv) company affiliation, and (v) title, all individuals who have knowledge or information concerning (i) the hiring, or consideration of hiring, of Louis or Fowler by Volant Defendants (ii) Plaintiffs, their business, and their clearing system; and/or (iii) any work performed by, on behalf of, or at the request of, Louis and/or Fowler for the benefit of any of Volant Defendants on or after July 13, 2018 concerning the plan for, creation, improvement, modification, or development of any stock or options clearing operations or any new graphical user interface ("GUI").

**RESPONSE TO INTERROGATORY NO. 8**

Volant Defendants object to Interrogatory No. 8 on the grounds that it is vague, overly broad and duplicative of Interrogatory No. 1. Volant Defendants further object to the extent that it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case; that is not in Volant Defendants' possession, custody or control; or that is outside the scope of Local Rule 33.3.

Subject to the General Objections and Specific Objections set forth in response to this Interrogatory, to the extent that this Interrogatory is within the scope of Local Rule 33.3, Volant Defendants refer Plaintiffs to Volant Defendants' Response to Interrogatory No. 1.

**INTERROGATORY NO. 9**

Identify by (i) name, (ii) e-mail and/or other electronic addresses and text messaging numbers; (iii) physical address, (iv) company affiliation, and (v) title, all individuals who have knowledge or information concerning the retention by Louis or Fowler after the termination of their employment from LSC on July 13, 2018 of any of Plaintiffs' documents,

software, or data, including, but not limited to, any confidential, proprietary and/or trade secret information concerning computer technology, software, source code, or business strategy.

**RESPONSE TO INTERROGATORY NO. 9**

Volant Defendants object to Interrogatory No. 9 on the grounds that it is duplicative of Interrogatory No. 1.  Volant Defendants further object to the extent that it seeks information not in Volant Defendants' possession, custody or control or that is outside the scope of Local Rule 33.3.

Subject to the General Objections and Specific Objections set forth in response to this Interrogatory, to the extent that this Interrogatory is within the scope of Local Rule 33.3, Volant Defendants refer Plaintiffs to Volant Defendants' Response to Interrogatory No. 1.

**INTERROGATORY NO. 10**

Identify by (i) name, (ii) e-mail and/or other electronic addresses and text messaging numbers; (iii) physical address, (iv) company affiliation, and (v) title, all individuals who have knowledge or information concerning communications between or among (a) Fowler, Louis, or their counsel, on the one hand, and (b) Howard Schiffman or Schulte, Roth and Zabel LLP, on the other hand, on or after July 13, 2018.

**RESPONSE TO INTERROGATORY NO. 10**

Volant Defendants object to Interrogatory No. 10 on the grounds that it is vague, overly broad and duplicative of Interrogatory No. 1.  Volant Defendants further object to the extent that it seeks information protected by the attorney-client privilege or attorney work product doctrine; that is not in Volant Defendants' possession, custody or control; or that is outside the scope of Local Rule 33.3.

**INTERROGATORY NO. 11**

Identify by (i) name, (ii) e-mail and/or other electronic addresses and text messaging numbers; (iii) physical address, (iv) company affiliation, and (v) title, all individuals who have knowledge or information concerning communications between or among Louis, Fowler and/or B. Riley on or after November 1, 2017.

**RESPONSE TO INTERROGATORY NO. 11**

Volant Defendants object to Interrogatory No. 11 on the grounds that it is vague, overly broad and duplicative of Interrogatory No. 1.  Volant Defendants further object to the extent that it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case; that is not in Volant Defendants' possession, custody or control; or that is outside the scope of Local Rule 33.3.

**INTERROGATORY NO. 12**

Identify each person, other than counsel, who participated in the preparation of the responses to these interrogatories and document requests.

**RESPONSE TO INTERROGATORY NO. 12**

Volant Defendants object to Interrogatory No. 12 on the grounds that it is vague, overly broad and duplicative of Interrogatory No. 1.  Volant Defendants further object to the extent that it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case or that is outside the scope of Local Rule 33.3.

Dated: New York, New York
       March 13, 2019

SCHULTE ROTH & ZABEL LLP

By:   /s/ Howard Schiffman
      Howard Schiffman
      Max Garfield
      Hannah M. Thibideau

      919 Third Avenue
      New York, New York 10022
      Telephone: 212.756.2000

*Attorneys for Volant Holding, LLC d/b/a Volant Trading, Volant Trading, LLC, Volant Liquidity, LLC, and Volant Execution, LLC*

## VERIFICATION

STATE OF NEW YORK        )
                         ) SS.:
NEW YORK COUNTY          )

I, WILBERT SHIN, being duly sworn, declare under penalty of perjury, on behalf of Volant Holding, LLC d/b/a Volant Trading, Volant Trading, LLC, Volant Liquidity, LLC, and Volant Execution, LLC, that the facts set forth in Volant Holding, LLC d/b/a Volant Trading, Volant Trading, LLC, Volant Liquidity, LLC, and Volant Execution, LLC's Objections And Responses To Plaintiffs' [Proposed] First Set Of Limited, Expedited Interrogatories To The Volant Defendants are true and accurate based on the information available to me.

Dated: March 13, 2019
       New York, NY

_____

On this 13th day of March 2019, before me, the undersigned, personally appeared Wilbert Shin personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, that by his signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument, and that such individual made such appearance before the undersigned in the County of New York, State of New York.

_____
Notary Public

[Notary Seal: AVA LEILANI DEGORI, NOTARY, NO. 01DE6291315, QUALIFIED IN QUEENS COUNTY, STATE OF NEW YORK]

exp. 10/15/21

19