# EXHIBIT D



**Tannenbaum Helpern
Syracuse & Hirschtritt** LLP

900 Third Avenue New York, NY 10022-4775
Tel: (212) 508-6700 | Fax: (212) 371-1084
www.thsh.com | @THSHLAW

Paul D. Sarkozi
Direct Dial: (212) 508-7524
E-mail: sarkozi@thsh.com

January 24, 2019

<u>BY EMAIL</u>
Mark E. Brossman, Esq.
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY 10022
mark.brossman@srz.com

Dear Mr. Brossman:

    Our law firm represents Lek Securities Corporation and ROX Systems, Inc. (collectively, "Lek"). We write to you in response to a phone call our client received from your partner Howard Schiffman on behalf of Volant Trading ("Volant") with respect to Lek's former employees Nicolas Louis and Jonathan Fowler.

    As a threshold matter, we are informed by our client that Mr. Schiffman and your firm previously represented Lek. Accordingly, there is a potential conflict of interest that may preclude your firm's representation of Volant in any matter adverse to Lek. Lek does not waive this conflict or consent to your firm's representation of Volant adverse to Lek and reserves all of its rights.

    As for the substance of Volant's interest in Messrs. Louis and Fowler, as Mr. Schiffman noted, both Louis and Fowler have executed Non-Compete and Confidentiality Agreements that expressly prohibit each of them from transmitting or using or creating a derivative of ROX's confidential information and from competing with Lek for 18 months from the termination of their employment. As Volant undoubtedly knows, Lek has developed unique, confidential and proprietary processes and copyrighted software that offer enormous value. ROX's proprietary stock loan management systems allow Lek to avoid paying fees to Loanet on thousands of stock loan transactions. ROX's confidential self-clearing systems permit Lek to engage in market transaction for itself and its customers without paying the millions of dollars in fees that competitors, like Volant, must pay to clearing agents such as Goldman Sachs and ABN AMRO. Lek has also developed proprietary applications that interface with the Options Clearing Corporation ("OCC") that help manage Lek's self-clearing business with respect to options. Lek has invested millions of dollars over the years to create and improve upon these proprietary systems and to protect them as trade secrets, and these trade secrets provide Lek with an important competitive advantage in the marketplace.

    Messrs. Louis and Fowler were key Lek employees that were critically involved in the creation and implementation of proprietary technology, algorithms and databases relating to, *inter*

Mark Brossman, Esq.
January 24, 2019
Page 2

*alia*, stock-clearing, options-clearing and stock loan management intellectual property and trade secrets that are critical to Lek's financial success. Lek will vigorously defend these trade secrets and intellectual property from misappropriation or misuse if Volant attempts to induce Louis and Fowler to breach their contractual or fiduciary obligations or misappropriate Lek's trade secrets and intellectual property in breach of state and federal common law and statutes.

To that end, we want to make sure that Volant is aware of the background of recent issues involving Lek, Mr. Louis and Mr. Fowler. In 2018, Lek became aware that a competing broker-dealer made a joint offer of employment to Mr. Louis and Mr. Fowler. Based on evidence it obtained, for reasons that Messrs. Fowler and Louis can explain and as set forth in correspondence provided to each, Lek had reason to believe that Messrs. Fowler and Louis intended to replicate ROX's stock loan management and self-clearing technology for the Lek competitor. Lek made clear to Messrs. Fowler and Louis and Lek's competitor that it would not approve of such conduct and indicated that it was prepared to commence litigation in Federal Court and seek a temporary restraining order if Lek's competitor proceeded with the intended employment. As Messrs. Fowler and Louis can explain to you, the offers of employment were withdrawn and neither Mr. Fowler nor Mr. Louis was hired. Moreover, we understand that Mr. Fowler gave Volant a demonstration of ROX's proprietary and confidential Options Dashboard program. This demonstration may have been in violation of Lek's statutory, common law and contractual rights. To the extent that Volant's proposed dealings are the product of this demonstration, which may have been in violation of Lek's statutory, common law and contractual rights, Volant's proposed hiring of Messrs. Fowler and Louis raises particularly troubling concerns.

Notwithstanding the foregoing, my clients are willing to discuss the matter with Volant further to determine whether an amicable resolution can be reached that protects Lek's rights without the need to commence litigation. If Volant is interested in developing a business solution that is mutually beneficial to all of our clients as well as Messrs. Fowler and Louis, please have a representative of Volant call me at 212-508-7524. Lek is open to a range of solutions.

My clients reserve all rights and remedies at law and in equity.

Very truly yours,

Paul D. Sarkozi

cc: Howard Schiffman, Esq.