**Brian S. Cousin**
Partner

brian.cousin@dentons.com
D  +1 212 398 5776

Dentons US LLP
1221 Avenue of the Americas
New York, NY  10020-1089
United States

dentons.com

April 2, 2019

**BY ECF**

Hon. Barbara Moses
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
Courtroom 20A
New York, NY 10007

Re:   *Lek Securities Corp., et al. v. Nicolas Louis, et al.*,
      Case No. 1:19-cv-02142(RMB/BCM) - Joint Letter on
      Parties' Proposed Scheduling Orders and Protective Order

Dear Judge Moses:

This joint letter is respectfully being submitted in response to Your Honor's March 25, 2019 Order (ECF No. 39) instructing the parties to submit a joint letter providing a proposed discovery schedule and protective order and authorizing the parties to briefly set forth their positions in the event of disagreement.  On April 1, 2019, Judge Berman continued the TRO and instructed the parties to engage in discovery designed to enable the case to promptly proceed to a full trial on the merits (thus bypassing the need for a separate hearing on the plaintiffs' motion for a preliminary injunction). Court Tr. 3:19-20, 9:19-10:1.  The parties, through their respective counsel, have conferred with respect to an appropriate schedule for such discovery, as well as a proposed form of protective order.

The parties have been able to agree on a form of protective order with the exception of three paragraphs the defendants would like included and that the plaintiffs believe are not necessary or appropriate.  Accordingly, we are submitting this letter with two versions of the protective order, a clean version marked as Exhibit 1-A and a redline version marked as Exhibit 1-B, which illustrates the three paragraphs about which the parties were unable to agree.

Hon. Barbara Moses
April 2, 2019
Page 2

dentons.com

The parties have not been able to agree on the scope or schedule for discovery. Accordingly, consistent with Your Honor's March 25, 2019 Order, the plaintiffs and defendants have each prepared proposed schedules. The plaintiffs' proposed schedule is attached hereto as Exhibit 2. The defendants offer two proposed schedules, attached hereto as Exhibits 3-A and 3-B.

<u>Plaintiffs' Position on Their Proposed Scheduling Order</u>:

In light of Judge Berman's instructions that the parties proceed with discovery so that a full trial on the merits can be scheduled after the completion of that discovery, plaintiffs believe that the Court should enter their proposed scheduling order attached as Exhibit 2. Consistent with judicial economy and efficiency, plaintiffs' proposed schedule provides for a streamlined but reasonable process that balances the parties' rights to full merits discovery under the Federal Rules of Civil Procedure - by way of document production (Fed. R. Civ. P. 26(b)), interrogatories (Fed. R. Civ. P. 26(b)), and oral depositions (Fed. R. Civ. P. 30) - with the parties' desire for expedited discovery. No aspect of plaintiffs' proposed schedule, in any way, goes beyond the depositions plaintiffs are entitled to as a matter of right under Fed. R. Civ. P. 30(a). Plaintiffs do not believe that either of the defendants' proposed schedules adequately takes into consideration or protects the plaintiffs' rights under the Federal Rules of Civil Procedure to (1) request and receive documents relevant to each of the causes of action set forth in the complaint and each of the defenses pled in the defendants' answers (to date, none of the defendants have answered the complaint) and (2) conduct oral depositions prior to trial on the merits.

<u>Defendants' Position on Their Proposed Scheduling Order</u>:

The defendants believe that in light of Judge Berman's instructions on the record on April 1, 2019, and for reasons of judicial economy and efficiency and other reasons briefly set forth below, that the Court should enter a very expedited schedule without oral depositions and limited document discovery. This proposed schedule is attached as Exhibit 3-A. The defendants believe this is appropriate due to the facts that (i) the individual defendants Nicolas Louis and Jonathan Fowler (the "Individual Defendants") have been suspended from working for nearly a month and are no longer earning their full salaries, (ii) the plaintiffs have failed to make any non-conclusory allegations regarding the trade secrets and/or confidential information the defendants purportedly possess, (iii) any discovery beyond very limited document discovery will permit the Plaintiffs to elongate the litigation unnecessarily while the Plaintiffs search for evidence to substantiate their conclusory allegations and attempt make this cost-prohibitive for all Defendants. In the event the Court declines to enter this proposed order Exhibit 3-A, the Defendants have developed an alternate proposal, attached as Exhibit 3-B, that provides for more robust discovery consistent with the schedule proposed by the Plaintiffs on a more expeditious timeframe. In that scenario, the Defendants expect Plaintiffs to respond comprehensively to the full written discovery requests propounded by the Individual Defendants and the Volant defendants on April 2, 2019.

Hon. Barbara Moses
April 2, 2019
Page 3

dentons.com

    Counsel for the parties respectfully request a conference with Your Honor to further discuss the parties' submissions.

                                      Respectfully submitted,

                                      <u>/s Brian S. Cousin</u>
                                      Brian S. Cousin

cc:   All Counsel of Record