```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/5/19
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEK SECURITIES CORPORATION, et ano.,

    Plaintiffs,

-against-

NICOLAS LOUIS, et al.,

    Defendant.

19-CV-2142 (RMB) (BCM)

**EXPEDITED DISCOVERY AND
CASE MANAGEMENT ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

After consultation with the parties on April 4, 2019, the Court adopts the following order pursuant to Fed. R. Civ. P. 16(b):

1. Protective Order. No later than **5:00 p.m. on April 5, 2019**, the parties shall file a proposed form of Protective Order, revised as discussed at the April 4 conference. If the parties are unable to agree on a revised form of Protective Order, they shall instead submit a redline reflecting any remaining areas of disagreement, as well as a Word version of the same redline, sent via email to:

   moses_nysdchambers@nysd.uscourts.gov

2. Joinder and Amendment. Defendants shall answer or otherwise respond to the complaint no later than **April 12, 2019**. Thereafter, the parties shall not amend their pleadings, or join additional parties, absent leave of the Court.

3. Automatic Disclosures and Written Discovery Responses. No later than **April 15, 2019**, the parties shall:

   a. exchange the disclosures required by Fed. R. Civ. P. 26(a)(1);

   b. serve all remaining objections and responses to each other's previously-served written discovery requests;

   c. produce all responsive documents not objected to or withheld on the basis of privilege; and

   d. serve their privilege logs in compliance with Local Civil Rule 26.2.

4. Non-Party Discovery. Non-party document subpoenas shall be served no later than **April 19, 2019.** Additionally**,** plaintiffs may, without further leave of Court, serve a deposition subpoena on non-party B. Riley Capital Management, LLC, and

    defendants may, without further leave of Court, serve a deposition subpoena on non-party Whitfield Gregg (or otherwise arrange for his deposition).

5. <u>Conference</u>. Judge Moses will conduct a discovery conference on **April 29, 2019, at 10:30 a.m.** No later than **noon on April 25, 2019** the parties shall submit a joint status letter outlining the progress of discovery to date, including any outstanding discovery disputes requiring judicial resolution, and updating the Court on the parties' settlement efforts, if any. If no discovery controversies exist at that time, the parties may request that the conference be held telephonically.

6. <u>Depositions</u>. Depositions shall take place **between May 6 and May 31, 2019.** There is no priority of deposition, and the parties are expected to cooperate in good faith to schedule the permitted depositions efficiently and in a manner designed to minimize hardship on the witnesses and counsel. The parties may, without further leave of the Court, notice and conduct the following depositions (each for a maximum of seven hours, unless otherwise indicated):

    a. Plaintiffs:

        i. Mr. Louis;

        ii. Mr. Fowler;

        iii. Volant Holding, LLC, Volant Trading, LLC, Volant Liquidity, LLC, *and* Volant Execution, LLC, per Rule 30(b)(6) (for an aggregate of no more than 7 hours, and on the understanding that defendants' designated 30(b)(6) witness(es) can speak for all four entities);

        iv. Mr. Donnelly (3-1/2 hours);

        v. B. Riley, per Rules 45 and 30(b)(6); and

        vi. Mr. Shin *and/or* McCreary *and/or* Mr. Riley (for an aggregate of no more than 7 hours).

    b. Defendants:

        i. Samuel Lek;

        ii. Charles Lek (2 hours);

        iii. Mr. Solano;

        iv. Lek Securities Corporation *and* Rox Systems, Inc., per Rule 30(b)(6) (for an aggregate of no more than 7 hours, and on the understanding that plaintiffs' designated 30(b)(6) witness(es) can speak for both entities); and

2

      v.   Mr. Gregg (3-1/2 hours) (per Rule 45, if necessary).

The parties shall conduct no other depositions absent the consent of all parties or leave of the Court.

7. <u>Depositions and Additional Fact Discovery</u>. All remaining fact discovery, including any follow-up written discovery and any additional depositions agreed to by the parties or authorized by the Court, shall be completed no later than **May 31, 2019**.

8. <u>Expert Discovery</u>. Disclosure of expert evidence, including the identities and written reports of experts, as required by Fed. R. Civ. P. 26(a)(2)(A), (B), or (C), shall be made no later than **June 10, 2019**. The disclosure of expert evidence intended solely to contradict or rebut expert evidence on the same subject matter disclosed by the opposing party shall be made no later than **June 20, 2019**. Depositions of experts shall be completed no later than **July 1, 2019**.

9. <u>Close of Discovery</u>. All discovery must be completed no later than **July 1, 2019**.

10. <u>Summary Judgment and Trial</u>. The parties are directed to contact the district judge's chambers concerning a schedule for summary judgment and/or trial.

11. <u>Extensions and Adjournments</u>. Any application for extension or adjournment of the time limits, deadlines or conferences set forth above must be made by letter-motion, in accordance with this Court's Individual Practices, as soon as the need for the extension or adjournment is reasonably apparent to the party making the application. **Applications made after the expiration of the deadline in question may be summarily denied**.

12. <u>Discovery of ESI</u>. If they have not already done so, counsel are hereby directed to confer with one another by telephone or in person **within one week of the date of this Order** regarding potential discovery issues concerning electronically stored information (ESI). An exchange of letters or emails is not sufficient. Counsel must discuss, among other things, sources of relevant ESI; steps taken or to be taken to preserve relevant ESI; identification of appropriate custodians; ESI search and review procedures; form of production of ESI; any limitations or anticipated difficulties regarding discovery or production of ESI; cost estimates; and proposals for containing or sharing costs.

13. <u>Discovery Applications</u>. Discovery disputes that cannot be resolved after good-faith negotiations (and that cannot await the next regularly scheduled discovery conference) may be presented by letter-motion in accordance with this Court's Individual Practices. Such applications must be made promptly after the need for court intervention arises, but in no event before the parties have met and conferred, in person or via telephone, with respect to all issues in dispute. An exchange of letters or emails is not sufficient.

14. <u>Amendments to Discovery Rules</u>. Counsel are strongly advised to review the current version of the Federal Rules of Civil Procedure, which were substantially amended in

December 2015, before seeking judicial intervention regarding a discovery dispute. Among other things Rule 26(b)(1) has been amended to limit the scope of discovery to matters that are non-privileged, relevant, and "proportional to the needs of the case." Rule 26(g) requires counsel to sign discovery requests, responses, and objections, thereby certifying that to the best of the signer's knowledge, information and belief, formed after a reasonable inquiry, each disclosure is "complete and correct as of the time it is made," and that each request or objection is "consistent with these rules," not interposed for any improper purpose, and neither unreasonable not unduly burdensome or expensive. Rule 34(b)(2) requires the responding party to "state with specificity the grounds for objecting to the request, including the reasons," and to do so with respect to "each item or category."

15. <u>Fed. R. Evid. 502(d) Order</u>. The disclosure of documents or information (electronic or otherwise) subject to the attorney-client privilege, the work product doctrine, or other privilege or immunity from production shall not operate as a waiver of that privilege or immunity in this case or in any other federal or state proceeding. This paragraph shall be interpreted to provide the maximum protection permitted by Fed. R. Evid. 502(d).

Dated: New York, New York
April 5, 2019

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**