**Schulte Roth & Zabel** LLP

919 Third Avenue
New York, NY 10022
212.756.2000
212.593.5955 fax

www.srz.com

Writer's Direct Number
212.756.2733

Writer's E-mail Address
howard.schiffman@srz.com

April 8, 2019

**VIA ECF**

The Honorable Richard M. Berman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Lek Sec. Corp., et al., v. Louis, et al.,* Case No. 1:19-cv-02142-RMB-BCM

Dear Judge Berman:

Schulte Roth & Zabel LLP is counsel to defendants Volant Holding, LLC d/b/a Volant Trading, Volant Trading, LLC, Volant Liquidity, LLC, and Volant Execution, LLC (collectively "Volant"). We write respectfully pursuant to the Court's April 4, 2019 Order regarding Plaintiffs' bond in this matter, and to raise another far more pressing matter.

First, as to Plaintiffs' bond, the amount is disproportionate and woefully low, particularly given the trial schedule in place. Volant has effectively been paralyzed in its business plans while the temporary restraining order ("TRO") Your Honor issued **31 days** ago, on March 8, 2019, persists. Volant formulated a carefully thought out business plan that, in part, was tied to hiring defendants Nicolas Louis and Jonathan Fowler (the "Individual Defendants"), replete with safeguards against acquiring or using Plaintiffs' trade secrets or confidential information. For 31 days so far, and now for more than three additional months, at least, if there is no trial until July 8th or later, Volant cannot determine whether it will be permitted to pursue those plans or be forced to abandon or re-write them. Either way, Volant is losing meaningful opportunities while forced to wait, and the bond's imposition on Plaintiffs, which is supposed to be commensurate with the damages incurred by the defendants in the event they have been wrongly restrained (as they undoubtedly have), is negligible.[1] *See Sanofi-Synthelabo v. Apotex, Inc.*, 470 F. 3d 1368, 1385 (Fed Cir. 2006) (In considering the proper bond, a court may consider, *inter alia*, "potential lost profits, lost market share and associated costs of relaunch" in the event of wrongful enjoinment.) The bond should be increased to well beyond $1 million.

More broadly, the schedule and broad discovery the Court has enabled will

---

[1] We understand that the Individual Defendants, in their letter of today's date, will address further the issue of the dollar amount of Plaintiffs' bond as the Court requested.

The Honorable Richard M. Berman
April 8, 2019
Page 2

severely prejudice the defendants, hands an unearned victory to Plaintiffs, and contradicts what the Court told the parties that it would do just one week ago.  On April 1, 2019, the Court indicated that a trial would happen imminently.  (*See* April 1, 2019 Transcript at 12:9-10 (The Court:  "Three to four weeks total. How does that sound to you?"))  Then, in a stunning reversal, when the parties appeared before the Magistrate Judge on April 4, the Magistrate Judge informed the parties that Your Honor would not be prepared to hold a trial until ***July 2019***.  Federal Rule of Civil Procedure 65(b)(2) provides, in relevant part, that a temporary restraining order:

> expires at the time after entry—not to exceed **14 days**—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record.

(Emphasis added.)  The Court has failed to comply with any part of this.  By keeping the TRO in force for what will be more than four months – more than **120 days** – if not longer, without making any findings of fact or conclusions of law, let alone any "good cause," the Court has granted Plaintiffs a preliminary injunction with no hearing despite the mandate of FRCP 65(a). Moreover, as defendants have argued repeatedly, the Court has yet to rule Plaintiffs have even asserted a viable federal claim.[2]  Jurisdiction must be decided first, with a written ruling.

This is all exactly what Plaintiffs want (and more than they ever could have realistically hoped this Court to permit).  Plaintiffs are weaponizing the costs of litigation to punish the defendants and harm Volant's legitimate business pursuits, a goal which Plaintiffs will achieve regardless of the merits if the current case plan remains.  The costs of this litigation will skyrocket while Plaintiffs enjoy the benefits of a stay that violates the Federal Rules and to which they are not entitled – all while Volant's business plans are paralyzed and the Individual Defendants cannot work or earn their regular salaries, and both incur significant attorneys' fees.

Plaintiffs' conduct in discovery, which the Court has enabled, reinforces that their only aim is to impose untenable costs on the defendants to force the defendants to give up.  Plaintiffs' discovery efforts stretch well beyond anything having to do with Volant's recruitment and employment of the Individual Defendants and the minimal work the Individual Defendants performed during their very brief time at Volant, which should be the ***only*** legitimate topics for expedited discovery from defendants in a case of this nature.[3]  Rather than actual expedited discovery that the Court indicated would follow, the discovery timeframe, scope of Plaintiffs' intended discovery, and costs that are guaranteed to result have ballooned into something far closer to full discovery – again, all without any factual or legal findings by the Court.

---

[2] *See* Volant's March 13, 2019 Memorandum of Law in Opposition to Plaintiffs' Application for a Temporary Restraining Order and Preliminary Injunction at pages 18-24 and cases cited therein.  (Docket Entry No. 21.)

[3] It also is evident that Plaintiffs improperly are fishing for improper insight into Volant's business plans and trade secrets.  This includes, but is not limited to, seeking discovery from the non-party Chinese fintech firm Mr. Louis noted in Mr. Louis's March 13, 2019 Declaration (*see* Docket Entry No. 26) and seeking documents about Volant's acquisition of personnel and technology to develop a state-of-the-art clearing system, including related to Compass Professional Services, LLC (Plaintiffs' April 3, 2019 Second Set of Expedited Document Requests Nos. 6 and 8.)

The Honorable Richard M. Berman
April 8, 2019
Page 3

Although the Court has suggested that this matter should be settled, Plaintiffs have no interest in settling this case on commercially reasonable terms and only are interested in ensuring that the Individual Defendants never work again in the industry. Plaintiffs are transparently inflating the costs of litigation to ensure that defending this matter becomes commercially unreasonable for the defendants. Volant's available market alternatives impose a cap when litigating this matter on the merit (as it should be decided) becomes irrational. Plaintiffs are exploiting this (with the Court's tacit blessing to date, unfortunately). This outcome, which is inevitable unless the Court dramatically reverses course immediately, will enable Plaintiffs to achieve their improper objectives of keeping the Individual Defendants from working – which Plaintiffs have admitted is their aim – without proving anything.[4] The current schedule and persistent TRO are facilitating their punitive aims. The current schedule gives Plaintiffs ammunition to bully the defendants into submission (as Plaintiffs apparently did with B. Riley last July by raising the specter of litigation), and creates a situation in which the only sensible outcome is for the defendants to acquiesce to Plaintiffs' tactics and surrender. The Court should not continue to allow Plaintiffs to intimidate Volant and other prospective employers.

Accordingly, we respectfully request that the Court enter an order as follows:

- Increase Plaintiffs bond to well over $1 million by April 9, 2019;

- Void the TRO immediately;

- Parties submit 15 page briefs on Court's jurisdiction by April 11, 2019; and,

- Trial on merits completed by April 19, 2019 (which the Court indicated on April 1, 2019 that it could conduct), with decision shortly thereafter.

Finally, while we understand Your Honor has delegated responsibility for discovery to Magistrate Judge Moses, we request that appropriate steps be taken immediately to dramatically curtail the scope of discovery, including as follows:

- Narrow document discovery with productions made imminently[5]; and,

- No depositions or expert discovery permitted.

Any outcome other than this will result in manifest injustice and play right into Plaintiffs' hands. We thank the Court for its attention to this letter.

---

[4] As Your Honor summarized during the March 14, 2019 Court hearing, Plaintiffs position is that the Individual Defendants should be "fired" by Volant. *See* March 14, 2019 Hearing Transcript at 40-41.

[5] Defendants should produce all non-privileged documents containing communications between the Individual Defendants and Volant and Individual Defendants' work product from Volant; and, Plaintiffs should produce all documents relevant to their allegations that each of the Defendants possess Plaintiffs' trade secrets and confidential information, including documents sufficient to identify the purported trade secrets, and documents sufficient to show customers and clients to whom Plaintiffs have leased or attempted to lease their clearing system.

The Honorable Richard M. Berman
April 8, 2019
Page 4

                                          Respectfully submitted,

                                          /s/ Howard Schiffman

                                          Howard Schiffman

cc:      All Counsel of Record