UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

LEK SECURITIES CORPORATION and
ROX SYSTEMS, INC.

                                  *Plaintiffs*,

        - against –

NICOLAS LOUIS, JONATHAN FOWLER, VOLANT
HOLDING, LLC d/b/a VOLANT TRADING, VOLANT
TRADING, LLC, VOLANT LIQUIDITY, LLC, AND
VOLANT EXECUTION, LLC

                                  *Defendants*.

------------------------------------------------------------------- x

Case No.: 19-CV-02142 (RMB/BCM)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/8/19

## ~~[PROPOSED]~~ PROTECTIVE ORDER BY CONSENT

WHEREAS, Plaintiffs Lek Securities Corporation and ROX Systems, Inc. (collectively, "Plaintiffs"), and Defendants Nicolas Louis ("Louis"), Jonathan Fowler ("Fowler"), Volant Holdings, LLC d/b/a Volant Trading, Volant Trading, LLC, Volant Liquidity, LLC, and Volant Execution, LLC (together, the "Volant Defendants") (collectively, "Defendants") have each been requested or will be requested to respond to discovery requests; and

WHEREAS, it appearing that discovery in the above-captioned action (the "Litigation," which for purposes of this Protective Order by Consent (the "Order") includes any appeals) is likely to involve the disclosure of confidential, proprietary and/or trade secret information, it is ORDERED as follows:

1. This Order governs the use and handling of documents, things, electronic information in any form (including embedded data and metadata), testimony, interrogatory responses, and other information, including all copies, excerpts, and summaries thereof (collectively, the "Material") produced or given by any defendant, plaintiff, or other individual or entity in this Litigation.

2. Any party to this Litigation and any third party covered by this Order shall have the right to designate as "Confidential" and subject to this Order, any Material: (a) that contains trade secrets, codes, source codes, software programs, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, including information reasonably believed to be confidential, proprietary and/or a trade secret; or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under the Federal Rules of Civil Procedure and this Order.  Any party to this Litigation or any third party covered by this Order, who produces or discloses any confidential material, including any material believed to be confidential, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the legend: "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential"). In the event that a party seeks to designate documents or things as "Confidential", they shall note that in the covering transmittal of such information.

3. Any party to this Litigation and third party covered by this Order shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order, any Material that contains highly sensitive business or personal information, the disclosure of which is highly likely to

cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or third party who is covered by this Order, who produces or discloses any "Attorneys' Eyes Only" Material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY - SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only"). In the event that a party or third party seeks to designate documents or things as "Attorneys' Eyes Only," they shall note that in the covering transmittal of such information.

4. All "Confidential" Material shall be used by the receiving party solely for purposes of the prosecution or defense of this Litigation, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 5, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the Litigation based on his or her evaluation of "Confidential" material, provided that such advice and opinions shall not reveal the content of such "Confidential" material except by prior written agreement of counsel for the parties, or by Order of the Court.

5. "Confidential" Material and the contents of "Confidential" Material may be disclosed only to the following individuals under the following conditions:

    a. Outside counsel and staff (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

b. Outside experts or consultants retained by outside counsel for purposes of this Litigation, provided that each such person acknowledges in writing that he or she has read this Order and agrees to be bound by it by signing the acknowledgment attached hereto as *Exhibit A*;

c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing in (a) and/or (b);

d. The Court and court personnel;

e. Any deponent or witness may be shown or examined on any information, document or thing designated "Confidential" if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

g. The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives and employees who are required to participate in decisions with reference to this lawsuit or otherwise required to provide testimony.

6. "Confidential" Material shall be used only by individuals permitted access to it under Paragraph 5. "Confidential" Material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

7. With respect to any depositions that involve a disclosure of "Confidential" material of a party to this Litigation, such party shall have until three (3) business days after receipt of a volume of deposition transcript within which to inform all other parties that portions of the transcript are to be designated "Confidential", which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 5(a), (b), (c), (d) and (f) above and the deponent during these three (3) business days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 5(a), (b), (c), (d) and (f) above during said three (3) business days. Upon being informed that certain portions of a deposition are to be designated as "Confidential", all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 4 and 5.

8. Material produced and marked as "Attorneys' Eyes Only" may be disclosed only to outside counsel (including staff employed by outside counsel's law firm) for the receiving party and to such other persons as counsel for the producing party agrees in advance or as ordered by the Court. Any deponent may be shown or examined on any information, document or thing designated as "Attorneys' Eyes Only" if it appears the witness authored or received a copy of it, was directly involved in the subject matter described therein or is employed by the

5

110650898

party who produced the information, document or thing, or if the producing party consents to such disclosure;

9. If counsel for a party receiving documents or information designated as "Confidential" or "Attorneys' Eyes Only" hereunder objects to such designation of any or all of such items, the following procedure shall apply:

(a) Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. The objecting and producing party shall confer in good faith to resolve any such dispute. If the parties are unable to resolve the dispute, the objecting party may apply to Magistrate Judge Moses for a ruling that the Material is not appropriately designated, giving notice to the designating party.

(b) If a dispute as to a "Confidential" or "Attorneys' Eyes Only" designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall carry the burden of demonstrating the basis for such designation. A challenge to the designation shall follow the procedures set forth in the applicable Local, Federal and Judge's Individual Rules. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute, including filing the documents or information under seal, as appropriate.

10. Notwithstanding a party's invocation of the Attorneys'-Eyes-Only designation, the Parties agree that defendant Nicolas Louis shall be permitted view-only access to any Attorneys'-Eyes-Only Material that Plaintiffs contend contains trade secret or other confidential

information and that Plaintiffs contend that Louis has either misappropriated or will inevitably disclose to any of the Volant Defendants. Defendant Nicolas Louis's right to view any such document shall be limited to conditions pursuant to which the viewing shall be supervised at all times by an attorney at Ford O'Brien LLP. Louis shall not have access to the document in any form that would permit him to copy or record its contents or any portion of its contents, and Louis shall not make any attempt to copy or record, in whole or in part, the contents of any such document, including without limitation the making of any summary, writing, photograph, video, image, note, memorialization or "take away" of any nature whatsoever. To the extent that Plaintiffs produce documents that may be shared with Louis but not other defendants, they shall indicate the same by identifying such documents by document production number.

11. Notwithstanding a party's invocation of the Attorneys'-Eyes-Only designation, the Parties agree that defendant Jonathan Fowler shall be permitted view-only access to any Attorneys'-Eyes-Only Material that Plaintiffs contend contains trade secrets or other confidential information and that Plaintiffs contend that Fowler has either misappropriated or will inevitably disclose to any of the Volant Defendants. Defendant Jonathan Fowler's right to view any such document shall be limited to conditions pursuant to which the viewing shall be supervised at all times by an attorney at Ford O'Brien LLP. Fowler shall not have access to the document in any form that would permit him to copy or record its contents or any portion of its contents, and Fowler shall not make any attempt to copy or record, in whole or in part, the contents of any such document, including without limitation the making of any summary, writing, photograph, video, image, note, memorialization or "take away" of any nature whatsoever. Ford O'Brien may make reasonable accommodations consistent with this paragraph to permit Fowler to have attorney supervised view-only access from his home in St. Louis, Mo., provided that Ford

O'Brien ensures that Fowler abides by the restrictions contained therein. To the extent that Plaintiffs produce documents that may be shared with Fowler but not other defendants, they shall indicate the same by identifying such documents by document production number.

12. Notwithstanding a party's invocation of the Attorneys'-Eyes-Only designation, the Parties agree that Volant General Counsel Michael Sanocki ("Sanocki") shall be permitted access to any Attorneys'-Eyes Only Material that Plaintiffs contend contains Plaintiffs' trade secrets or other confidential information, which Plaintiffs contend that Volant actually possesses or possessed in hard copy or electronic form either presently or at one time in the past. In the event that Plaintiffs produce such a document, Sanocki shall be permitted view only access to such document. Sanocki's right to view any such document shall be limited to conditions pursuant to which the viewing shall be at the offices of, and supervised at all times by, an attorney at Schulte Roth & Zabel LLP. No other personnel at Volant shall be permitted access to the document. Sanocki shall not make any attempt to copy or record, in whole or in part, the contents of any such document or any portion of its contents, including without limitation the making of any summary, writing, photograph, video, image, note, memorialization or "take away" of any nature whatsoever. Notwithstanding the above, there is no requirement for Plaintiffs to provide Volant any document that Plaintiffs allege forms the basis of an inevitable disclosure claim unless Plaintiffs allege that the particular document in question was actually in the possession of Volant at one time. To the extent Plaintiffs produce documents that may be shared with Volant but not other defendants, they shall indicate the same by identifying such documents by document production number.

13. All requests to seal documents filed with the Court shall comply with the Federal Rules of Civil Procedure and ~~Magistrate Judge Moses' Individual Rules~~ [the Individual Practices of the presiding Magistrate Judge or District Judge, as appropriate,] and the parties hereto

8

110650898

hereby jointly request that all material marked "Confidential" and/or "Attorneys' Eyes Only" be sealed from the public record, and will make application to the Court for such relief. No party shall file "Confidential" or "Attorneys'-Eyes-Only" documents or things on the Court Docket unless ordered to do so by the Court or after complying with the following procedure. Any party intending to file material marked "Confidential" and/or "Attorneys' Eyes Only" by another party shall inform the producing party of the same three (3) business days before filing in order to permit the producing party with the opportunity to file a motion to seal. In the alternative, the party seeking to use material marked "Confidential" and/or "Attorneys' Eyes Only" by another party may file its submission *in camera* while simultaneously serving such papers upon the other parties. In such case, the producing party shall have five (5) business days to file a motion to seal a portion or the entirety of the submission. After the expiration of the five-day period if there is no motion to seal, or the disposition of a motion to seal, the filing party shall file any non-sealed material on the Court's ECF system.

14. If the need arises during trial or at any hearing before the Court for any party to disclose "Confidential" or "Attorneys' Eyes Only" Material, it may do so only after giving notice to the producing party and as directed by the Court. Listing any documents marked "Confidential" and/or "Attorneys' Eyes Only" on a pretrial list of exhibits shall constitute sufficient notice under this paragraph.

15. To the extent consistent with applicable law, the inadvertent, unintentional or mistaken disclosure of "Confidential" and/or "Attorneys' Eyes Only" material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as

to any other material or information concerning the same or related subject matter. Such inadvertent, unintentional or mistaken disclosure may be rectified by notifying, in writing, counsel for all parties to whom the "Confidential" and/or "Attorneys' Eyes Only" material was disclosed that the material should have been designated "Confidential" and/or "Attorneys' Eyes Only" within a reasonable time after such inadvertent or unintentional disclosure. Such notice shall constitute a designation of the information, document or thing as "Confidential" and/or "Attorneys' Eyes Only" under this Order.

16. When the inadvertent, unintentional or mistaken disclosure of any Material protected by privilege or work-product immunity or other applicable privilege or protection is discovered by the producing party and brought to the attention of the receiving party, the receiving party shall return the Material to the producing party or destroy or delete the Material, on the request of the producing party. The receiving party shall take all reasonable steps to delete or otherwise permanently remove the Materials from any systems used to house documents, including document review databases, e-rooms, or any other locations that store the document. The receiving party may make no use of the inadvertently disclosed Material in this Litigation or any other matter, or disclose the Material's contents to anyone who was not already aware of its contents. Such inadvertent, unintentional or mistaken disclosure of such Material protected by privilege or work-product protection or other applicable privilege or protection shall not by itself constitute a waiver by the producing party of any claims of privilege, work product protection or other protection. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent, unintentional or mistaken disclosure. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

110650898

17. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be "Confidential" material under this Order.

18. This Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

19. This Order shall survive the termination of this Litigation and shall remain in full force and effect unless and until modified by an Order of this Court or by the written stipulation of the parties filed with the Court. The Court expressly retains jurisdiction of this Litigation for enforcement of the provisions of this Order following the final resolution of this Litigation.

20. Upon final conclusion of this litigation, within sixty (60) days after the final termination of this Litigation (including appeals), each party or other individual subject to the terms hereof shall use reasonable efforts to either return to the originating source all originals and unmarked copies of documents and things containing "Confidential" and/or "Attorneys' Eyes Only" Material or to destroy such "Attorneys' Eyes Only" and/or "Confidential" Material and certify that fact; provided, however, that counsel may retain complete copies of all deposition and trial transcripts and pleadings including any exhibits attached thereto, correspondence, expert reports and attorney work product that contain or refer to "Attorneys' Eyes Only" and/or "Confidential" Material for archival purposes, subject to the provisions of this Order which shall survive the final disposition of this Litigation. To the extent a party requests the return of "Confidential" and/or "Attorneys' Eyes Only" Material from the Court after the

110650898

final conclusion of the Litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief. Nothing herein shall be interpreted in a manner that would violate any applicable canons of ethics or rules of professional responsibility.

21. Nothing in this Order shall affect a party's use or disclosure of its own documents in any way. The use by a party of its own "Confidential" or "Attorneys' Eyes Only" documents as part of the confidential proceedings among the parties or party depositions does not alter the confidentiality of the documents in question with respect to third parties.

SO ORDERED:

Dated: New York, New York
April 8, 2019

_____
Honorable Barbara Moses, U.S.M.J.

APPROVED AS TO FORM AND ENTRY:

| | |
|---|---|
| DENTONS US, LLP and<br>TANNENBAUM HELPERN SYRACUSE &<br>HIRSCHTRITT LLP | SCHULTE ROTH & ZABEL LLP |
| *Attorneys for Plaintiffs* | *Attorneys for the Volant Defendants* |
| s/ Brian S. Cousin | s/ Max Garfield |
| _____<br>Brian S. Cousin, Esq.<br>Paul D. Sarkozi, Esq. | _____<br>Howard Schiffman, Esq.<br>Max Garfield, Esq.<br>Hannah M. Thibideau, Esq. |
| | FORD O'BRIEN LLP |

*Attorneys for Nicolas Louis and Jonathan Fowler*

s/ Robert S. Landy

_____

Robert S. Landy, Esq.

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LEK SECURITIES CORPORATION AND ROX  :
SYSTEMS, INC.,                                                          :         Case No.: 1:19-cv-02142 (RMB/BCM)
                                                                                    :
                            *Plaintiffs*,                                  :
                                                                                    :
                        - against -                                  :
                                                                                    :
NICOLAS LOUIS, JONATHAN FOWLER,             :
VOLANT HOLDING, LLC d/b/a VOLANT            :
TRADING, VOLANT TRADING, LLC,                   :
VOLANT LIQUIDITY, LLC, AND VOLANT         :
EXECUTION, LLC,                                                       :
                                                                                    :
                         *Defendants*.                              :
                                                                                    :
------------------------------------------------------------x

I, _____, hereby certify (i) my understanding that Material is being provided to me pursuant to the terms and restrictions of the Protective Order by Consent (the "Confidentiality Order") entered by the United States District Court for the Southern District of New York and (ii) that I have read the Confidentiality Order. I understand the terms of the Confidentiality Order, I agree to be fully bound by the Confidentiality Order, and I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of enforcement of the Confidentiality Order.


DATE: _____       SIGNATURE: _____

110650898