

Toby S. Soli
Tel 212.801.3196
Fax 212.801.6400
solit@gtlaw.com

April 15, 2019

<u>VIA ECF</u>
The Honorable Richard M. Berman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

      Re:    *Lek Securities Corp. and Rox Systems, Inc. v. Louis, et al.*, No. 19-cv-02142
            (RMB) (S.D.N.Y.)

Dear Judge Berman:

      In accordance with the Court's April 9, 2019 Order [Dkt.#57], Defendants[1] respectfully submit this joint letter brief in support of their argument that this Court lacks federal subject-matter jurisdiction.  Plaintiffs have brought two federal law causes of action to manufacture jurisdiction:  an alleged violation of the Defend Trade Secrets Act ("DTSA"), and an alleged violation of the Copyright Act.  Both claims are palpably insufficient on their face.  Consequently, there is no basis for federal jurisdiction and this Court should dismiss the action.

## APPLICABLE LAW

      Federal district courts are courts of limited jurisdiction which can only exercise jurisdiction if authorized by Congress or by statute.  *Sullivan v. Duncan,* No. 13-cv-1640, 2015 WL 4393316, at *2 (S.D.N.Y. July 17, 2015).  In this case, Count One alleges violations of the DTSA, 18 U.S.C. § 1836, *et seq*., and Count Two alleges copyright infringement in violation

---

[1] Defendants Volant Holding, LLC d/b/a Volant Trading, Volant Trading, LLC, Volant Liquidity, LLC, and Volant Execution, LLC are collectively referred to herein as "Volant," and defendants Nicolas Louis and Jonathan Fowler are collectively referred to herein as the "Individual Defendants."

April 15, 2019
Page 2

of 17 U.S.C. § 412, *et seq*.  Based on these allegations, Plaintiffs allege that this "Court has original subject matter jurisdiction."  (Compl. ¶ 20.)

The Second Circuit has stated that it is appropriate for a district court to decline jurisdiction over a matter where "the federal question 'is so plainly insubstantial as to be devoid of any merits and thus [does] not present[] any issue worthy of adjudication."  *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182 (2d Cir. 1996) (quoting *Giulini v. Blessing*, 654 F.2d 189, 192 (2d Cir. 1981)).  When federal claims have been included purely to manufacture federal subject-matter jurisdiction, it is appropriate for the court to dismiss the complaint in its entirety.  *See, e.g.*, *Williams v. Long Beach Mortg. Co.*, No. 15-CV-5952, 2016 U.S. Dist. LEXIS 136075, at *16-17 (S.D.N.Y. Sept. 30, 2016) (dismissing plaintiff's complaint after concluding that plaintiff's federal claims were "wholly insubstantial" and "made solely for the purpose of obtaining jurisdiction").

In order to adequately plead federal claims, a complaint must contain "factual content . . . that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and "cannot simply recite legal conclusions or bare elements of a cause of action."  *Universal Processing, LLC v. Zhuang,* No. cv-10210, 2018 WL 4684115, at *2 (S.D.N.Y. Sept. 28, 2018).

## ARGUMENT

### A.      Plaintiffs Have Not Adequately Pled a DTSA Claim.

Where a DTSA claim rests on misappropriation of a trade secret, "a party must show 'an unconsented disclosure or use of a trade secret by one who (i) used improper means to acquire the secret, or, (ii) at the time of disclosure, knew or had reason to know that the trade secret was acquired through improper means, under circumstances giving rise to a duty to

April 15, 2019
Page 3

maintain the secrecy of the trade secret, or derived from or through a person who owed such a duty.'" *Free Country Ltd. v. Drennen,* 235 F. Supp. 3d 559, 565 (S.D.N.Y. 2016) (quotation omitted).  Here, Plaintiffs fail to plead any *facts* that support their conclusory DTSA claim.

> 1.   *Plaintiffs Have Not Pled Facts That Would Support a Colorable DTSA Claim Against Volant.*

As to Volant, Plaintiffs make only the barest conclusory allegations in their complaint. At no point do Plaintiffs specifically allege that Volant has possession of any misappropriated trade secrets or provide any details as to how or when Volant might have come to possess those trade secrets.  Such pleadings are insufficient to give Volant "fair notice of the claims against it." *Saphirstein v. Mauzone Mania LLC,* No. I 5-CV-7264, 2017 WL 3278893, at *3 (E.D.N.Y. July 31, 2017) (quotation omitted).

Plaintiffs allege, "[u]pon information and belief, Defendants possess confidential information belonging to Plaintiffs including source code, the design of LSC's unique and proprietary clearing system, and strategic business information that constitute trade secrets." (Compl. ¶ 166).  This claim does nothing more than restate an element of the law in conclusory fashion.  *Ashcroft v. Iqbal,* 556 U.S. 662, 664 (2009) ("legal conclusions . . . must be supported by factual allegations").   Indeed, this paragraph merely asserts that Plaintiffs believe the Defendants might possess Plaintiffs' trade secrets; but there is no factual basis in the Complaint to support the conclusory allegation that the listed information are "trade secrets," much less that Volant possesses that information.   "Alleging the existence of general categories of confidential information, without providing any details to generally define the trade secrets at issue, does not give rise to a plausible allegation of a trade secret's existence." *Elsevier Inc. v. Doctor Evidence*, LLC, 2018 U.S. Dist. LEXIS 10730, at *15 (S.D.N.Y. Jan. 23, 2018) (internal quotation marks and citations omitted) (stating the standard for trade secrets is "far greater than

April 15, 2019
Page 4

the standard for confidentiality of business information").  Moreover, the Complaint contains no factual support whatsoever for the supposed belief that Volant possess any of the inadequately described secrets.

This allegation should additionally be discounted because group pleading an allegation against all defendants is insufficient to carry Plaintiffs' burden against Volant.  *Saphirstein v. Mauzone Mania LLC,* No.  I 5-CV-7264, 2017 WL 3278893, at *3 (E.D.N.Y. July 31, 2017) ("A complaint is inadequate to state a claim where it does not allege a single fact connecting a defendant to the alleged misconduct, but rather asserts only conclusions about 'defendants.'") (quotation omitted); *see also Amiron Dev. Corp. v. Sytner*, No. 12-CV-3036, 2013 U.S. Dist. LEXIS 47033, at *15 (E.D.N.Y. Mar. 29, 2013) (group pleading "fails to satisfy either the notice-pleading requirements of Rule 8").

Plaintiffs have not alleged any facts to support a claim that Volant has received or used any of Plaintiffs' supposed trade secrets.  Plaintiffs attempt to sidestep this by invoking the doctrine of inevitable disclosure and delving into interactions that occurred nearly a year ago between the Individual Defendants and B. Riley Capital Management, LLC, when the Individual Defendants sought employment there.  These allegations, which relate to events that occurred in June 2018 and have no connection to the Individual Defendants' employment or interactions with Volant, are not sufficient to state a colorable claim against Volant.  Moreover, inevitable disclosure is a creature of New York State law, holding that under limited circumstances individuals who retain information regarding trade secrets *through no improper means* may be enjoined from entering employment where they would inevitably disclose the same.  The theory is incompatible with liability under the DTSA, and cannot be used to support jurisdiction.  *EarthWeb, Inc. v. Schlack*, 71 F Supp. 2d 299, 310 (S.D.N.Y. 1999) (holding "in

April 15, 2019
Page 5

cases that do not involve the actual theft of trade secrets, the court is essentially asked to bind the employee to an implied-in-fact restrictive covenant based on a finding of inevitable disclosure.  This runs counter to New York's strong public policy against such agreements. . . Thus [] the inevitable disclosure doctrine treads an exceedingly narrow path through judicially disfavored territory.").

2. *Plaintiffs Have Not Pled Facts That Would Support a Colorable DTSA Claim Against the Individual Defendants.*

Plaintiffs go on at great length in the Complaint about the details of their trading and clearing systems (without distinguishing the two) and the efforts that they have undertaken to create and protect that technology.   However, when it comes time to describe with any particularity the alleged trade secrets that Plaintiffs believe have been misappropriated, the Complaint becomes conspicuously opaque.  "While it is not necessary to disclose every detail of an alleged trade secret in a complaint, the pleading standard set forth in *Twombly* and *Iqbal* requires that the complaint allege facts sufficient to identify the information for which protection is claimed and sufficient information about its nature, value, and measures taken to safeguard it to support an inference that the information qualifies as a trade secret." *Universal Processing LLC v. Zhuang*, 17 CV 10210, 2018 U.S. Dist. LEXIS 168730, at *7-8 (S.D.N.Y. Sept. 28, 2018).   Moreover, even assuming that Plaintiffs' clearing technology had been sufficiently described to qualify as a trade secret, their allegations regarding actual misappropriation of trade secrets by the Individuals Defendants, which are based on information and belief alone, are plainly insubstantial and devoid of any factual basis.  As Plaintiffs' counsel has made clear repeatedly, the heart of their case lies in the disfavored New-York-Law theory of inevitable disclosure.

April 15, 2019
Page 6

As stated above, a valid DTSA misappropriation claim requires "an unconsented disclosure or use of a trade secret by one who (i) used improper means to acquire the secret, or, (ii) at the time of disclosure, knew or had reason to know that the trade secret was acquired through improper means, under circumstances giving rise to a duty to maintain the secrecy of the trade secret, or derived from or through a person who owed such a duty." *Free Country,* 235 F. Supp. 3d at 565 (S.D.N.Y. 2016) (quotation marks omitted)). Here, Plaintiffs have failed to allege any facts to support their conclusory allegation that the Individuals Defendants have improperly acquired or disclosed any trade secrets. To the extent Plaintiffs have much any such conclusory allegations, they are completely unsupported by facts, and, instead, based solely "upon information and belief."

For example, Plaintiffs allege:

- "With the . . . trade secrets that Louis and Fowler have learned during their employment, and the source code that, *upon information and belief*, they have transferred to computers and storage media they control, they have the ability to copy and re-create Plaintiffs' valuable and proprietary clearing technology"

- *Upon information and belief* . . . this source code was removed from Plaintiffs' offices and/or its networks, computers, and any other devices or account in Plaintiffs' control by Louis and/or Fowler for their own benefit and/or for the benefit of a future employer.

- *Upon information and belief*, Fowler could use these three icons to easily access all of Plaintiffs' source code, deposit it into a personal Dropbox account, and communicate with Louis without detection.

Sophisticated technology-based firms such as LSC and Rox would have records to show when and what was downloaded from their repositories of confidential information. Moreover, the alleged downloading would have occurred prior to July 13, 2018. Surely, if there were a scintilla of evidence of actual misappropriation, Plaintiffs would have uncovered it at some point in the past nine months in the course of seeking to protect and secure what they claim are

April 15, 2019
Page 7

highly confidential trade secrets.   The allegation that Fowler "could" have downloaded source code speaks volumes.  Plaintiffs allege what he *could* have done because they patently lack any evidence that he did so.   These are the type of conclusory allegations, made solely to manufacture jurisdiction, that federal courts should disregard.

To the extent Plaintiffs' claims hinge on the Individual Defendants' general knowledge of clearing software and systems, that is not a sufficient basis to establish a violation of the DTSA.  *See JJ Plank Co., LLC v. Bowman,* No. CV 18-0798, 2018 WL 4291751, at *9 (W.D. La. Sept. 7, 2018) ("The law permits him to use his memory, experience, skills, even those developed during his former employment, in his new position[.]").   Consequently, Plaintiffs' claims under the DTSA are legally insufficient.

### B.    <u>Plaintiffs Have Not Adequately Pled a Copyright Infringement Claim.</u>

"To prevail on a claim of copyright infringement, plaintiff must demonstrate both (1) ownership of a valid copyright and (2) infringement of the copyright by the defendant.  Courts have held that a copyright claim must allege (1) which specific original works are the subject of the copyright claim, (2) that plaintiff owns the copyrights in those works, (3) that the copyrights have been registered in accordance with the statute, and (4) by what acts during what time the defendant infringed the copyright." *Sullivan,* 2015 WL 4393316, at *4.  As Plaintiffs concede, in order to state valid claim for copyright infringement, they must present either "evidence of actual copying" or demonstrate that there is "a substantial similarity between the copyrighted material and the new materials."  (ECF No. 7, Pl. Memo. of Law ISO Order to Show Cause at 31.)

Plaintiffs have not and cannot present any such allegations.  Most importantly, there are no "new materials" at issue in this case.  Plaintiffs make no allegations regarding actual

April 15, 2019
Page 8

infringement by the Defendants, or that Volant has created any software with "substantial similarities" to any software copyrighted by the Plaintiffs.  Notably, the Individual Defendants joined Volant in early February, and Volant has not created or used any internal clearing software since that date.  This fact alone is fatal to Plaintiffs' infringement claim.

It is axiomatic that an alleged copyright owner cannot sue for infringement unless the copyright has been registered.  *See Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 886 (2019).  An infringement claim cannot survive when a plaintiff "fail[s] to establish ownership of a valid copyright, an essential prerequisite for a prima facie case of copyright infringement."  *Poon v. Roomorama, LLC,* No. 09-cv-3224, 2009 WL 3762115, at *6 (S.D.N.Y. Nov. 10, 2009) (Berman, J.).  To support the claim that their clearing system is registered, Plaintiffs direct the court to two documents, neither of which identify the registration of a clearing system or any "source code and software" (Compl. ¶ 182) that could serve as the basis for a copyright infringement claim.  (*See* Lek Decl., Exs. 1, 2.)

The fact that Plaintiffs may have registered certain copyrights does not establish that their clearing system source code or software is registered with the Copyright Office.  Further, all but one of the copyrights to which Plaintiff directs the court are over 20 years old. (*See* Lek Decl., Exs. 1, 2.)  Plaintiffs also point to one copyright registered in August 2018, the month following Plaintiffs' termination of the Individual Defendants. (*See* Lek Decl., Ex. 2.) However, that registration similarly has no connection to the technology at issue.  There is no reference in the registration to clearing technology.  *(Id.)*  Further, Plaintiffs do not provide any copies of the code that they allege was registered and then copied.  *(Id.)*

In sum, Plaintiffs' copyright infringement claims are wholly meritless and are not sufficient to serve as a basis for federal jurisdiction.

April 15, 2019
Page 9

## CONCLUSION

For these reasons, Defendants respectfully submit that this Court should dismiss this case for lack of federal subject-matter jurisdiction.

Sincerely,

GREENBERG TRAURIG, LLP


/s/ Toby S. Soli
Toby S. Soli
     -and-
Howard Schiffman
SCHULTE ROTH & ZABEL LLP
*Counsel for the Volant Defendants*


FORD O'BRIEN LLP


/s/ Robert S. Landy
Robert S. Landy
*Counsel for the Individual Defendants*