大成 DENTONS

**Brian S. Cousin**
Partner

brian.cousin@dentons.com
D  +1 212 398 5776

Dentons US LLP
1221 Avenue of the Americas
New York, NY  10020-1089
United States

dentons.com

Via ECF

April 22, 2019

Honorable Richard M. Berman
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *Lek Securities Corporation, et al. v. Louis, et al.*
               Case 1:19-cv-02142-RMB-BCM

Dear Judge Berman:

      Pursuant to the Court's April 9, 2019 Order (ECF No. 57), plaintiffs Lek Securities Corp. ("LSC") and ROX Systems, Inc. ("ROX") (together, "Plaintiffs"), by their attorneys Dentons US LLP and Tannenbaum Helpern Syracuse & Hirschtritt LLP, respectfully submit this letter brief in opposition to Defendants' letter brief in support of their argument that this Court lacks federal subject matter jurisdiction (ECF No. 69) ("Letter Brief").[1]  As set forth below, none of the factual or legal arguments made by Defendants undermines this Court's subjective matter jurisdiction.  Indeed, despite this Court's explicit directive, Defendants have simply rehashed their previous arguments regarding subject matter jurisdiction and have failed to cite any "persuasive authority" and/or authority that is "on point." ECF No. 57.

**ARGUMENT**

      In the Complaint in this action, Plaintiffs have more than adequately pled a basis for federal subject matter jurisdiction through their allegations under both (a) Count I, the Defend Trade Secrets

---

[1] Throughout this letter brief, the various Volant entity defendants will be referred to as "Volant" and defendants Nicolas Louis ("Louis") and Jonathan Fowler ("Fowler") will be referred to together as the "Individual Defendants." All of the defendants will be referred to collectively as the "Defendants."

大成 DENTONS

Honorable Richard M. Berman
April 22, 2019
Page 2

dentons.com

Act ("DTSA"), 18 U.S.C. § 1836, *et seq*., and (b) Count II, the Copyright Act, 17 U.S.C. § 412, *et seq*.  "In considering a motion to dismiss for lack of subject matter jurisdiction, the court must assume the truth of material facts alleged in the complaint."  *Sullivan v. Duncan*, No. 13-CV-1640 (SAS), 2015 WL 4393316, at *2 (S.D.N.Y. July 17, 2015).[2]  Where facts are well-pled, the court should determine whether they plausibly give rise to an entitlement of relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).  Here, the Court should find that Plaintiffs easily satisfy this "modest" requirement.  *Iqbal*, 556 U.S. at 679.

### A. The Cases Cited by Defendants in Their Applicable Law Section Are Clearly Distinguishable.

Defendants' misplaced reliance on the case law cited in their "Applicable Law" section does nothing more than expose the weakness of their argument.  Each of the cases cited by Defendants on pages 1-2 of the Letter Brief is readily distinguishable from the case at bar.   In *Sullivan*, for example, the plaintiff first relied upon diversity jurisdiction in an attempt to secure federal jurisdiction.  2015 WL 4393316, at *3.  Only after that strategy proved unsuccessful did plaintiff add, in an amended complaint, a claim for copyright infringement which claim the court dismissed because the plaintiff had failed to satisfy the statutory registration prerequisite to asserting the claim.  *Id*.  Unlike the plaintiff in *Sullivan,* in the present case, ROX has both alleged and has, in fact, satisfied the statutory registration prerequisite to asserting a claim under the federal Copyright Act.  Similarly, in *Williams v. Long Beach Mortgage Co.*, No. 15-CV-5952 (KMK), 2016 WL 5720810, at *5-6 (S.D.N.Y. Sept. 30, 2016), the plaintiff again first asserted diversity jurisdiction as a basis for jurisdiction and, once that strategy failed, relied upon a "patently meritless" federal civil

---

[2] In granting the temporary restraining order ("TRO") in this matter, the Court recognized that the standard at the TRO stage regarding a jurisdictional challenge requires only that the federal claim be colorable to permit the Court to assume jurisdiction over the subject matter of the case.  *Savoie v. Merchants Bank*, 84 F.3d 52, 57 (2d Cir. 1996) (citing *Bell v. Hood,* 327 U.S. 678, 682-83 (1946)).  Plaintiffs draft this opposition letter brief under the assumption that the Court is now asking the parties whether the Court in fact has subject matter jurisdiction.

大成 DENTONS

Honorable Richard M. Berman
April 22, 2019
Page 3

dentons.com

rights claim which failed to allege necessary state actors, discriminatory animus, or even a basis for a private right of action, all in a transparent attempt to secure federal jurisdiction.  Finally, in *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1191 (2d Cir. 1996), the Second Circuit expressly found that the district court erred in concluding that it did not have federal subject matter jurisdiction over plaintiff's ERISA claim.  *Id*.  As the Second Circuit recognized in *Nowak*, the defendant's argument in that case was based on a failure to satisfy prerequisites because of a "break-in-service" policy and did not address the factual basis of the pleadings.  *Id*. at 1190.

 Based on these cases and the facts alleged in the Complaint, Defendants cannot credibly claim, as they must, that Plaintiffs' federal claims are "so plainly insubstantial as to be devoid of any merits and thus [do] not present[] any issue worthy of adjudication."  *Nowak*, 81 F.3d at 1189.

### B. Plaintiffs Have More Than Adequately Pled A DTSA Claim.

Plaintiffs' claim under the DTSA is more than adequately pled, despite Defendants' contentions otherwise.  Letter Brief at 3-5.  Plaintiffs described the Defendants' scheme to misappropriate Plaintiffs' trade secrets for Volant's benefit throughout the Complaint, and then incorporated each paragraph by reference into the DTSA count.  ECF No. 1, ¶¶ 164-179.  Further, as this Court has already noted (3/8/19 Court Tr. 30:5 - 34:6), Plaintiffs allege in paragraphs 165, 166, and 173 of their Complaint that Volant misappropriated Plaintiffs' trade secrets.

As distinguished from every case Defendants cite in their Letter Brief, Plaintiffs have affirmatively established subject matter jurisdiction through their factual allegations contained in the Complaint which relate to and support the federal DTSA claim.  Namely, here the Individual Defendants are alleged, among other things, to have been (i) directly involved in writing and developing computer source code and other technology for Plaintiffs' highly valued and closely guarded proprietary trade secret information relating to clearing technology (ECF No. 1, ¶¶ 1, 7-9; 31-33; 52-61; 66-78; 81-85);  (ii) scheming to misappropriate that trade secret technology through "Operation Secret Octopus" and, in the

大成 DENTONS

Honorable Richard M. Berman
April 22, 2019
Page 4

dentons.com

case of Louis, saving on his company computer the source code and then wiping his company laptop before retuning it (*id.*, ¶¶ 1-3; 111-136; 149);  (iii) communicating directly with the most senior officers at LSC while employed there and working closely with them to develop the technology at issue in this case (*id.*, ¶¶ 105-110); (iv) highly compensated senior level employees at LSC (*id.*, ¶ 107); (v) long-time employees at LSC who received all of their clearing technology know-how and training solely while employed by Plaintiffs (*id.*, ¶¶ 86-87; 94); (vi) planning to join and in fact joining Volant with the intention and purpose of developing clearing technology at Volant so as to directly compete with Plaintiffs  (*id.*, ¶¶ 4, 10); and (vii) under a non-compete and confidentiality obligation owed to Plaintiffs (*id.*, ¶¶ 86-104; *see generally id.*, ¶¶ 164-179).

Significantly, Defendants largely ignore these Complaint allegations in arguing that this Court lacks subject matter jurisdiction.  Rather than addressing the factual allegations contained in the Complaint and making the argument that those allegations do not adequately plead a claim under the DTSA (which is the standard they need to but cannot meet), Defendants instead make three arguments relating largely to the form of the pleadings, none of which is new.  First, Defendants assert that Plaintiffs' allegations "upon information and belief" are insufficient as a matter of law.  Letter Brief at 3, 5-7.  Second, Defendants maintain that Plaintiffs impermissibly rely upon group pleading.  *Id*. at 4.  Finally, Defendants contend that Plaintiffs' allegations concerning inevitable disclosure are inconsistent with the DTSA and therefore must be disregarded by this Court.  *Id*. at 4-5.  As explained below, each of those three arguments is incorrect.

First, under controlling Second Circuit precedent, pleading "upon information and belief" is legally sufficient.  The *Iqbal/Twombly* plausibility standard does not prevent a plaintiff from "pleading facts alleged 'upon information and belief.'" *Arista Records, LLC v. Doe* 3, 604 F.3d 110, 120 (2d Cir. 2010).  Indeed, the Second Circuit has expressly held that allegations made "on information and belief" satisfy the *Twombly* standard where, as here, the facts pled are

"peculiarly within the possession and control of the defendant . . . or where the belief is based on factual information that makes the inference of culpability plausible." *Id.*; *Haley v. Teachers Ins. & Annuity Ass'n of Am.*, No. 17-CV-855 (JPO), 2019 WL 1382648, at *13 (S.D.N.Y. Mar. 27, 2019). In the presence case the allegations state that there was a non-compete (ECF No. 1, ¶¶ 88-100), that Volant knew there was a non-compete (*id.*, ¶¶ 157-160; 223), and that Volant nevertheless hired the Individual Defendants to perform the same job. *Id.*, ¶¶ 158-160; 224. Moreover, there is no heightened pleading requirement for actions brought under the DTSA. *Tesla Wall Sys., LLC v. Related Companies, L.P.*, No. 17-CV-5966 (JSR), 2017 WL 6507110, at *9–10 (S.D.N.Y. Dec. 18, 2017) (*citing Chubb Ina Holdings Inc. v. Chang*, No. CV 16-2354-BRM-DEA, 2017 WL 499682, at *9 (D.N.J. Feb. 7, 2017)).

Defendants incorrectly assert that, in order to state a claim under the DTSA, Plaintiffs are required to plead with specificity which source code and trade secrets the Individual Defendants have accessed or used for Volant's benefit after their employment with Plaintiffs ended. Letter Brief at 5. This is not the law, especially where, as here, the Plaintiffs cannot be expected to know the precise details of the Defendants' violations without the benefit of discovery. *Boykin v. KeyCorp*, 521 F.3d 202, 215 (2d Cir. 2008) (citing 5 Charles Alan Wright & Arthur R. Miller, Fed. Prac. and Proc. § 1224 (3d ed. 2004)). Rather, under Second Circuit precedent, Volant cannot use the fact that these details are peculiarly within Defendants' possession as a basis to avoid jurisdiction. Under these circumstances, pleading upon information and belief is justified and sufficient. *Id*.

Second, Defendants' contention that Plaintiffs impermissibly rely upon group pleading must also fail. Letter Brief at 4. To satisfy the notice-pleading requirements of Fed. R. Civ. P. 8(a), the Complaint need only "distinguish between the defendants or plead the allegations with sufficient specificity so that each individual defendant is on notice of the particular claims asserted against it and the

grounds for such claims." *Canon U.S.A., Inc. v. F. E. Trading LLC*, No. 2:15-cv-6015 (DRH)(AYS), 2017 U.S. Dist. LEXIS 160994, at *20 (E.D.N.Y. Sept. 29, 2017). Plaintiffs have more than satisfied this pleading standard. *Aghaeepour v. Northern Leasing Sys., Inc.*, No. 14-cv-5449, 2015 WL 7758894, at *4 (S.D.N.Y. Dec. 1, 2015) (allowing group pleading where "the Complaint in the instant case contains numerous allegations pleaded with specificity as to particular defendants"); *Vantone Grp. LLC v. Yangpu NGT Indus. Co.*, No. 13-cv-7639-LTS-MHD, 2015 WL 4040882, at *4 (S.D.N.Y. July 2, 2015) (permitting plaintiff to refer to all 24 defendants collectively in ten of the eleven claims asserted in the complaint, where the plaintiff distinguished between the conduct of the defendants by alleging specific actions taken by each of them).[3]

Third, Defendants argue that Plaintiffs' theory of inevitable disclosure is inadequate to plead a cause of action against them because the facts alleged relate only to B. Riley and "have no connection to the Individual Defendants' employment or interactions with Volant." Letter Brief at 4. This argument also fails. Volant has already conceded in its opposition to Plaintiffs' Application for a Temporary Restraining Order and Preliminary Injunction ("Volant Opp.") that the inevitable disclosure doctrine is used in cases, such as the case at bar, where the plaintiff asserts a claim for breach of a non-compete agreement: "[c]ourts have resorted to the [inevitable disclosure] doctrine only in instances where there is evidence of actual misappropriation of trade secrets, or *where the plaintiff asserts a claim for breach of a non-compete agreement*." Volant Opp. 31-32 (citing *Janus et Cie v. Kahnke*, 2013 WL 5405543, at *2 (S.D.N.Y. Aug 29, 2013) (emphasis added)). In fact, the circumstances present in this case -- including the

---

[3] Defendants' reliance on *Saphirstein v. Mauzone Mania LLC*, No. 15-CV-7264, 2017 WL 3278893, at *7-8 (E.D.N.Y. July 31, 2017)), is badly misplaced. *See* Letter Brief at 4. In *Saphirstein*, plaintiffs had (1) failed to distinguish between defendants and, instead, referred to them collectively as "Defendants," and (2) failed to provide specific descriptions of the defendants in the "PARTIES" section of the complaint. *Id.* at *7. In the present case, it is extremely clear from the allegations of the Complaint who each of the Defendants are and what each of them allegedly did wrong. Defendants' reliance on *Amiron Development Corp. v. Sytner*, No. 12-CV-3036 (JS)(ETB), 2013 WL 1332725, at *5 (E.D.N.Y. March 29, 2013), is even more egregious. *See* Letter Brief at 4. In *Amiron*, plaintiffs attempt to include several defendants in their gold mine investment lawsuit that are not even mentioned at all in the factual section of the complaint or in the 140 pages of exhibits attached to the complaint. *Id.* at *2, *5. That pleading deficiency is clearly not present in the Complaint in this case.

Individual Defendants' non-competition provisions -- underscore the very reason the inevitable disclosure doctrine exists.

The Complaint describes the Plaintiffs' trade secrets in detail, including the Plaintiffs' stock and options clearing system and various LSC applications. The Complaint also describes Louis's and Fowler's extensive access to and knowledge about those trade secrets, and alleges that Louis and Fowler are going to use those trade secrets in breach of their non-compete agreements with Plaintiffs, allegations that are reinforced by evidence showing that Volant hired Louis as Director of Clearing. If the Individual Defendants are permitted to work at Volant in the roles for which they were hired, they will inevitably use for and/or disclose to Volant the trade secret information they learned from their work at LSC. Louis's and Fowler's only knowledge of clearing systems is what they learned from LSC's and ROX's proprietary clearing systems, knowledge that will inevitably be disclosed by Louis and Fowler if they are permitted to create or be involved in creating a clearing system for Volant. *See Lumex, Inc. v. Highsmith*, 919 F. Supp. 624, 631 (E.D.N.Y. 1996) (recognizing that even where a former employee wrote to new employer that he did not want to discuss trade secrets of the former employer, and with good faith on the part of the new employer, the former employer's trade secrets may still be revealed through inevitable disclosure).

Nonetheless, Volant attempts to argue that the inevitable disclosure doctrine is inapplicable to this case, relying entirely on *EarthWeb, Inc. v. Schlack*, 71 F. Supp. 2d 299, 310 (S.D.N.Y. 1999). Letter Brief at 4-5. *EarthWeb*, however, is readily distinguishable. In contrast to the case at bar, in *EarthWeb*, the defendant had no access to plaintiff's source codes, advertiser lists, configuration files, or the highest level executives. *Id*. at 305. Moreover, the court in *EarthWeb* specifically articulated factors to be considered in deciding whether or not to grant injunctive relief based upon the doctrine of inevitable disclosure: (i) whether the employers in question are in direct competition; (ii) whether the employee's new position is nearly identical to the old position; and (iii) whether the trade secrets are highly valuable. *Id*. at 310.

In *EarthWeb*, these factors weighed against the plaintiff, but here they each weigh heavily in favor of Plaintiffs: (1) With Plaintiffs' clearing technology, Volant will be in direct competition with Plaintiffs; (2) the Individual Defendants have nearly identical positions at Volant as they did at LSC; and (3) the trade secrets here are extremely valuable, having taken many years and tens of millions of dollars to develop, and consist of computer source code and related confidential information and documentation that courts take judicial notice of as constituting trade secrets. *See Integrated Cash Mgmt. Servs. v. Dig. Transactions, Inc.*, 732 F. Supp. 370, 375 (S.D.N.Y. 1989) (citing *Business Intelligence Services, Inc. v. Hudson*, 580 F. Supp. 1068, 1072 (S.D.N.Y. 1984)).

Accordingly, Plaintiffs' DTSA allegations easily state a claim for which relief can be granted and, therefore, provide an adequate basis for federal subject matter jurisdiction.

C. **Plaintiffs Have Adequately Pled Copyright Infringement.**

To plead a copyright infringement claim, Plaintiffs must allege (i) ownership of a valid copyright and (ii) infringement of the copyright. *Yurman Design, Inc. v. PAJ, Inc*., 262 F.3d 101, 109-10 (2d Cir. 2001) (affirming judgment on copyright claims). Despite Defendants' arguments to the contrary, Plaintiffs have met this pleading criteria. *See* Letter Brief at 7-8. First, Plaintiffs have provided the Court with the relevant copyright registrations. ECF No. 9, ¶¶ 53-54; ECF Nos. 9-1 and 9-2. Second, through indirect evidence, Plaintiffs have alleged, upon information and belief, that Defendants have infringed Plaintiffs' valid and enforceable copyright. ECF No. 1, ¶¶ 180-185. Further, Defendants' reliance on the cited legal authority is misplaced. In *Fourth Estate Public Benefit Corp. v. Wall-Street.com*, for example, the Register of Copyrights had *refused to register* the subject matter (news articles) in question. 139 S. Ct. 881, 887 (2019). Similarly, in *Poon v. Roomarama, LLC*, the plaintiff never even submitted a certificate of registration to the U.S. Copyright Office. No. 9-CV-3224(RMB), 2009 WL 3762115, *6 (S.D.N.Y. Nov. 10, 2009).

These cases, thus, are clearly distinguishable from the case at bar and do nothing to support Defendants' arguments with respect to the Plaintiffs' copyright claim.

Accordingly, this Court has subject matter jurisdiction, and Plaintiffs should be permitted to prosecute their claims in their chosen forum. The Court also retains supplemental jurisdiction over Plaintiffs' pendant state law claims. 28 U.S.C. § 1367(a).

            Respectfully submitted,

            /s Brian S. Cousin
            Brian S. Cousin
             Dentons US LLP
            Paul D. Sarkozi
             Tannenbaum Helpern Syracuse & Hirschtritt LLP

cc: All Counsel of Record (via ECF)

110768460