大成 DENTONS

**Brian S. Cousin**
Partner

brian.cousin@dentons.com
D   +1 212 398 5776

Dentons US LLP
1221 Avenue of the Americas
New York, NY  10020-1089
United States

dentons.com

April 25, 2019

**BY ECF**

Hon. Barbara Moses
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
Courtroom 20A
New York, NY 10007

Re:   *Lek Securities Corp., et al. v. Nicolas Louis, et al.*,
    Case No. 1:19-cv-02142(RMB/BCM) - Joint Letter on
    <u>Status of Document Production</u>

Dear Judge Moses:

This joint letter is respectfully being submitted in response to Your Honor's Expedited Discovery and Case Management Order (ECF No. 49), dated April 5, 2019 (ECF No. 49), and as modified on April 12, 2019 (ECF No. 65) (the "Order"), instructing the parties to submit a joint letter "outlining the progress of discovery to date, including any outstanding discovery disputes requiring judicial resolution, and updating the Court on the parties' settlement efforts, if any."

The parties, through their respective counsel, have conferred with respect to the status of their productions and provide the following update to the Court.

Update on Plaintiffs' Document Production:

As part of Plaintiffs' effort to produce responsive, non-privileged documents in compliance with the Court's Order, Plaintiffs have engaged a third-party vendor, Strategic Legal ("Strategic"), which in turn has pulled over 3.6 million electronic documents based upon Defendants' requests, many of which seek documents dated from 1994 to the present.  Strategic gathered this data from six (6) custodians (Samuel Lek, Charles Lek, Pete Solano, Nicolas Louis, Jonathan Fowler, and a catch-all custodian that includes potentially relevant documents housed on Plaintiffs' servers).  Rather than dumping over 3.6 million documents on Defendants,

大成 DENTONS

Hon. Barbara Moses
April 25, 2019
Page 2

dentons.com

Plaintiffs' counsel has worked diligently with Strategic to narrow the number of documents to review, including by creating a list of ESI protocol search terms.  Unfortunately, Strategic experienced unexpected technical problems loading Plaintiffs' documents for review, which caused significant delays in Plaintiffs' efforts to produce responsive documents in a timely manner.  In addition to review by Plaintiffs' counsel, Strategic has 18 reviewers who have thus far spent over 645 hours reviewing documents.  Together, Plaintiffs' counsel and Strategic are working as quickly as possible to review and ready documents for production.  In addition, all counsel have agreed to work cooperatively on potential revisions to Plaintiffs' ESI search terms in an effort to narrow the number of document hits.

In addition to Plaintiffs' Rule 26(a) initial disclosures and objections and responses to the Defendants' respective document requests and interrogatories, on April 19, 2019, Plaintiffs produced 238 documents, totaling 1,798 pages.  Then, on April 25, 2019, as part of its ongoing production, Plaintiffs produced an additional 387 documents, totaling 2,298 pages, for a total of 4,096 pages.  Although Plaintiffs have complied with the Court's Order in every other respect, Plaintiffs' recognize that their document production and accompanying privilege log have not been completed according to the Court's schedule.

Accordingly, Plaintiffs respectfully propose that (i) the deadline in Paragraph 3(c) of the Order by which all parties shall produce documents be extended from April 19, 2019 to May 3, 2019; (ii) the discovery conference in Paragraph 5 of the Order currently scheduled to be held on April 29, 2019, at 10:30 a.m., be held by teleconference and be used to provide the Court with a further update on the status of the parties' production; (iii) a joint letter outlining the parties' discovery disputes, if any, be submitted to the Court no later than May 6, 2019; and (iv) a discovery conference to discuss any outstanding discovery disputes be held on May 8, 2019, or at some other time that the Court finds convenient.  The remainder of the Court's Order shall remain unchanged.  The afore-mentioned change would provide additional time for Plaintiffs to complete their production but would not detrimentally impact the remaining deadlines set forth in the Order and Plaintiffs believe that no parties would be prejudiced by this proposed revision.

Update on Defendants' Document Production:

The Defendants take the position that they have substantially complied with the Court's Case Management Plan.

The Individual Defendants served their objections and responses to Plaintiffs' first sets of document requests and interrogatories on April 1, 2019, and served their objections and responses to Plaintiffs' second sets of document requests and interrogatories on April 11, 2019.  The parties held a teleconference on April 11, 2019 to discuss ESI and production protocols.

 On April 19, 2019, the Individual Defendants served initial disclosures under Fed. R. Civ. P. 26(a), produced 35,939 documents including: emails; text messages; searchable images of other types of electronic documents; and native files.  On that day, the Individual Defendants

also provided Plaintiffs with credentials to access certain Microsoft Azure accounts and a categorical log of materials withheld on the grounds of applicable privilege and immunities disclosing that 517 documents had been withheld across 28 separately-described categories.  On April 25, 2019, the Individual Defendants supplemented their production with an additional 642 documents, completing their production.

On April 19, 2019, the Volant Defendants served initial disclosures under Fed. R. Civ. P. 26(a), written responses and objections to all outstanding discovery requests, and produced 1,827 pages of documents including Volant's confidential business plans and numerous emails.  The Volant Defendants also produced a full privilege log.

On April 19, 2019, Defendants received Plaintiffs' Objections and Responses to all their collective documents requests and interrogatories, Plaintiffs' initial disclosures under Fed. R. Civ. P. 26(a), and a production consisting of 238 documents (which Plaintiffs' indicated was not complete, but rather part of an ongoing production).  Plaintiffs indicated in their cover letter that production would be continuing, and they will provide a privilege log.

On April 23, 2019, the Individual Defendants provided Plaintiffs with a letter detailing the apparent deficiencies in the production and objection to the overuse of the "attorneys'-eyes-only" designation, which the Volant Defendants join in by letter dated April 24, 2019.  On April 20 and April 24, the Volant Defendants also asked Plaintiffs about the status and timing of their production.  During a teleconference on April 25, 2019, Plaintiff's counsel advised all Defendants of the issues encountered in reviewing and producing documents.

Because the production is incomplete, substantive disputes regarding what Plaintiffs may or may not have been produced are not yet ripe.  Nonetheless, the Defendants respectfully request that the Court hold a telephonic or in-person conference as scheduled to discuss any changes that might be necessary to the Case Management Plan in order to prevent any prejudice to Defendants as a result of the delay.

Respectfully submitted,

/s Brian S. Cousin
Brian S. Cousin

cc:   All Counsel of Record