# FORD O'BRIEN LLP

# MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___04/26/2019___

**Via EFC**
Hon. Barbara Moses
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse,
500 Pearl Street,
New York, NY 10007

> Application GRANTED. The April 29, 2019 conference will be held **in-person** in Courtroom 20A at 10:30 a.m. Plaintiffs and the Volant Defendants may respond to the individual defendants' letter no later than 9:00 a.m. on Monday, April 29, 2019.
> SO ORDERED.
>
> Barbara Moses, U.S.M.J.
> April 26, 2019

Re:     *Lek Securities Corporation et ano. v. Nicolas Louis et al.*, No.: 19-cv-02142(RMB/BCM)

Dear Judge Moses,

This firm represents defendants Nicolas Louis and Jonathan Fowler (the "Individual Defendants") in the above-referenced matter. I write to respectfully request that the Court reinstitute the conference currently scheduled for Monday April 29, 2019, as an in-court proceeding as opposed to a telephonic proceeding.

I recognized that this request is inconsistent with the position taken in yesterday's joint letter (ECF Doc. No. 76), where we consented to holding a conference telephonically on the ground that "[b]ecause the production is incomplete, substantive disputes regarding what Plaintiffs may or may not have been [*sic*] produced are not yet ripe."  That is no longer an accurate statement.  This Court's prior instruction was that the conference could be held via telephone *if* there were no disputes.  Now there are.

Since the filing of that letter, I have been able to review the Plaintiffs' *second* interim production.  That volume was produced yesterday at 11:54 am, and became available for my review yesterday afternoon.

Notwithstanding Plaintiffs' assertion that 18 reviewers have spent 645 hours reviewing documents over the past several weeks, in the course of two productions, Plaintiffs have produced only and a handful of documents that are responsive or relevant to the parties' claims and defenses (other than producing back to Defendants hundreds of documents that the Individual Defendants voluntarily produced to Lek Securities' counsel in July 2018).  At the same time, Plaintiffs have produced hundreds of irrelevant and seemingly-arbitrary documents.  Plaintiffs' second interim production from yesterday consists almost exclusively of irrelevant

Hon. Barbara Moses, U.S.M.J.      - 2 -      April 26, 2019

documents, along with a small number documents that are technically responsive, but do not relate to the core of the parties' claims or defenses.

In addition, nearly <u>all</u> documents produced by Plaintiffs to date have been designated as "attorneys' eyes only" under the confidentiality order. The designation is so overused that it makes a document-by-document objection unduly burdensome, especially for expedited discovery.

The Individual Defendants cannot prepare a defense unless the Plaintiffs produce responsive and relevant documents on a timely basis. More importantly, Fed. R. Civ. P. 26(a) requires Plaintiffs to produce the documents in their possession that they base their case on at the outset of discovery, and Plaintiffs have been aware that they would be pursuing this case since February.

To date, other than reproducing those documents that the Individual Defendants voluntarily produced to Lek Securities' counsel in July 2018 (which comprised two-thirds of Plaintiffs' first production here), Plaintiffs have produced the following responsive/and or relevant materials:

- Basic operations manuals prepared by the Individual Defendants, and excerpts of code from 2 programs;
- One email from Samuel Lek to himself regarding a conversation someone else had with Nicolas Louis about his plan to join B. Riley;
- One email regarding an audit of LSC's technology security procedures with attachments requested by the auditor;
- One email indicating that Louis and Fowler were no longer associated with LSC/Rox, and several emails regarding their return of devices and exclusion from internal distribution lists;
- Dozens of automated emails showing that while Jonathan Fowler was working remotely he accessed the LekSec system by VPN;
- Copies of the Individual Defendants' personnel files; and
- Two videos of one conversation between Samuel Lek, Jon Fowler and Charles Lek.

To date, Plaintiffs appear <u>*not*</u> to have produced, among other things:

- Any text messages or non LSC-email of any sort;
- Any communication relating to the Individual Defendants' departure or plan to work at B. Riley (other than the single email referred to above and videos of a single conversation);
- Any documents referring or relating to the Volant Defendants;
- Any documents showing the ownership of any alleged trade secret;
- Any documents referring or relating to Plaintiffs' allegation that it created (and has) the only non-mainframe-based clearing system in the United States;

Hon. Barbara Moses, U.S.M.J.              - 3 -                    April 26, 2019

- Any documents referring or relating license agreement that Plaintiffs have entered to provide their clearing system;
- Copies of restrictive covenants signed by other employees or former employees of Plaintiffs;
- Any documents suggesting that Louis and/or Fowler misappropriated alleged trade secrets or alleged confidential information; or
- Documents that would allow the Individual Defendants to identify the alleged trade secrets Plaintiffs contend that they could inevitably disclose.

However, Plaintiffs' production does contain hundreds of clearly irrelevant documents, including:

- Emails concerning an LSC employee named Louis (other than the defendant);
- LSC's configurations files for five internal router systems, including the company's telephone system;
- Eight copies of LSC's "FIX Specs", which are technical instructions that LSC provides to clients and counterparties to facilitate a connection to LSC's trading platform (and that are unrelated to clearing);
- Documents showing that LSC has expired licenses for antivirus software;
- Numerous securities position lists;
- Emails with a small number of clients regarding daily trade breaks from late 2016 and early 2017;
- Marketing material for the provision of a trading solution to a financial institution in Mexico;
- Scores of native documents relating to the Experian customer-checking system for onboarding new clients (a third-party system);
- Copies of the "easy-to-borrow" list; and
- 54 automated daily emails related to LSC's gate access to various securities markets, including for periods after Louis's and Fowler's departure.

The Individual Defendants advised Plaintiffs of these deficiencies by letter on April 23, 2019. Based upon the Plaintiffs' explanation of their failure to meet April 19 deadline, and their confirmation that a second production would be made on April 25, the Individual Defendants agreed not to raise such issues in yesterday's joint letter. The Individual Defendants' change in position is based upon a review of the second interim production, and the swift recognition that it is just as problematic as the first.

The Individual Defendants believe that judicial attention to these issues is now necessary. Plaintiffs cannot be permitted to maintain a case that causes substantial burden to defend while neither (1) providing the Individual Defendants with access to the evidence Plaintiffs' believe establish their claim, or (2) confirming that no such evidence exists. This is the whole point of Rule 26(a).

The fact that the Individual Defendants must abide by Judge Berman's temporary restraining order while incurring the substantial expense of complying with expedited discovery

Hon. Barbara Moses, U.S.M.J.                   - 4 -                   April 26, 2019

obligations and otherwise defending the case *while* Plaintiffs fail to adhere to the obligations of the expedited discovery that they demanded in their application for temporary restraints, is simply unjust.

       The Individual Defendants provided all counsel with notice of its internet to request that the April 29, 2019 conference be reinstated as an in-person proceeding, and a summary of the basis for the same.  Counsel to the Volant Defendants have consented. Plaintiffs' counsel responded that they believe "it will be much more productive to await completion of our production," and assert that is inappropriate to judge Plaintiffs' production based on the quality of the first two interim productions due to number of documents they are presently reviewing.

                              Respectfully submitted,


                              s/ Robert S. Landy
                              Robert S. Landy
                              Matthew A. Ford
                              Camille Raad*
                              FORD O'BRIEN LLP
                              575 Fifth Avenue
                              17th Floor
                              New York, New York 10017

                              *Counsel to Defendants Nicolas Louis and Jonathan Fowler*


* Admitted in New York State Only