UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEK SECURITIES CORPORATION, et ano.,

        Plaintiffs,

    -against-

NICOLAS LOUIS, et al.,

        Defendants.

19-CV-2142 (RMB) (BCM)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/29/19

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons discussed on the record at the April 29, 2019 status conference, it is hereby ORDERED that:

1. Exchange of Search Terms. No later than the close of business on **April 29, 2019**, the parties shall exchange the list(s) of search terms they have applied or plan to apply in connection with the production of documents in this action.

2. Substantial Completion Deadline. Paragraph 3 of the Court's April 5, 2019 Expedited Discovery and Case Management Order (Dkt. No. 49) is amended as follows:

   No later than **May 3, 2019**, the parties shall:

   a. supplement their Fed. R. Civ. P. 26(a) disclosures to the extent required by Fed. R. Civ. P. 26(e);

   b. produce all responsive documents not objected to or withheld on the basis of privilege; and

   c. serve their privilege logs in compliance with Local Civil Rule 26.2.

   Plaintiffs are advised that failure to meet this (extended) deadline will place them at risk of sanctions.

3. Required Meet & Confer. Between now and the substantial completion deadline set forth above, counsel for the parties shall meet and confer at least twice in real time (*e.g.*, in person or over the phone), for no less than one hour, concerning:

   a. disagreements, if any, regarding the parties' respective list(s) of search terms;

   b. categories of documents any party believes should have been produced but are missing from another party's production;

    c. categories of documents any party believes have been produced notwithstanding their non-responsiveness to any pending discovery request or obligation;

    d. categories of documents any party believes have been over-designated as "attorneys eyes only" under the terms of the Protective Order (Dkt. No. 54); and

    e. any other outstanding discovery disputes.

The attorney or attorneys with the most knowledge of the discovery issue(s) to be discussed shall participate in each meet and confer session.

If and when any party revises the list(s) of search terms that party has applied or plans to apply in connection with the production of documents in this action, that party shall provide the revised list(s) to all other parties.

4. <u>Discovery Conference</u>. Judge Moses will conduct a discovery conference on **May 7, 2019, at 11:30 a.m.**[1] No later than the close of business on **May 6, 2019**, the parties shall submit a joint status letter outlining the progress of discovery to date, including any outstanding discovery disputes requiring judicial resolution, and updating the Court on the parties' settlement efforts, if any. If no discovery controversies exist at that time, the parties may request that the conference be held telephonically.

5. <u>Deposition of Steven Givot</u>. Plaintiffs may, without further leave of Court, arrange for the deposition of non-party Steven Givot (including, if necessary, serving a deposition subpoena on Mr. Givot), using a portion of the 7 hours the Court afforded them to depose Messers. Shin, McCreary, and/or Riley. To that end, paragraph 6(a)(vi) the Expedited Discovery and Case Management Order is amended as follows:

Mr. Shin *and/or* Mr. McCreary *and/or* Mr. Riley *and/or* Mr. Givot (for an aggregate of no more than 7 hours).

Dated: New York, New York
       April 29, 2019                     **SO ORDERED**.

                                            **BARBARA MOSES**
                                            **United States Magistrate Judge**

---

[1] The Court has a jury trial in another matter scheduled to begin on May 8, 2019. In the event that trial does not proceed as scheduled, the Court will advise the parties, who may then request that the discovery conference take place later in the week.